# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

## TAMPA DIVISION

| | |
|---|---|
| SUNLUST PICTURES, LLC,         ) | |
| ) | |
| ) | |
| Plaintiff,    ) | Civil Action No. |
| ) | |
| ) | 8:12-CV-1685-MSS-MAP |
| v.                           ) | *September 12th, 2012* |
| TUAN NGUYEN,        ) | |
| ) | |
| ) | |
| Defendant.   ) | |

## <u>DEFENDANT TUAN NGUYEN'S OMNIBUS MOTION TO DISMISS UNDER LOCAL RULES AND UNDER 12(b)(6) WITH INCORPORATED MEMORANDUM OF LAW</u>

COMES NOW, the Defendant, Tuan Nguyen, by and through the undersigned counsel, and files this Motion to Dismiss, and incorporated memorandum of law, and requests the court to dismiss the complaint of Plaintiff Sunlust Pictures, LLC and states:

## INTRODUCTION

The Defendant moves the court to dismiss the complaint of the Plaintiff for willful violations of a local rule and order of the court, before addressing the cause of action of negligence under 12(b)(6).  Then, the Defendant requests this court strike every single filing of the Plaintiff, for failures under Rule 11(a), F.R.C.P.

Counsel for defendant levies serious charges against the ethics and intent of the parties in this matter, and certifies that every factual matter herein is true by his own personal knowledge as an officer of the court, and most can be supported by full documentation if requested.  Counsel for Defendant has been careful to leave out all matters of speculation, or to attribute them as such.  All information contained herein is relevant due to evidence of bad faith, harassment, and malicious abuse of process under the rules and relevant case law.

## MOTION TO DISMISS FOR WILLFUL AND MALICIOUS VIOLATIONS OF LOCAL RULES

### Willful Violation of MDFL Rule 1.04 and Order at Docket Entry #5

**Relevant Facts of Willfulness and Motivation for Violation of Local Rule 1.04(c)**

*Prenda Law is the Actor*

1. On or about May 8th, 2012, Defendant Tuan Nguyen received a demand letter from Prenda Law, Inc., a then Florida but now Illinois law firm referencing the case of  *Sunlust v. John Does 1-120*, 1:12-cv-20920 (S.D. Fl., Filed March 6th, 2012) and demanding a payment in settlement for alleged copyright infringement.

2. Defendant faxed a letter of representation to Prenda Law, Inc. in Miami, on May 9th, 2012, and offered to waive service of process.

3. On July 30th, 2012, through an act of chance or errant data entry of the Plaintiff, the undersigned counsel received notice of a complaint through ECF against a wholly separate client than the Defendant.

4. The same day, counsel for the defendant e-mailed the Plaintiff's filing attorney and advised him of a previous offer to waive service of process on that unrelated client.[1]

5. On July 31st, the filing attorney in this case discussed the case with me. He advised that he wanted nothing more to do with the case, and that at the direction of Prenda Law, Inc., he filed complaints against three of my clients and was not advised that any of them were represented or that all of them had offered to waive service.[2]

6. Prenda Law, Inc., as an agent of the Plaintiff, purposefully withheld this information from the filing attorney despite the previous offers to waive service in direct conflict with the spirit of F.R.C.P. 4(d).

7. The motivations for this intentional withholding likely resulted from a flurry of complaints filed with The Florida Bar between agents of Prenda Law, Joseph Perea, P.A. [3], and counsel for the Defendant decided in 2011 and 2012 and this lawsuit was filed in an effort to harass counsel and the Defendant.

---

[1] The case that notified counsel for Defendant was *First Time Videos, LLC v. Oppold*, 8:12-CV-1685-MSS-MAP.

[2] It should be noted that the Plaintiffs in all three cases were different, but the filing attorney in all three cases was the same, and all came from original proceedings where Prenda Law appeared and later Joseph Perea, P.A. filed a notice of substitution of counsel.

[3] Prenda Law, Inc., is a registered Florida Corporation, and a registered Illinois Corporation and was until recently comprised of an multijurisdictional partnership between Paul Duffy (Illinois attorney) and Joseph Perea (Florida attorney). After a bar complaint, investigation, and subsequent reorganization, the current structure of Prenda Law is now an ethically questionable multi-state amalgamation of "filing attorneys" tied in some way to Prenda Law in Illinois.

At all times, instructions for settlement require a settlement to or signed off on by Prenda Law. Even after Plaintiff filed the instant case, all negotiations of settlement or dismissal were directed by an agent of Prenda Law, Inc. Undersigned counsel has filed four bar complaints against agents of Prenda Law, Inc. (John Steele twice, Paul Duffy, and Joseph Perea) and one bar complaint was filed by Joseph Perea against Graham W. Syfert, testing his ethics of filing those complaints, accusing him of unlicensed practice of law, threatening to file bar complaints, making unmeritorious claims and defenses, and general misconduct.

8. On July 31st, the Defendant offered up for the Plaintiff to inspect his hard drive and wi-fi setup for evidence of infringement of the Plaintiff's copyright. Plaintiff did not exercise the offer to inspect the hardware of the Defendant but instead chooses to advance this litigation under a theory of negligence.

9. Prenda Law, Inc., now an Illinois law firm, published the Plaintiff's complaint on their website in order to publicly embarrass the Defendant. The Prenda Law website claims that the filing is a product of their law firm stating "Unfortunately, due to space limitations, we are unable to list and provide the link to every individual we are currently suing on behalf of our clients." http://www.wefightpiracy.com/suits-against-individuals.php[4] (last accessed September 4th, 2012).

10. On August 13th, 2012, the Florida Bar grievance committee ruled upon the matter of Perea v. Syfert[5] (the last pending bar complaint out of five exchanged) finding no probable cause, and that same day, the currently assigned attorney for the Plaintiff filed a Motion to Substitute Counsel.

11. Pursuant to Local Rule 1.04, and the order at D.E. 5 on this case, Plaintiff is required to state all related cases.

12. Specifically, the Plaintiff failed to inform the court of *Sunlust v. John Does 1-120*, 1:12-cv-20920 (S.D. Fl.) (hereinafter the Southern District Case) where an order

---

[4] It should be noted that Prenda Law did not officially file the instant action, however the e-mail address of the original complaint in this matter was blgibbs@wefightpiracy.com, a California licensed attorney who lists himself as "of counsel" to Prenda Law. The Illinois law firm of Prenda Law is either taking credit for their own work on their website, or is taking credit for the work of others.

[5] The bar complaint Perea filed against counsel for the Defendant accused him of unlicensed practice of law, making unmeritorious claims and defenses, threatening a bar complaint, and general misconduct.

was issued severing and dismissing all Doe defendants but one, making specific

factual findings, and raising potential defenses of collateral estoppel and issue

preclusion relevant to the case at hand.

*Dodging Previous Findings of Fact and Orders of Court*

13. The related case is one example of the recent many John Doe "bittorrent" lawsuits

which should be familiar within this jurisdiction.

14. Plaintiff Sunlust Pictures, LLC filed the Southern District Case including a count

for copyright infringement, civil conspiracy, and contributory infringement,

against one-hundred and twenty John Doe defendants, claiming joint and several

liability.

15. The previous case included affidavits from Peter Hansmeier[6] of 6881 Forensics,

LLC (a forensic company without any apparent corporate structure or registration)

proffered by the Plaintiff which have a direct and important bearing on any case

that is filed against an individual who had their identity revealed in that case.

16. Plaintiff has added only one count to the instant case, that of negligence, which is

unclear and untenable, but does not give rise to any difference and involves the

same set of facts and circumstances as the Southern District of Florida case.

There can be little dispute that the previous case is not related when it is a pending

matter with issued orders, findings, and affidavits.

---

[6] A historical review of Prenda Law would reflect its origins in a group called Steele|Hansmeier, PLLC who lacked a Florida licensed attorney, yet relocated to Miami, and began hiring Florida counsel to file Florida cases.  In order to save the firm, and its cases, it was sold to Paul Duffy (Illinois attorney) and Joseph Perea (Florida attorney).  Mr. Perea exited Prenda Law in July 2012 but still serves in some sort of "of counsel" capacity for Prenda Law, Inc. collecting debt on their behalf through use of collection letters. The only consistent players throughout this multijurisdictional amalgamation of attorneys are the use of 6881 Forensics (Peter Hansmeier) and Illinois attorney John Steele who stays behind the scenes.

17. On August 21st, after the deadline under the related case order [D.E. 5], counsel for the Defendant e-mailed counsel for the Plaintiff for the purposes of negotiation but included the comment: "*Also, because I noticed that you are somewhat misleading the court, even if just by accident, I just wanted to point out that you have not disclosed the related cases in these matters to the court.  You have a duty to disclose the case in which the identity of my clients was gained in the underlying action.*"

18. The Plaintiff, being aware of the requirement by order of the court, his duty under the local rules, and after a big nudge from opposing counsel, took no actions toward disclosing this previous lawsuit.

19. Counsel for Defendant fully expects the Plaintiff to attempt to blame the absence of reference to this case on some sort of miscommunication between First Time Videos, Prenda Law and Florida attorney Joseph Perea, California attorney Brett Gibbs, Illinois attorney Paul Duffy, the original filing attorney, and their new counsel.  Such arguments should be met with great skepticism as I directly notified the counsel of record of this issue with sufficient facts relevant for his factual investigation.

*ISP Subpoena Early Discovery Loophole*

20. Plaintiff in case *Sunlust v. John Does 1-120*, 1:12-cv-20920 (S.D. Fl.), by way of perversion of process, purposefully and willfully exploit a loophole within the justice system by not issuing subpoenas for subscriber information from the same jurisdiction as the underlying case despite every right to do so.

21. One Doe defendant in that case filed a motion to quash, sever, and dismiss. The defendant was successful in the action and the judge found herself in a position where she was not able to offer redress to those which may have been harmed by Plaintiff's conduct in improper joinder by quashing the earlier subpoenas issued upon Internet Service Providers.

22. Plaintiff specifically practices this method to ensure that they can continue collection efforts after an adverse ruling, counting on the "complaint court's" lack of jurisdiction and review over the acts of the "subpoena court." Those previous names collected are then the assured "property" of the Plaintiff outside of the trial courts jurisdiction.

23. By their exploitation of tactic and rule by the Plaintiff, judicial oversight and regulation of the method of release or use of the identities in the case is decreased.

24. Plaintiff and Plaintiff's agents have repeatedly and consistently used this method of subpoena issuance in other courts and other cases.

25. In this case, despite the Defendant being located in the Middle District, and the case being filed in the Southern District, the subpoena was issued out of the Northern District of Illinois, despite the fact that the ISP could be subpoenaed here in Florida. The subpoenas often have the case number of a Florida case and the heading of another district. When ISP's submit this information to the Defendant it causes one extra level of confusion (which equals more money from settlements). But, the main motivation of subpoenaing wherever they please is to

divest jurisdiction and court review of information gathered in early discovery,

after the subpoena is issued.

*Failure of Information on Certificate of Interested Persons*

26. Defendant also has reason to believe, by way of settlements being negotiated by

agents of Prenda Law, Inc., and amounts being requested to be sent to Prenda

Law, Inc. in Chicago, Illinois, that Plaintiff has further failed to make adequate

disclosure as to their certificate of interested persons. *[D.E. 10]* (omitting the

name of any law firm or any corporation which may have an interest in this case,

including 6881 Forensics, LLC, Prenda Law, Inc., Joseph Perea, P.A., or of

current counsel) Counsel for Defendant, is without sufficient evidence of how the

settlements and agreements in these cases are apportioned.   Prenda Law states on

their website at www.wefightpiracy.com: "Because our clients do not pay any

fees until and unless there is money recovered (by settlement or verdict), the

contingency fee arrangement is almost always more cost-effective for the client."

27. Defendant has further reason to believe, but on less than solid evidence, that the

hash value (the often called "fingerprint") relating to the work, Sunny Leone –

Goddess, at issue here, is identical to cases filed in the Illinois Northern District

Court (75 does), (1:12-CV-01546) Texas Southern District Court (75 does) (4:12-

CV-00695), in Colorado District Court (approximately 1380 or more does), (1:12-

CV-00656).

**<u>Dismissal as Sanction</u>**

A Plaintiff's actions must rise to the type of "evidence of bad faith" or "maliciousness" to warrant dismissing an action as an appropriate sanction. *Chipman v. Whelan*, Case No. 2:10-cv-321-FTM-29DNF, (M.D. FL Order Sept 21, 2011) referencing *Williams v. Brown*, 347 F. App 429, 433 (11th Cir. 2009.) *Chipman* goes on to explain:

> "The Eleventh Circuit recognizes that dismissal of a complaint for plaintiff's perjury on the complaint form in response to the question of the existence of prior lawsuits filed is an appropriate sanction. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), abrogated on other grounds, *Jones v. Bock*, 549 U.S. 199 (2007)."

Defendant claims that the actions of Prenda Law, the Plaintiff, and other agents of the Plaintiff above, were malicious and show great evidence of bad faith deceit in maintaining this action in face of the previous case without disclosing the case to the Court, exacerbated by the adverse rulings of the court below. Prenda Law, Inc., either purposefully withheld this information from both the filing attorney and the current counsel[7], or this was the direct error of the current counsel in spite of specific court order and notification from another attorney. Prenda Law has instituted this suit for the purposes of harassment as revenge for bar complaints, or was at least motivated to do so for the purposes of harassment of counsel and the Defendant. The overall pattern of Prenda Law shows maliciousness in the gaining of potential targets for debt collection. The instant suit was one of three otherwise disconnected clients and the only connection in all three cases is the activity of Prenda Law, Joseph Perea, P.A. and their hiring of local counsel for those three clients.

---

[7] Counsel for Defendant firmly believes that both local counsels charged with knowing the local rules were duped into accepting these cases by attorneys claiming to be quite skilled in Federal Practice who would handle all paperwork and make them some money.

Plaintiff, or their agents, had malicious intent in failing to inform the court of the previous matter.  In the previous matter, judicial factual findings were put forth which relate directly to the civil conspiracy claims, and may also have the effect of issue preclusion in many matters.  Plaintiffs also intended to hide from the court the affidavits of their expert from Peter Hansmeier d/b/a, 6881 Forensics, LLC, filed in the previous case, which have direct relevance to the issues in this matter.

Prenda Law has taken actions to claim this case as their own, despite a different designation of a filing attorney, acting maliciously in including the same on their website, attempting with great Google rank, to publicly embarrass the Defendant.  It should be noted, however, that this case is likely also the direct action of Prenda Law, and not so much a direct action of the attorneys now appearing and filing these actions.

Avarice has blinded counsel of the Plaintiff from the human aspect of litigation. Whether the numbers that light up their eyes are IP addresses or dollar amounts, the agents of the Plaintiff have consistently side stepped historical barriers of ethics within their efforts to just open up shop Miami and employ Florida attorneys to take advantage of Florida's pure bill of discovery.  They have consistently violated notions of fair play and substantial justice, denying defendants due process and access to courts through multi-state practice and likely unethical fee splitting due.  They consistently attempt to confuse the process for attorneys, judges, and most importantly Defendants.

**Conclusion**

The omission of a material fact compelled by court order is tantamount to perjury. Knowingly hiding from previous rulings and affidavits is an act of deception, formulated

in a spirit of maliciousness, to harass counsel and his Defendant as retaliation.  It is clear

that the Plaintiff is uninterested in whether the Defendant committed copyright

infringement, but is instead interested only in his liability.

**Claim for Relief**

The Defendant moves and requests that this honorable court dismiss the

Plaintiff's complaint as a sanction for knowingly, willfully, and maliciously violating

Rule 1.04, and the order of this court, for attorney's fees, and such other relief as the

court deems necessary and proper.

## MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION
## UNDER 12(b)(6)

Plaintiff is attempting to use the Florida State Law cause of action of negligence

to pursue a claim against the Defendant for copyright infringement the Plaintiff alleges

came from his internet connection, attempting to thrust upon him uncommon liabilities

for the acts of others.  When a friend, relative, or neighbor uses a subscriber's wireless

internet connection, even if unbeknownst to them, for copyright infringement, the

attorneys for the Plaintiff desperately want to be able to demand money from the internet

subscriber, and therefore bring this action for negligence.

**Standard of Law**

A complaint may be dismissed under Rule 12(b)(6) if it appears beyond doubt

that the plaintiff can prove no set of facts in support of the claim that would entitle him to

relief.  *Hishion v. King & Spalding*, 467 U.S. 69, 73 (1984). A *pro se* plaintiff must set

forth enough factual allegations to "nudge[] their claims across the line from conceivable

to plausible," or "their complaint must be dismissed" for failing to state a claim upon

which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70

(2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)

      Plaintiff's count of negligence fails because it preempted by copyright law.

<u>Copyright Preemption</u>

While no direct law on point exists in the 11th Circuit regarding whether copyright

preempts a common law action of negligence for an alleged infringement for this exact

scenario, the overarching issue of Federal pre-emption of state law has been decided in

the Eleventh using the extra element test.  *Lipscher v. LRP Publications*, 266 F. 3d 1305,

1312 (11th Cir. 2001).

A number of courts have found that negligence causes of action are preempted by

copyright law and that the alteration of the required mental state does not add a legally

cognizable extra element. *See, e.g. Felix the Cat Productions v. New Line Cinema*, 2000

WL 770481 (C.D. Cal. April 28, 2000)("Recharacterizing Plaintiff's copyright claim as

one for negligence does not add an additional element"); *Publishers v. High Tech. Sys.*,

1997 U.S. Dist. LEXIS 22512 at * 15 (S.D. Cal. Jun 18, 1997) (preempting Plaintiff's

negligence claim, and noting "The only possible basis for a duty to protect another from

copyright infringement – if such a duty can exist – is in copyright law; thus the alleged

existence of a duty is not an 'extra element'"); *Gary Friedrich Enterprises, LLC v.

Marvel Enterprises, Inc.*, 713 F.Supp.2d 215 (S.D.N.Y. 2010) (negligence claim under

either New York or Illinois law was properly preempted by Copyright Act §301);

*Bridgeport Music, Inc. v. 11C Music, et. al.* 154 F.Supp.2d 1330 (M.D. Tenn., 2001)(negligence claim preempted by Copyright Act despite elements of 'duty' and 'breach'.); *Marvullo v. Gruner + Jahr AG & Co.*, 2001 WL 40772, at *7 (S.D.N.Y. Jan. 17, 2001)(photographer's negligence claim simply restates copyright infringement claim); *Drum Major Music v. Young Money Entertainment*, 2002 WL 423350 (S.D.N.Y. Feb. 7, 2012)(negligence claim preempted by Copyright Act). [8]

The work at issue is a pornographic motion picture within the subject matter of copyright as defined by 17 U.S.C. §102. In addition, Plaintiff seeks to protect rights that are identical to the rights protected by Copyright Law and Plaintiff is incapable, in fact, of asserting any right to relief without reference to these exclusive rights. Based on the foregoing, it is clear that Plaintiff's negligence claim against Defendant is preempted by 17 U.S.C. § 301.

Plaintiff's negligence claim against Defendant is preempted and the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a legal theory entitling Plaintiff to relief.

<u>Threadbare Duty</u>

The District Court for the District of Hawaii has recently considered a negligence claim in the BitTorrent context and concluded that the "allegations in the FAC are not

---

[8] This string citation was borrowed with the permission of Nicholas Ranallo, Esq., of California, who represented a case on behalf of a client sued by California attorney Brett Gibbs (of counsel to Prenda Law, Inc.) in a suit involving a single count of negligence as some sort of test case in order to avoid having to cope with the attorneys fees award available under copyright law.

Mr. Ranallo's 25 page motion to dismiss a single negligence count based upon the same fact pattern was recently granted in *AF Holdings v. Hatfield*, 4:12-cv-02049-PJH (N.D. Cal. Order, Dated September 4th, 2012, Docket #26) with the Plaintiff being represented by Prenda Law.

sufficient to state a claim of negligence on the ground nowhere in the  does Plaintiff assert any specified legal duty in connection with its negligence claim. Further, Plaintiff has not cited, nor has this Court found, any case law with analogous facts from which the Court could conclude that the Defendants owed Plaintiff a general duty to secure their internet connections." *Liberty Media Holdings v. Swarm*, No. 11-00262-DAE-RLP (D.E. 66 - Order Granting in Part and Denying in Part Defendant Hatcher's Motion to Dismiss…)(D. Haw. January 30, 2012). *See also*, *Liberty Media Holdings v. Swarm…and Does 1-62*, 2011 WL 1869923 (S.D. Cal. May 12, 2011). On motion for expedited discovery, Court determined that Plaintiff's cause of action for negligence could not withstand a motion to dismiss).

Plaintiff herein has offered nothing more than a threadbare assertion that Defendant Nguyen had a duty to secure his internet connection and/or monitor his internet, entirely devoid of any factual support for the proposition. Thus, assuming arguendo that negligence is not preempted, Plaintiff's cause of action for negligence must nonetheless be dismissed for failing to allege sufficient factual basis to support the claim.

**In Conclusion on Negligence**

Any factual support of the proposition would impose upon any Defendant the technical expertise to encrypt their wireless internet connection, sniff their own internet traffic, and continually monitor their network for hackers and intruders.  In short, the duty described by the Plaintiff, if elaborated on, must impose a technical expertise upon a lay person.  In total, the theory cannot be nudged from conceivable to probable.

**Claim for Relief**

The Defendant moves and requests that this honorable court dismiss the Plaintiff's complaint for a failure to state a cause of action pursuant to Rule 12(b)(6) or in the alternative, that the Plaintiff's complaint be made more definite and certain to state a cause of action for negligence.

## MOTION TO STRIKE ALL PAPERS AND PLEADINGS PURSUANT TO LOCAL RULE 1.05(d) AND FRCP RULE 11(a)

The signature on the complaint is sufficient in form, but insufficient in application under rule 1.05(d) which states "All pleadings . . . and other papers tendered by counsel for filing shall be *signed personally by counsel*, as required by Rule 11, Fed.R.Civ.P." (emphasis added). Evidence likely exists that each and every document in this case filed by the Plaintiff was reduced to PDF format by attorneys, other than those appearing in this case, on computers previously owned by Steele|Hansmeier now owned by Prenda Law, Inc.

*Drafting of Documents*

28. Based upon information and belief but without opening or even inspecting the PDF documents filed in this case, all or most of the documents filed within this case by the Plaintiff were both drafted and placed into final form by agents of Prenda Law without any attribution (aside from the blgibbs@wefightpiracy.com, an e-mail belonging to Brett Gibbs, California attorney, on the face of the complaint).  This fact was deduced based on a very simplistic and non-thorough forensic examination conducted by current counsel of other filings in other cases,

reflecting evidence of the computers used throughout the cases.   Defendant is

without the original digital copies of the filings to inspect in this matter.

29. If the court should find sufficient cause to investigate further:  On strictly a hunch,

Defendant would request that the Court inspect the ECF system to see if Florida,

California, or Illinois IP addresses were responsible for logging into the ECF

system, and uploading the documents to the Florida courts, or whether it was a

secure VPN (i.e. boxXXX.bluehost.com, MullVad VPN, or Regus Virtual Office)

reflecting the activity of Illinois attorney John Steele and/or Prenda Law, Inc..

Because it was in a fixed form prior to the multi-state shuffle between Illinois,

Florida, and/or California, no attorney licensed within the State of Florida has personally

signed the complaint in this matter, as it was in a fixed form when it was presented either

to that attorney or directly uploaded into the ECF system by those out-of-state attorneys

without review of local counsel.  Defendant would not know, without review of the IP

addresses associated with those filings, whether the truth is that each one was presented

to local counsel for their filing and approval, or whether it was filed directly by a

California, Illinois, or a Florida attorney.

WHEREFORE, if this case is not dismissed under other motions, the Defendant

requests that every document filed by the Plaintiff not personally signed as struck for

lacking the required personal signatures under rule 1.05(d) and Rule 11(a).

## MOTION TO STRIKE COMPLAINT PURSUANT TO LOCAL RULE 1.06(b)

Plaintiff seeks injunctive relief, yet fails to state such in the title of their complaint

in disagreement with rule 1.06(b).  The Defendant also asserts that the injunctive relief

sought is logically well beyond the scope of the ability of Defendant and should be struck as a matter of common sense.

If the court does not dismiss under the other arguments presented here, the Defendant requests that the court strike the pleading for failure to comply and force a more definite statement as to the Plaintiffs request for equitable relief.

Dated this 12th day of September, 2012.

Respectfully submitted,
Graham W. Syfert, Esq.,P.A.

By: s/Graham W. Syfert
    Graham W. Syfert (39104)
    Trial Counsel
    FL/GA Attorney at Law
    1529 Margaret St, Unit 2
    Jacksonville, FL 32204
    Phone: (904) 383-7448
    Fax: (904) 638-4726
    graham@syfert.com

I HEREBY CERTIFY, that a true and correct copy of the foregoing was sent by e-mail this day, to attorney for the Plaintiff, Matthew Wasinger, Esq., mattw@wasingerlawoffice.com, this 12th of September, 2012.

By: s/Graham W. Syfert
    Graham W. Syfert (39104)

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

**TAMPA DIVISION**

| | |
|---|---|
| SUNLUST PICTURES, LLC,  ) | |
| ) | |
| ) | |
| Plaintiff,  ) | Civil Action No. |
| ) | |
| ) | 8:12-CV-1685-MSS-MAP |
| v.  ) | |
| ) | *September 18th, 2012* |
| TUAN NGUYEN,  ) | |
| ) | |
| ) | PROPOSED ORDER |
| Defendant.  ) | |

## ORDER ON DEFENDANT TUAN NGUYEN'S OMNIBUS MOTION TO DISMISS

THIS MATTER, having come before this court on an omnibus motion to dismiss filed by defendant Tuan Nguyen, and the court, having read the papers of the parties and carefully considering their arguments, the court finds that the motion is GRANTED:

Defendant in this matter filed an omnibus motion to dismiss for willful violations of the local rules by failing to disclose previously related cases, and gave sufficient factual basis for the court to conclude upon those findings.  Based upon this compelling reasons behind the dismissal, the Court need not address the Defendant's 12(b)(6) motion on the action of negligence.

This Court specifically finds that the Plaintiff took actions evidencing a knowing violation of the order of the court [D.E. 5] by failing to disclose previous related cases. Based upon the foregoing, the sanction of dismissal is an appropriate remedy.

In accordance with the foregoing, the Plaintiff's complaint is DISMISSED with prejudice.

IT IS SO ORDERED

_____
United States District Judge

cc: Counsel of Record