# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| SUNLUST PICTURES, LLC, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| ) | 8:12-CV-1685-MSS-MAP |
| v. ) | |
| ) | *December 4th, 2012* |
| TUAN NGUYEN, ) | |
| ) | |
| ) | |
| Defendants, ) | |

## DEFENDANT TUAN NGUYEN'S MOTION FOR SANCTIONS AGAINST ATTORNEY MATTHEW WASINGER

With leave of the court being granted *sua sponte* at the hearing on November 27th, 2012, the Defendant files this Motion for Sanctions against attorney Matthew Wasinger for his absence at the hearing scheduled on that date, and states:

### Scope of Authority to Enter Sanctions for Missing a Hearing

Pursuant to F.R.C.P. Rule 83, a judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072, and 2075. See F.R.C.P. 83(b) (2011). For his absence at this hearing, whether willful or unintentional, this court has the inherent authority to issue sanctions against Mr. Wasinger, to reprimand him, find him in contempt, and/or to prohibit him from practicing for a limited time before this court. Woodham v. Amer. Cytoscope Co. of Pelham, 335 F.2d 551, 557 fn. 15 (5th Cir. 1964).

<u>Brief Analysis of the Activities of Plaintiff's Counsel</u>

Counsel for Defendant is a practicing lawyer who is not without error, and has sympathy for his mistaken interpretation of the court order and his motions to withdraw pending in multiple Prenda Law cases. However, the court order presented to Mr. Wasinger clearly stated that the matter on his withdraw would be taken up at the hearing on this case. (D.E. 21)

<u>Request for Sanctions</u>

Despite the fact that he has previously denied that he was duped (D.E. 26) into accepting these cases, Defendant believes that he was at least coaxed into his current position by Prenda Law, and that he failed to make a reasonable inquiry upon engaging in representation of "Prenda Law" and by proxy, Prenda Law clients. He also failed to review orders of this court in relationship to federal cases that he was handling on behalf of his client.

<u>Monetary Sanctions</u>

Counsel for Defendant expended extra attorney hours by reviewing additional material for the hearing based upon Mr. Wasinger's expected appearance. Defendant's attorney bills at a rate of $250.00 per hour and expended approximately 2 hours of additional hearing preparation devoted to the involvement of Mr. Wasinger, his activities with Prenda Law, and the preparation of the documents in this case. Defendants counsel had four hours of drive time to the hearing, and four hours in return. Preparation of this motion and deciding a course of action, as well as attempts to settle the matter of sanctions has taken the counsel for Defendant 3.6 hours of phone consultations with

opposing counsel, preparation, and research.  This motion for sanctions took 2+ hours to draft, edit, and finalize.

### Request of Offer of Non-Monetary Sanctions

Throughout representation of the Defendant, counsel has begged answers for simple questions regarding the involvement of actors of Prenda Law.  The questions asked relate to whether or not he has ever spoken directly with his clients, and therefore whether he has ever conveyed settlement offers in this case, how he came to be involved, how he was approached on these cases, and how he was instructed to handle matters of discovery, especially those disclosures required under rule F.R.C.P 26(a)(1)(A).

There is a very high rate of turnover in Prenda law cases of local counsels in the State of Florida and the various other United States.  Some of these matters are with questionable corporation names such as Ingenuity 13 and AF Holdings, who for all practical purposes seem to lack any indication of purported principal.

Numerous attorneys have been employed in states all over the country, with this same model of representation provided by Prenda Law in this matter.  Some of these "local counsel" attorneys are hired, and Prenda Law handles their paperwork in both State and Federal courts and likely splits the associated fee.  Mr. Torres stated that he answered an ad for Prenda Law looking for local counsel coverage.  Defendant believes that all these attorneys are victims of Prenda Law and John Steele.

### Defendant's Concession

Defendant would rather see the abusive and deceitful patterns of Prenda Law terminated than be awarded monetary sanctions.  Because this is not within the power of Mr. Wasinger to provide, as his relationship with Prenda Law appears somewhat soured

and he was often kept in the dark on issues, counsel for Defendant is without remedy that would seem to provide adequate satisfaction. Defendant would be displeased with the effects that any traditional punishment might have on the practice of Mr. Wasinger except for minor monetary sanctions.

It is the hope of Defendant's counsel and Defendant, by this motion, that a similar line of questioning to the one presented by the Court to Mr. Torres would clarify Mr. Wasinger's position in this case. By requiring answers to these questions, Defendants counsel hopes that the responses serve as a warning to other potential "local counsel" representatives of Prenda Law to caution themselves in representing Plaintiffs in Federal Court without a reasonable disclosure of the facts surrounding the cases that they are accepting and ability to adequately protect the interest of their clients.

Specifically, the Defendant would like the court compel, under oath the answers to the following questions:

1) Have you ever had an in person or over the phone conversation with Sunny Leone or Daniel Weber?

2) Did you ever try to contact the principals of Sunlust through Prenda Law, and if so, what did those agents tell you about communicating with your client?

3) Have you ever spoken to or exhcnaged e-mailed with John Steele?

4) Have you ever spoken to or exchanged e-mails with Paul Duffy?

5) What percentage of recovery was promised to you for an award in this case, and what percentage was to be paid to Prenda Law?

6) How much was to be paid to the client?

7) When you received a check for your fee in settling a Prenda Law case, who was it signed by?

8) What address and business name or personal name is/was on that check?

9) What is the name of the account on that check (i.e. Prenda Law Operations, Prenda Law Trust, Paul Duffy Trust, Steele Law Firm Trust, etc.) and what institution was it drawn on?

10) Were your actions in the Nguyen case at any time directed by any another person than Brett Gibbs (including Joseph Perea, Paul Duffy, John Steele, Mark Lutz, or any other person)?

11) Who composed the original drafts of the materials filed in the Nguyen case while you were counsel?

12) Did you ever ask to see the evidence which supposedly shows copyright infringement and have you seen that evidence?

13) Have you ever talked to anyone with the last name Hansmeier concerning Prenda Law cases?

14) Explain the circumstances around how you came to be hired by Prenda Law, whether you responded to one of their ads or how they responded to one of your ads, including the exact date that you were hired, and who did the hiring.

WHEREFORE, the Defendant requests that this court compel Mr. Wasinger to answer questions regarding his representation of Prenda Law or in the alternative to pay monetary sanctions of in the range of $500-$3400, or for such other relief as this court deems necessary and proper.

Dated this 4th day of December, 2012.

                    Respectfully submitted,
                    Graham W. Syfert, Esq.,P.A.

                    By: s/ Graham W. Syfert
                        Graham W. Syfert (39104)
                        Trial Counsel
                        FL/GA Attorney at Law
                        1529 Margaret St, Unit 2
                        Jacksonville, FL 32204
                        Phone: (904) 383-7448
                        Fax: (904) 638-4726
                        graham@syfert.com

   I HEREBY CERTIFY, that a true and correct copy of the foregoing was sent by e-mail this day, to attorney for the Plaintiffs, Matthew Wasinger, mattw@wasingerlawoffice.com, this 4th of December, 2012.

                By: s/ Graham W. Syfert
                  Graham W. Syfert (39104)

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

**TAMPA DIVISION**

| | | |
|---|---|---|
| SUNLUST PICTURES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| | ) | |
| | ) | 8:12-CV-1685-MSS-MAP |
| v. | ) | |
| | ) | |
| TUAN NGUYEN, | ) | |
| | ) | |
| | ) | PROPOSED ORDER |
| Defendant. | ) | |

**ORDER ON DEFENDANT TUAN NGUYEN'S MOTION FOR SANCTIONS**

THIS MATTER, having come before this court on Defendant's motion for sanctions against Matthew Wasinger for his absence at the November 27th hearing, and having read the papers of the parties and being fully informed of the premises finds that any objections made Attorney Matthew Wasinger of attorney-client privilege would not apply to the questions posed in Defendant's Motion for Sanctions.

IT IS THEREFORE ORDERED, that within 30 days of the date of this order, attorney Matthew Wasinger shall answer the Defendant's questions numbered 1-14 contained within Defendant Tuan Nguyen's motion for sanctions with candor and under oath, signed with a pen, and notarized. This document shall not be required to be filed in this action, but shall be served on opposing counsel.

IT IS FURTHER ORDERED that if the answers served upon the counsel for the Defendant lack candor, the Defendant shall file an application for sanctions indicating the responses and the deficiencies.  In the event this Court finds that Mr. Wasinger does not answer with candor and truthfulness, sanctions shall issue in the amount of $500.00.

In the event that Defendant counsel's certifies non-compliance with the terms of this order, the court shall issue sanctions in the amount of $3400.00 against Matthew A. Wasinger and Wasinger Law Office, PLLC.

IT IS SO ORDERED

_____
United States District Judge Mary S. Scriven

cc: Counsel of Record