UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUNLUST PICTURES LLC,

       Plaintiff,                                  Case No. 8:12-CV-01685-MSS-MAP

      v.

TUAN NGUYEN,

       Defendant.
_____/

## MATTHEW T. WASINGER'S RESPONSE TO DEFENDANT'S MOTION FOR SANCTIONS AGAINST ATTORNEY MATTHEW WASINGER AND RENEWED MOTION TO WITHDRAW AS COUNSEL FOR THE PLAINTIFF

    I, Matthew T. Wasinger, hereby file this Response to Defendant's Motion for Sanctions against Attorney Matthew Wasinger for the undersigned's absence at a November 27, 2012 hearing, and states:

### FAILURE TO APPEAR WAS UNINTENTIONAL

    As mentioned in the undersigned's Notice of Inadvertent Failure to Appear by Matthew Wasinger filed November 27, 2012 (D.E. 27), the undersigned's failure to appear at the November 27, 2012, hearing was completely inadvertent and an unintentional mistake, and was not done in bad faith. I had filed an unopposed Motion to Withdraw and an Unopposed Motion to Extend Time with the Court on November 8, 2012 (D.E. 19) after advising and coordinating with Mr. Syfert my intention to withdraw as local counsel for the Plaintiff and its California counsel, Prenda Law.

    Mr. Brett Gibbs, attorney for Prenda Law, informed me the following day that Mr. Jonathan Torres, Esquire, had agreed to replace the undersigned as local counsel in all eight (8) open cases. As such, on November 12, 2012, a Motion to Substitute Counsel was filed in all

1

eight cases that were open with Prenda Law which included, in addition to this case, Case Numbers 8:12-cv-01693; 8:12-cv-01692; 8:12-cv-01691; 8:12-cv-01690; 8:12-cv-01689; 8:12-cv-01688; 8:12-cv-01686 (which was transferred to Orlando: 6:12-cv-01493).

Orders were entered granting the substitution of counsel in 8:12-cv-01693 (D.E. 12), 8:12-cv-01688 (D.E. 12), 8:12-cv-01689 (D.E. 12) on November 13, 2012, with Orders entered granting the substitution of counsel in 6:12-cv-01493 (D.E. 25) and 8:12-cv-01692 (D.E.15) on November 14, 2012; and Orders were entered granting substitution of counsel in 8:12-cv-01690 (D.E. 13) and 8:12-cv-01691 (D.E. 12) on November 16, 2012.  See, Exhibit A-Collection of Copies of Orders from Other Cases and Exhibit B-This Court's Order postponing Decision Until Hearing.  These Orders all arrived on my computer around the same time, specifically this Court's Order postponing the decision on the pending motion to withdraw and for extension of time (D.E. 21) was entered and arrived on the dame date as three court orders granting the the Motion to Substitute Counsel in case numbers 8:12-cv-01693 (D.E. 12), 8:12-cv-01688 (D.E. 12), 8:12-cv-01689 (D.E. 12).  The undersigned believed, albeit mistakenly, that this Court's Order also granted substitution of counsel as had been the case with the 7 other cases.  This mistake was further compounded by the fact that substitute counsel, Mr. Torres, filed a Notice of Appearance on behalf of the Plaintiff on November 16, 2012 (D.E. 22).

Based on the foregoing, the undersigned mistakenly believed that he was not required to appear for the November 27, 2012 hearing.  In fact, the undersigned believed that he had successfully withdrawn completely from all cases involving Prenda Law, and had no further contact with Mr. Gibbs from Prenda Law regarding the case or hearing, until after the November 27, 2012 hearing, when I called Mr. Gibbs to determine what had occurred.  Mr. Gibbs informed me about what had happened, and assured me that that Sunlust understood and fully believed my

non-appearance at the hearing before this Court was an unintentional mistake. Again, the undersigned did not have any involvement with the parties that appeared on behalf of the Plaintiff and Prenda Law for the purposes of the hearing, and did not participate in any way in preparing the Plaintiff's position for the hearing. As far as the undersigned understood, Mr. Torres was counsel for Sunlust and would fully responsible for attending and representing the plaintiff at the hearing.

As such, although the undersigned recognizes his error in not appearing at the hearing, which, once again was unintentional, no one, especially the defendant and his counsel, was prejudiced in any way as a result of my error and inadvertent failure to be present as required by this Court's order. Nor is there any evidence that my inadvertent failure to attend the hearing along with Mr. Torres was done in bad faith, for the purposes of gaining any tactical advantage, or to delay the proceedings. The undersigned would never intentionally miss a hearing of any kind for any reason, and profusely apologizes for any inconvenience this caused the Court. The undersigned meant no disrespect to this Court or to the Court's Order. I have never missed a court hearing in any case in the past, and I am deeply remorseful for having inadvertently done so in this case.

The Motion for Withdraw and Substitution of Counsel was made in good faith. Both the Plaintiff and Mr. Syfert were aware that the undersigned had been trying to withdraw dating back to October 3, and 16th, 2012 respectively. This is further evidenced by the Unopposed Motion to Withdraw filed by the undersigned that noted opposing counsel had agreed to stay all discovery for 30 days in order for the Plaintiff to retain new counsel. Once again, there is no evidence that the undersigned's failure to appear was intentional or in bad faith, or that anyone, especially the

defendant and Mr. Syfert, suffered any prejudice of any kind and in any way. Therefore, the Motion for Sanctions should be denied.

## MONETARY SANCTIONS NOT WARRANTED

It is respectfully submitted that monetary sanctions in this case are not warranted against the undersigned. While the monetary sanction is normally limited to reasonable attorney's fees and expenses, the court must also consider other factors in arriving at an "appropriate sanction." Rule 11, Fed.R.Civ.P. The appropriate sanction should be the least severe sanction adequate to deter and punish the plaintiff. Sussman v. Salem, Saxon and Nielson, P.A., 150 F.R.D. 209, 215 (M.D.Fla. 1993); Cabell v. Petty, 810 F.2d 463, 466–467 (4th Cir.1987).  While the undersigned apologizes once again for the inadvertent absence from the hearing, Opposing counsel suffered no prejudice by the undersigned's failure to appear, as he ultimately received what he wanted, which was a dismissal of the action. Moreover, the Plaintiff was represented by counsel at the hearing as an appearance was entered by Mr. Torres on their behalf.  Also, once again, the undersigned did not participate in preparing for the hearing in any way.  As such, there was no prejudice to anyone and thus no monetary sanction would be appropriate.  Further, given the undersigned's practice is still in its infancy (officially open in March of 2012) any monetary sanctions would result in a severe hardship for the firm.

None of this is meant to suggest that the undersigned's absence at the hearing was not mandatory, as it was clearly required by this Court's Order.  Exhibit B (D.E. 21).  However, it merely underscores the lack of prejudice to opposing counsel and the Plaintiff, especially as the answers provided by Mr. Torres to the Court regarding his association with Prenda Law and the Plaintiff would have been essentially the same as the undersigned counsel.

Initially, the undersigned relied in good faith on the representations made by Prenda Law and Brett Gibbs, an attorney licensed by the California Bar regarding the case and other cases. As the case(s) moved forward, and after multiple conversations with opposing counsel regarding the instant case, and the undersigned's many concerns the practices of Prenda Law, I felt it was best I withdrew to avoid any potential issues. On October 3, 2012, I sent an email to Mr. Gibbs advising him of my intention to withdraw from all cases associated with Prenda Law and end my local counsel relationship with the firm and advised I would give them time to find new counsel, which did not occur until Mr. Torres agreed to take over. However, based on the the November 27, 2012 hearing transcript, it is now blatantly clear that I was mislead by Prenda Law regarding the overall handling of this case.

Notwithstanding Mr. Torres subsequent Motion to Withdraw, there was no prejudice to Mr. Syfert as there was counsel for the Plaintiff, Mr. Torres, and the defendant, through Mr. Syfert, ultimately received a dismissal based on his Motion to Dismiss.

Therefore, as no prejudice to the defendant and his counsel can be shown that would warrant monetary sanctions given the circumstances surrounding the undersigned's completely unintentional failure to appear, the undersigned would respectfully request the request for any monetary sanctions be denied.

<u>DEFENDANT'S CONCESSION</u>

The undersigned is willing to answer the questions set forth by Mr. Syfert in his Motion upon Order by the Court and a finding of this Court that answers to these questions would not violate any potential ethical duty to Sunlust Pictures. The undersigned would truthfully answer any questions as directed by the Court under oath. However, the undersigned is concerned about Mr. Syfert's request to leave open the possibility of a $500.00 monetary sanction if he is not

satisfied with the answers. Since the answers would be provided under oath, it is respectfully requested that the Court denies this request.

## CONCLUSION

WHEREFORE, the undersigned counsel respectfully requests this Court deny the Defendant's Request for Monetary and Non-Monetary Sanctions against him as the undersigned did not intentionally fail to appear at the November 27, 2012 hearing, and neither the defendant nor his counsel suffered any prejudice as a result of this inadvertent error by the undersigned.

## **RENEWED MOTION FOR WITHDRAWAL AS COUNSEL FOR THE PLAINTIFF**

Matthew T. Wasinger, former counsel for Plaintiff, SUNLUST PICTURES LLC, again hereby moves the Court pursuant to Rule 2.03, Local Rules, Middle District of Florida, for an order permitting him to withdraw as counsel of record for Plaintiffs in this action.

As grounds for this Motion:

1. I have been counsel for the Plaintiff since August 13, 2012. Now, I wish to renew my motion to withdraw as counsel for the Plaintiff that was originally filed on November 8, 2012.

2. This renewed Motion to Withdraw, as was the initial Motion, is made in good faith and the undersigned counsel has good cause to make this motion, as the undersigned has significant concerns of the operation of Prenda Law that prevent the undersigned from continuing to represent the SUNLUST PICTURES, LLC in good faith, and as a result require him to withdraw in accordance with Rule 4-1.16(a) of the Florida Rules of Professional Conduct.

3. Because this case has been dismissed, and a Motion for Sanctions has been brought against the undersigned individually, and separately against the Plaintiff and Prenda Law representatives, the undersigned cannot in good faith continue to represent the Plaintiff with regard to any further issues in this claim as there is now a clear conflict of interest. Further,

given the dismissal of the Complaint, the Plaintiff will not be prejudiced by the undersigned withdrawing from this action and Counsel's withdrawal will not unreasonably delay the progress of this action. The undersigned has informed Prenda Law Firm of the time limitation for seeking to set aside the dismissal order and/or to appeal that order.

4. Pursuant to Local Rule 2.03, Plaintiff and opposing counsel have had the requisite notice of Counsel's intention to withdraw prior to the filing of this motion.

5. Pursuant to Local Rule 3.01(g), the undersigned counsel has attempted to confer with counsel of record for all parties, and Opposing Counsel had been contacted and previously had no objections.

6. This renewed Motion is made in good faith and not for the purposes of delay.

## CONCLUSION

For the reasons set forth in this motion, Counsel respectfully request that the Court enter an Order allowing the undersigned to withdraw as counsel for the Plaintiff.

DATED: December 5, 2012

### Oath and Affirmation

I declare under the penalty of perjury pursuant to 28 U.S.C §1746 that the foregoing are true and correct.

Respectfully submitted,

By: /s/ Matthew T. Wasinger
Matthew T. Wasinger (Bar # 57873)
WASINGER LAW OFFICE, PLLC
605 East Robinson Street, Suite 730
Orlando, FL 32801
Phone: 407-850-8406
Email: mattw@wasingerlawoffice.com

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of December of 2012, I electronically filed the foregoing document with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to the following: all parties of record.

I further certify that I have provided a copy of this motion and the notice of electronic filing to the following by hand/mail/fax or e-mail to non CM/ECF participants:

Prenda Law Inc.
c/o Brett Gibbs, Esquire
38 Miller Avenue, #263
Mill Valley, CA 94941
415-341-5318
blgibbs@wefightpiracy.com

Sunlust Pictures, LLC
c/o Brett Gibbs, Esquire
38 Miller Avenue, #263
Mill Valley, CA 94941
415-341-5318
blgibbs@wefightpiracy.com

/s/ Matthew T. Wasinger
Matthew T. Wasinger