# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# TAMPA DIVISION

| | |
|---|---|
| SUNLUST PICTURES, LLC,         ) | |
|         ) | |
|         ) | |
| Plaintiff,   ) | |
|         ) | Civil Action No. |
|         ) | 8:12-CV-1685-MSS-MAP |
| v.         ) | |
|         ) | *December 6th, 2012* |
| TUAN NGUYEN,      ) | |
|         ) | |
|         ) | |
| Defendants,   ) | |

## <u>DEFENDANT TUAN NGUYEN'S MOTION FOR AWARD OF ATTORNEYS FEES AND COSTS</u>

Defendant, Tuan Nguyen, by and through undersigned counsel and pursuant to Fed.R.Civ.P. 54(d) and 11, 17 U.S.C. §§ 412, 505, 28 U.S.C. §1927, and the Court's inherent power, hereby moves for an award of attorney's fees against Plaintiff Sunlust Pictures, LLC, and for a lodestar multiplier and states:

### <u>1. Factual and Procedural Background</u>

The Plaintiff filed a five count complaint against Defendant for: 1) copyright infringement under 17 U.S.C. § 106(1); 2) copyright infringement under 17 U.S.C. § 106(3); 3) contributory infringement; 4) civil conspiracy and 5) negligence, seeking an award of damages pursuant to 17 U.S.C. § 504(c), and attorney's fees pursuant to 17 U.S.C. § 505. (D.E. 1)  Defendant's motion to dismiss stated, among other things, "that the agents of the Plaintiff have consistently side stepped historical barriers of ethics" in their collection efforts.  (D.E. 12)  In analyzing the statement of the Defendant, the

Plaintiff's reply stated that the Defendant's "inexplicable fear of specificity" as to what historical boundaries of ethics had been violated should persuade the court to deny the Defendant's motion to dismiss and called the attacks "baseless." (D.E. 16, p. 5)

On November 27th, a hearing was held in this case held to argue merits of the Defendant's motion to dismiss. While the merits of the motion were not reached by the court, the crux of the statement regarding historical barriers was proven true when Prenda Law fraudulently put forth an individual by the name of Mark Lutz as the corporate representative of Sunlust Pictures, LLC.

Upon Mr. Lutz's testimony regarding his complete lack of knowledge of the corporate structure of Sunlust, lack of authority to enter into a contract on behalf of Sunlust, and lack of any claimed relationship with Sunlust other than an independent contractor hired by no one he could remember, the Court dismissed this action for failure of the Plaintiff to produce a corporate representative at the hearing, and for attempted fraud on the Court by offering up a person with no authority as a corporate representative.

## 2.  The Defendant Is the Prevailing Party and Entitled to an Award of Reasonable Fees Under 17 U.S.C. § 505

Pursuant to Rule 41(b), the effect of an involuntary dismissal for violation of order of the court, or for fraud on the court, operates as an adjudication on the merits, and pursuant to 17 U.S.C. § 505 the prevailing party in a copyright action is entitled to an award of fees. The award of these fees is at the courts discretion. *See generally Cable/Home Commc'ns Corp. v. Network Prods., Inc.*, 902 F.2d 829, 853 (11th Cir. 1990).

In deciding whether to award fees, the Court should consider whether the position of the losing party was (1) frivolous or (2) objectively unreasonable, (3) the losing party's motivation in litigating the action; and (4) the need to advance considerations of compensation and deterrence. *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534 n. 19 (1994). Balancing these factors, the Eleventh Circuit has stressed that a court focus on whether an award of fees will further the goals of the Copyright Act. *Mitek Holdings, Inc. v. Arce Eng'g Co., Inc.,* 198 F.3d 840, 842 (11th Cir. 1999).

### 3.  Determination Under Fogerty Factors

**A.  Frivolousness**

Due to the dismissal for fraud on the court at a very early stage, no factual determinations were made regarding the Plaintiff's actual claim of copyright infringement.  After filing and before service, the Defendant in this action voluntarily offered up his computer for inspection by agents of the Plaintiff and claimed innocence and a lack of knowledge.  Despite the volunteering and cooperation and claim of innocence, the Plaintiff through its agents continued the case were unwilling to address actual issues of liability, and instead intended to proceed solely on the tenuous action of negligence.   The further bad faith at the hearing, by presenting a corporate representative without any authority, showed an objective frivolousness by continuing the litigation despite any reasonable offers of cooperation or settlement.

**B.  Objective Reasonableness**

Through continuing to maintain the action of negligence within the complaint, the Plaintiff has specifically attempted to leverage the idea that even if the Defendant did not commit civil violations of infringement that he would still have responsibility and

liability for infringement and statutory damages.   While neither Plaintiff nor its attorney should be punished for their use of a novel concept to establish liability, this theory has been tested within Federal Courts by Brett Gibbs in other jurisdictions, and has never met with a favorable opinion of a judge.  Brett Gibbs was supposedly the author of the complaint in this action, and is a known agent of Prenda Law in California.  Within his own state, he has lost this argument in *AF Holdings v. Hatfield*, 4:12-cv-02049-PJH (N.D. Cal. Order, Dated September 4th, 2012, D.E. 26)  and in another case, *AF Holdings v. Botson*, 5:12-CV-02048-EJD (N.D. Cal. Order, Dated October 3rd, 2012, D.E. 29). Other cases have attempted to prove this "novel legal theory" have also fallen flat in other jurisdictions, with more skilled attorneys.  The *AF Holdings* cases *supra* were quickly decided and should have contained a sufficient amount of common sense and legal reasoning to dissuade Mr. Gibbs and Prenda Law from continuing to claim that ISP subscribers are responsible for the copyright violations of their children, roommates, friends, houseguests, neighbors, and unwanted intruders.

### C.  Motivation

Much of the Motion to Dismiss (D.E. 12) relates to the Defendant's claim that he was sued specifically as revenge for the bar complaints exchanged between counsel for the Defendant and Prenda Law.  Through their filings and hiring of local counsel, Prenda Law and their agents have attempted to distance themselves from the actions of the Plaintiff, stating that the Plaintiff took this action of his own volition to enforce a legal right and that this case was not motivated by revenge or the actors of Prenda Law.

Despite this denial of involvement by Prenda Law, attending the hearing was Illinois attorney John Steele who was mentioned only in footnotes of the motion to

dismiss (D.E. 12, fn. 3, 6) (where it is noted that counsel filed two bar complaints against John Steele and he is the constant companion of Prenda Law who always stays behind the scenes).  Counsel for Defendant filed two bar complaints against Mr. Steele for his involvement with Prenda Law, and he has consistently denied involvement with Prenda Law while he is within the State of Florida.  While he is in Illinois or safely behind a telephone extension in Miami, he has embraced his involvement with Prenda Law and made multiple appearances on their behalf in the Northern District of Illinois.   If challenged, Defendant can produce the affidavits various federal practice attorneys throughout the United States who have tried speaking with Paul Duffy at Prenda Law, and have only been able to speak with John Steele.

The activities of Prenda Law aside, the Plaintiff has consistently put forth, through local counsel, that the purpose of the suit was to address liability for infringement and to establish a liability owed to the Plaintiff.  When the Defendant informed the Plaintiff that he did not commit any infringement, was not aware of the name Sunny Leone (the famous star of the pornographic work), was not aware of the work, and could not find any evidence of a bittorrent download of that work, and invited them to inspect the electronic devices of the Defendant, neither local counsel nor Prenda Law seemed interested in discussion of voluntary dismissal or reasonable settlement considering Defendant's non-involvement.   This lawsuit was brought in bad faith, and the events of the November 27th hearing were like a living diorama proving nearly all the statements of Defendants denied by Prenda Law in their earlier response to Plaintiff's Motion to Dismiss.

### D.  Deterrence and Advancing Considerations

Despite the objection of many attorneys, the Court within the Northern, Middle and Southern Districts have liberally granted early discovery to a Plaintiff alleging harm through the infringement that can occur in bittorrent swarm. Given their potential liability, limited damages, Sunlust and their counsel should be more wary of the consequences of attempting to violate the public confidence by pursuing massive amounts of claims. Plaintiff should further be deterred from advancing fraud upon the court in the furtherance of their claims.

Upon filing, and even after the urging of Defendant's counsel, Plaintiff would not acknowledge previous cases or orders relevant to the instant case. A motion to sever and dismiss for improper joinder was granted in the Miami case *Sunlust v. Does 1-120*, 1:12 cv-20920 (S.D. Fl.) meaning that any voluntary dismissal of the Plaintiff's case could be subject the Plaintiff to the "two dismissal rule" under Fed. R. Civ. P. 41(a)(1)(B). By entering into this litigation, Plaintiff tried to hide this previous dismissal from the court to avoid that potential penalty. Given that the Plaintiff employs software that is prone to errors and false accusations, they should tread lightly and carefully and with full knowledge of the potential penalties and seriousness of initiating a federal lawsuit, and should avoid future fraudulent acts before this court and the various courts within the United States through misrepresentation of Guava, LLC, Hard Drive Productions, and Sunlust, LLC. (November 27th Transcript, page 17, ln. 2-3).

## 4. Lodestar Amount

The lodestar amount is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Duckworth v. Whisenant*, 97 F.3d 1393, 1396

(11th Cir. 1996). The court may adjust accordingly based on the quality of the results and representation in the litigation. *Id.*

Counsel for Defendant charges $250.00/hr and has reasonably expended 38.3 hours; has made reductions and redactions on time entries on investigations and lines of questioning which lead to dead ends or were reasonably expected knowledge of a professional copyright attorney making $250.00/hr.   The undersigned makes the statement under oath and penalty of perjury that he has charged the Defendant $250.00/hr and customarily charges $250.00 for his services with only slight deviations upwards and downwards depending on his interest in the subject matter or the complexity of the case. Defendant agreed to pay $250.00 per hour for the services of counsel and paid an invoice to that effect.

Because of the similarities of two other cases with roughly the same timeline, many of the events such as document drafting and communication concerned two or three pending cases in a general sense and not any one case in particular.  Counsel for Defendant further reduced his fee for time doing research, drafting, and counsel communications between his similarly positioned clients to reduce those hours by a half or two thirds depending on whether the work was beneficial to one, two, or all similarly positioned defendants.  Such reduction is noted within the timesheet.   All clients agreed in their representation that this would lead to an overall reduction in fee.  Some events and notes were removed for purposes of litigation preparation in another current case, and those hours will not be pursued due to a lack of desire to provide specifics or to answer any questions regarding the specifics.  Attached as Exhibit "A" to this motion is the time sheet detailing events necessary to the furtherance of the defense of this litigation, and it

purposefully omits some large wastes of time and several small events important to all cases.

Defendant requests award of the full payment of the hourly rate of travel expenses because Defendants counsel was out of the office during the car ride from Jacksonville to Tampa and unable to bill other clients or conduct other work.  Lacking any partner, associate, or billable paralegal, his attorney time is the sole method of sustaining his business.  If it had not been for his travel, Defendant's counsel would have otherwise been productive.   Defendants counsel regularly charges an hourly rate for drive time to any client.

Counsel has omitted from the expenses, his hotel room in Tampa which was $129.00 plus taxes and fees which was rather exorbitant considering less expensive alternatives.  Counsel has also omitted and his parking at the federal courthouse which would normally be added into a bill of client expenses, counsel has omitted copying charges and counsel has no long distance telephone charges.  *Contra Lil' Joe Wein Music Inc. v. Jackson*, 2008 WL 2688117, * at 14 n. 10 (S.D.Fla. July 1, 2008) (copyright case awarding attorney's fees, reasonable out-of-pocket expenses, and taxable costs enumerated in § 1920 pursuant to 17 U.S.C. § 505).

## 5.  Sworn Statements

Attached as Exhibit "B" is the affidavit of Christopher Taylor, former general counsel for a company engaged in intellectual property disputes is familiar with the rates common among attorneys accepting intellectual property cases in Tampa office next to mine and is familiar with my customary rate of $250/hr in state cases.  To explain away any possible claim of impropriety and in full disclosure explaining similar addresses, The

Taylor Law Office, P.A. sublets an office from Graham W. Syfert, Esq., P.A. but shares

no clients, phone number, or any other interest in this litigation.

Attached as Exhibit "C" is the affidavit of Alex Cvercko a civil litigator in the

real estate and construction field who often litigates within the federal court system in the

Middle District, and who is familiar with counsel's customary $250.00/hr fee for clients

involved in litigation.

### 6. Purposeful Omission of 23.7 Hours

Counsel for the Defendant has not billed the 5.6 hours spent drafting this motion

for attorney's fees and is unaware whether such should be awarded and so has not

included those in his calculations.

Counsel for Defendant has purposefully omitted 18.1 hours of time due to his

unwillingness to share what that time was used for, or when avenues of pursuit covered

topics that should have been known to an experienced IP litigator earning $250.00 per

hour, or when those avenues of pursuit appeared fruitless to the claims of the Defendants

without further confirmatory discovery from the Plaintiff.

### 7. Pre-emptive Denial of Accusation of Adversarial Request

*Norman v. Housing Authority* contains the proposition that the court is typically

engaged in weighing of two figures due to our adversarial system, with the fee applicant

requesting the highest available rate in the community and the fee opponent submitting

evidence of the lowest rate charged.  836 F.2d 1292, 1300 (quoting *Clark, J. dissenting)*.

Defendant bases this fee request upon his actual fee and submits that this fee was

reasonable.  If any arguments are made by Prenda Law against the reasonableness of this

fee, Defendant will accept whatever hourly rate Prenda Law requests from the court in a

default scenario, with an upward departure as warranted under any lodestar multiplier.

## 8. Costs

The Defendant has incurred costs in the amount of $119.90 for the ordering of

one hearing transcript and requests that these costs be awarded under 28 U.S.C. § 1920 or

any other provision for award of fees and costs within this motion.

## 9. Request for Upward Departure of Lodestar by Multiplier

Based on the nature of this case and the nature of the representation of the

Defendant, counsel requests that this court find that the performance in this case, and the

nature of this case, warrant an award of an upward departure under the *Johnson* factors:

> "Within this Circuit, a district court determining an attorney's fee award
> must consider the following twelve factors: (1) the time and labor required; (2)
> the novelty and difficulty of the questions; (3) the skill requisite to perform the
> legal service properly; (4) the preclusion of other employment by the attorney due
> to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or
> contingent; (7) time limitations imposed by the client or the circumstances; (8) the
> amount involved and the results obtained; (9) the experience, reputation, and
> ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and
> length of the professional relationship with the client; and (12) awards in similar
> cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th
> Cir.1974), abrogated on other grounds, *Blanchard v. Bergeron*, 489 U.S. 87
> (1989). Although the district court must examine each of the Johnson factors, it is
> not obligated to adjust a fee upward or downward in every instance where one or
> another of the factors is found to be present. *Marion v. Barrier*, 694 F.2d 229, 231
> (11th Cir. 1982). Rather, Johnson suggests a balancing process, with the trial
> judge remaining responsible for the discretionary functions of assessing the
> weight to be given to each factor and the appropriate adjustments to make in the
> fee. Id."

from Palmer v. Braun, 6:00-cv-1662-Orl31JGG (M.D. Fl. 2005)

### *Johnson Factor Analysis*

(1)  There is nothing excessive in the amount of preparation that counsel took in this matter, as he was prepared to fully engage in discovery and prepare for trial, and counsel purposefully excluded several unnecessary or fruitless activities despite their recording.  Counsel for Defendant began preparing for trial when he received the case in the mail, and counsel believes that cases are won by early preparation.  Defendant should not be punished by a reduction of the award due to his early industriousness, or the quick and sudden dismissal of this action.

(2) Bittorrent litigation creates new areas of inquiry however there is nothing all too novel or difficult about the legal issues within a bittorrent case.  Any novel or difficult questions presented would be within the technology area of the case, which is noted in factor number 3.

(3) Due to the manner of dismissal, this particular case *required* no excessive legal skill, however it is also within this courts power to gauge the skill of the attorney based on his performance in the case at bar.  *See Norman v. Housing Authority of City of Montgomery*, 836 F. 2d 1292, 1300 (11th Cir. 1988).  While ultimately it was an attempted fraud on the court that foiled the Plaintiff, counsel for the Defendant believes he has presented himself in an exemplary fashion before this court, and crafted a persuasive efficient motion that got to the heart of real problems within the case.

Defendants counsel is a former system administrator, machine control programmer and had previously been paid rates averaging about $50/hr consulting on issues of technology and computer networks, practicing in the niche market of small businesses without IT departments as well as general consumer assistance.  Defendants

counsel is a frequent consultant for quick opinions requested by other attorneys on matters of digital forensic evidence in both criminal and intellectual property cases.

Counsel has extensively studied the bittorrent protocol, its updates, and applications, and its behaviors.   This extensive experience in technology was expected to save the defendant costs to get interpretations of the digital evidence supposedly collected in this matter. This extensive experience also meant that the Defendant did not have to pay for the time it would take a non-technically minded attorney to study the intricacies of the bittorrent protocol which would normally be necessary early in the preparation of a case to understand what should be requested in discovery.

Although counsel has only appeared on one previous intellectual property case within federal court involving a trademark, he is well studied in the subject of copyright, has advised many consumers in the area of copyright for a premium fee, and more recently has represented a copyright holder *pro bono* in an effort to preserve the history of James Weldon Johnson heritage tour when the copyright was threatened by a governmental entity.  Counsels' lack of copyright clients engaged in federal litigation is from a propensity to be reasonable and negotiate settlements, rather than a lack of disputes.

(4) Defendant's counsel was precluded from other employment of 75 potential clients within the State of Florida by acceptance of this case by their relation to the Defendant in the previously related Miami case, and counsel turned down representation of certain Prenda Law "targets" who called requesting assistance. At least one Prenda Law client contacted counsel and the charge would have been $800.00, however, that client was rejected due to the representation in this matter.  No fewer than five Prenda

Law "targets" contacted counsel for Defendant after July 31st, 2012, and their representation was rejected due to this lawsuit, resulting in a loss of expected revenue of approximately $2500.00.

(5) The customary fee for a case of this type would easily exceed more than requested by the Defendant.  The Defendant and Defendant's attorney should not be penalized for the time spent in thorough and early preparation for matters that should have been disclosed.  However, if challenged on his fee, counsel believes that any determination of customary fees in this type of case should be higher than the hourly rate requested by Prenda Law in any default judgment scenario, which Defendants counsel assumes will be $250 or higher.

There were no unweildly (7) time limitations imposed by the client or the circumstances; (8) the Plaintiff was maintaining an action for willful infringement and likely would seek maximum damages in the amount of $150,000.00 for the infringement. See AF Holdings v. Darryl Lessere, 12-cv-22156 (SD FL, Default Judgment for infringement of one pornographic work, advertised by Prenda Law, Inc. of Chicago, at http://wefightpiracy.com/userfiles/Lessere%20Judgment.pdf ).

(9) The experience, reputation, and ability of the attorneys is not a factor that should necessarily be considered by the court, because it is essentially figured into the lodestar amount by the hourly rate of $250/per hour (10) and the case was not particularly undesirable.  (11)  Defendant's attorney represented defendant months before the suit was filed on a flat fee the was calculated upon an estimate of $250.00 per hour, so no upward or downward adjustment is necessary under this factor.

(12) As for awards in similar cases, counsel for Defendant would challenge Plaintiff to show the lowest hourly rate of any fee request made by Prenda Law, Inc. in a default Judgment scenario in similar cases, modified upward for the comparative level of competence and experience and skill exhibited by Defendants counsel in this matter.

### *Lodestar Multiplier under Johnson is Reasonable at 1.4 or Higher*

Based upon the foregoing, the counsel for the Defendant requests this court find that a lodestar multiplier with an upward departure is warranted and find that a multiplier of at least 1.4 is appropriate to compensate the Plaintiffs attorney for his existing technical knowledge which saved time that would have been spent studying the bittorrent protocol, and his exclusion from representation of other "targets" of Prenda Law, which resulted in a loss of expected earnings of no less than $3,300.00, and the comparative experience evidenced by the actions of the Defendants counsel when compared to those of the Plaintiff.

WHEREFORE, the Defendant requests an award of 38.3 hours at a rate of $250.00/hr for a total of $9575.00, plus the $500.00 true retainer charged the Defendant as reflected in the attached timesheet, be awarded against Sunlust Pictures, LLC. The Defendant requests costs in the amount of $119.90.

The Defendant requests an upward lodestar multiplier of 1.4 and requests this court enter an order awarding the Defendant $14,105.00 in fees and $119.90 in costs for a total of $14,224.90.

To prevent excessive recovery, the Defendant requests that the judgment against the Plaintiff be awarded jointly and severally against Prenda Law, Inc., concurrent with

sanctions awarded under the separate motion for sanctions to be filed in this case against

Prenda Law, Inc. and her agents.


Dated this 6th day of December, 2012.


                                        Respectfully submitted,
                                        Graham W. Syfert, Esq.,P.A.


                                        By: s/ Graham W. Syfert
                                            Graham W. Syfert (39104)
                                            Trial Counsel
                                            FL/GA Attorney at Law
                                            1529 Margaret St, Unit 2
                                            Jacksonville, FL 32204
                                            Phone: (904) 383-7448
                                            Fax: (904) 638-4726
                                            graham@syfert.com

        I HEREBY CERTIFY, that a true and correct copy of the foregoing was sent by
e-mail this day, to attorney for the Plaintiffs, Matthew Wasinger,
mattw@wasingerlawoffice.com, this 6th of December, 2012.


                                        By: s/ Graham W. Syfert
                                            Graham W. Syfert (39104)

Exhibit A

| Description | Value | Code | Amount |
|---|---|---|---|
| 4-7 - Review of incoming e-mail, from tuan nguyen, draft of e-mail reply | 0.2 | WH | |
| 4-8 - Phone Consultation, initial interview, and agreement with Tuan Nguyen cover all pre-suit questions and answers and draft letter of representation | | WH | 1.2 |
| 5-9 - Drafting letter of representation to Prenda Law, Inc., Fax, Fax Confirmation | | FLAT | $500.00 Flat |
| CLEAR INV #193 | | | |
| 7-31 – Conversation with Banas re: his acceptance of 3 Prenda Law cases | 0.1 | | |
| 7-31 - Review of letter sent to Prenda Law, letter sent from Prenda Law, and fax confirmation, Review of Complaint, Review of Sunlust v. Does 1-120 previous case, review of docket, review of various motions to dismiss and motions to quash filed by defendant counsel | 1.3 | | |
| 7-31 – E-mail to Banas Re: Nguyen | 0.3 | | |
| 7-31 - Phone call to client, vm | 0.1 | | |
| 7-31 - Phone call to client | 0.3 | | |
| 8-3 - Review of e-mail from Client, Reply | 0.2 | | |
| 8-13 - Review of incoming Motion to Substitute Attorney, research on Wasiger position on the case | 0.2 | ONETHIRD | |
| 8-21 - E-mail to Wasinger re: 3 cases, asking for reasonable numbers, explaining | 0.8 | ONETHIRD | |
| NB (redacted and omitted for MTN for atty fee) | 0 | ONETHIRD | |
| 8-21 - review of incoming Wasinger e-mail, Reply to Wasinger e-mail | 0.5 | ONETHIRD | |
| 8-28 - Separation of incoming documents (all documents from 3 cases in one envelope, stapled documents) | 0.1 | ONETHIRD | |
| 8-28 - Review of Nguyen Complaint, All documents and docket, Waiver of service, Review of Rule 4, Review of Caselaw around Rule 4 | 1.5 | | |
| 8-28 - Call to client | 0.2 | | |
| NB (redacted and omitted for MTN for atty fee) | 0 | | |
| 9-2 - Draft of Motion to Dismiss Negligence, consultation with outside counsel | 1.3 | ONEHALF | |
| 9-5 - Research into Sunlust lawsuits, into Sunlust Pictures, LLC, into Sunlust Pictures, Inc, into Sunny Leone, into Daniel Weber, research of "Sunny Leone" goddess, review of track 2 order, review of cert interested persons, finding cover of the DVD goddess, using GIMP to expand and sharpen image to look for corporate designations on DVD cover. | 1.2 | | |
| 9-5 Drafting Motion to Dismiss, case law Research – corporate local rule, violation of local rules, violating court orders | 2.3 | ONEHALF | |
| 9-6 Drafting Motion to Dismiss - previous case, Research, Misc e-mail phone Consultation with Outside counsel, d | 2.3 | ONEHALF | |
| 9-6 Call to Client re: (redacted for MTN for atty fee) | 0.3 | ONEHALF | |
| 9-7 Creating and Splitting all Documents into two cases, editing motion to dismiss | 1.1 | ONEHALF | |
| 9-8 Research on caselaw re: copyrightability of pornography, obscenity, 5th cir | 1.3 | ONEHALF | |
| 9-8 Review of the film Goddess, notes on sunny leone | 1.9 | | |
| NB (redacted and ommitted for MTN for atty fee) | 0 | ONEHALF | |

Exhibit A cont.

| Description | Value |
|---|---|
| 9-10 Editing Motion to Dismiss, Certificate of Interested Persons | 1.3 |
| 9-11 Editing Motion to Dismiss, Consultation with outside counsel, editing motion to dismiss | 0.5 |
| 9-12 Final Review of Document, signature, prep of ECF first filings | 0.3 |
| 9-12 Final review, motion to dismiss, signature, prep of ECF second filings. | 0.8 |
| 9-17 Call to Client | 0.1 |
| 9-26 Review of Wasinger signed document, reply to MTD, research caselaw | 0.4 |
| 9-26 Pulling details regarding authorship, and creation, of the PDF file PDF file reports "SH" indicating steele hansmeier, comparing this with statements made in reply, compared with other documents filed in the case under atty banas, atty Gibbs drafted dismissals in other cases with different results | 0.2 |
| NB (redacted and ommitted for MTN for atty fee) | 0 |
| 10-16 - wasinger, called and informed that hew as going to be withdrawing from the case and scheduling case mgmt conf | 0.1 |
| 11-2 - wasinger, vm | 0.1 ONEHALF |
| 11-5 – Wasinger: I informed him that I would be filing a motion on ethics violations if we did not have the scheduled meeting before the 12th, and that it was designed to lengthen the amount of time necessary for the disco and the case, advised that he had to talk with brett gibbs in call | 0.1 ONEHALF |
| 11-7 - Wasinger phone call 44 minutes discussing withdrawl options, 5 minutes of notes | 0.4 |
| 11-7 - Wasinger e-mail regarding withdraw options | 0.2 ONEHALF |
| NB (redacted) | 0 |
| 11-8 Misc incoming Wasinger e-mails, review and replies | 0.3 ONEHALF |
| 11-8 Review of Order Setting Hearing, calendaring | 0.2 |
| 11-8 Phone call with Matthew Wasinger | 0.1 ONEHALF |
| 11-8 Review of incoming unopposed motion to withdraw, contained request for telephonic Case Management Conference between attorneys that was not requested. 11-8 Review of incoming unopposed motion to extend time to conduct CMC | 0.2 |
| 11-9 Call to client to inform him of hearing date | 0.1 |
| 11-12 Review of joint motion to substitute attorney | 0.2 |
| 11-12 Phone consult with client | 0.1 |
| 11-13 Review of judges order regarding MTD | 0.1 |
| 11-20 Review of Letter of Paul Duffy stating that he doesn't have anything to do with the case? | 0.2 |
| 11-20 Incoming letter from Torres on Prenda Law letterhead with Chicago address and no designation of states he is licensed to practice in, even though received 11-20 in e-mail, was dated 11-18. Email to Torres asking him to call me immediately | 0.1 |
| 11-20 Phone call to Torres, had not yet sent out letter, decided he was going to withdraw and not send that letter | 0.2 |
| 11-20 Review of incoming e-mail from torres | 0.1 |

Exhibit A cont.

| | | |
|---|---|---|
| 11-25 - Preparation for hearing 2.2 hrs, printing of materials, gathering of Duffy related Sunlust cases filed in ND IL, Review of Duffy related cases nationwide | 2.2 | |
| 11-26 - Call to Client to confirm attendance | 0.1 | |
| 11-26 - Drive to Tampa - Hourly rate | 3.7 | |
| 11-26 Preparation for hearing 3 hrs, review of all filed documents and outline of motion argument | 3 | |
| 11-26 - Attendance at hearing - Meeting with client before case | 0.8 | |
| 11-27 - Drive from Tampa - Hourly rate | 3.7 | |
| 11-29 - Phone call with Matthew Wasinger | 0.8 | |
| 11-29 - Phone call with wasinger | 0.3 | |
| | 38.3 | |
| x $250 Hourly | 38.3 Hours | $9575 |
| | | Additional 500 Flat Fee |
| | | $10075 |
| Total Actual Hours With all Redacted Hours:56.4 | | |

Exhibit B

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### TAMPA DIVISION

| | | |
|---|---|---|
| SUNLUST PICTURES, LLC, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| | ) | 8:12-CV-1685-MSS-MAP |
| v. | ) | |
| | ) | |
| TUAN NGUYEN, | ) | |
| | ) | |
| | ) | |
| Defendants, | ) | |

## AFFIDAVIT CHRISTOPHER TAYLOR REGARDING REASONABLE ATTORNEYS FEE

STATE OF FLORIDA)
              )ss.
COUNTY OF DUVAL)

Before me, this day personally appeared <u>Christopher Taylor,</u> Esquire who being by me first duly sworn, deposes and says that:

1. He is an attorney licensed within the State of Colorado since 1999 and within the State of Florida since 2010, and practiced under the Florida Bar house counsel exception within the State of Florida from August, 2006 to May, 2010 and from May, 2010 through March, 2012 as a member of the Florida Bar as an in-house attorney for a worldwide on-line media company engaged in intellectual property disputes. During his last two years of employment with the worldwide on-line media company, he served as general counsel.

2. As general counsel within the State of Florida, one of his duties was to secure attorney employment and therefore to shop the state, and other jurisdictions, to

employ intellectual property attorneys to represent his client within this state, including within Middle District of Florida, and other federal jurisdictions.

3. He is acquainted with the customary fee to employ Graham W. Syfert, and that the fee is $250.00 per hour, and such fee is reasonable based on his reputation and experience.

4. Based upon the nature of this case, the time spent, and skill evidenced by such files, records, and documents, in his opinion, the lodestar multiplier of 1.4 and the associated fee of $14,105.00 in fees and $119.90 in costs is a reasonable fee.

5. Based upon Mr. Syfert's apparent dedication to this matter, without regard to whether payment of the client was forthcoming, and having first hand knowledge of Mr. Syfert's knowledge within the area of technology and Bittorrent litigation, affiant believes the lodestar multiplier could be increased to a factor of 3 even such increase was not requested, and that an award closer to $30,000.00 would also be reasonable fee for his undertakings.

6. That the foregoing statements are true under penalty of perjury.


FURTHER AFFIANT SAYETH NAUGHT

Christopher M. Taylor, Esq.
1529 Margaret St, Unit 2
Jacksonville, FL 32204
904-339-5298

Subscribed and sworn to before me, this 6th day of DECEMBER, 2012, and affiant has produced _____ as identification or is personally known to me.

X _____

Notary Public

(affix seal)



LUCY I NORD
MY COMMISSION # EE049845
EXPIRES December 16, 2014
(407) 398-0153      FloridaNotaryService.com

Exhibit C

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### TAMPA DIVISION

| | |
|---|---|
| SUNLUST PICTURES, LLC,        )<br>           )<br>           )<br>       Plaintiff,   )<br>           )<br>           )<br>v.           )<br>           )<br>TUAN NGUYEN,      )<br>           )<br>           )<br>     Defendants,  )  | Civil Action No.<br>8:12-CV-1685-MSS-MAP |

## AFFIDAVIT ALEXANDER B. CVERCKO REGARDING REASONABLE ATTORNEYS FEE

STATE OF FLORIDA)
           )ss.
COUNTY OF DUVAL)

    Before me, this day personally appeared <u>Alexander B. Cvercko,</u> Esquire who being by me first duly sworn, deposes and says:

1. That he is an attorney licensed within the State of Florida since 1999, and is admitted to practice in every district of this state and actively litigates within the federal district.

2. That he is acquainted with the customary fees in Tampa, FL for general civil litigation in federal court, and is personally familiar with the dedication of Graham W. Syfert to his clients and their causes.

3. That he is acquainted with the customary fee to employ Mr. Syfert, and that the fee is $250.00 per hour, and such fee is reasonable based on his reputation and experience.

Exhibit C cont.

4.  That based upon the nature of this case, the time spent, and skill evidenced by such files, records, and documents, reviewed that in his opinion, the lodestar multiplier of 1.4 and the associated fee of $14,105.00 in fees and $119.90 in costs is a reasonable fee.

5.  Having first hand knowledge of Mr. Syfert's knowledge within the area of technology and Bittorrent litigation, affiant believes that Mr. Syfert's representation is worthy of a lodestar multiplier where his resulting fee is in the area of $30,000.00 and that such increase would be reasonable given the results obtained.

6.  That the foregoing statements are true under penalty of perjury.


FURTHER AFFIANT SAYETH NAUGHT

Alexander B. Cvercko, Esq.
12620 -3 Beach Blvd #314
Jacksonville, FL 32246
904-821-8700


Subscribed and sworn to before me, this _lo_ day of _December_, 2012, and affiant has produced __I.D._____ as identification or is personally known to me.


X _Rene' Tabb_

Notary Public

Notary Public State of Florida
Rene M Tabb
My Commission EE 172243
Expires 02/22/2016

(affix seal)

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### TAMPA DIVISION

| | |
|---|---|
| SUNLUST PICTURES, LLC,        ) | |
|        ) | |
|        ) | |
| Plaintiff,        ) | |
|        ) | Civil Action No. |
|        ) | |
|        ) | 8:12-CV-1685-MSS-MAP |
| v.        ) | |
|        ) | |
| TUAN NGUYEN,        ) | |
|        ) | |
|        ) | PROPOSED ORDER |
| Defendant.        ) | |

## ORDER ON DEFENDANT TUAN NGUYEN'S MOTION FOR ATTORNEYS FEES AND MOTION FOR SANCTIONS

THIS MATTER, having come before this court on Defendant's motion for sanctions against Prenda Law, Brett Gibbs, Paul Duffy, and John Steele, and the court being fully apprised of its premises, and a hearing being held where an agent of Prenda Law was to appear, and that agent, nor any other confessed agent appearing before the court, and having found bad faith and attempted fraud on the court by agents of Prenda Law:

IT IS THEREFORE ORDERED that Defendant is awarded and shall recover from Prenda Law, Inc., Brett L. Gibbs, Paul A. Duffy, and John L. Steele, jointly and severally in the amount of $1600.00, which shall accrue interest at the statutory rate and let execution issue.

Upon considerations of the factors in <u>Johnson</u>, 488 F.2d 714, 717-19 (5th Cir.1974) and upon the discretion of the court:

IT IS FURTHER ORDERED that the Defendant is awarded and shall recover from Sunlust Pictures, LLC, Prenda Law, Inc., Brett L. Gibbs, Paul A. Duffy, and John L. Steele, jointly and severally, the amount of $14,224.90 in attorneys' fees and costs, which shall accrue interest at the statutory rate and let execution issue.


IT IS SO ORDERED

_____
United States District Judge Mary S. Scriven

cc: Counsel of Record