UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SUNLUST PICTURES, LLC,**

    **Plaintiff,**

v.                                    Case No.: 8:12-cv-1685-T35-MAP

**TUAN NGUYEN,**

    **Defendant.**

_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant Tuan Nguyen's Omnibus Motion to Dismiss (Dkt. 12), and Plaintiff's Response in Opposition thereto. (Dkt. 16.) The Court held a hearing on this matter on November 27, 2012. Upon consideration of all relevant filings, case law, and for the reasons set forth at the hearing, the Court **GRANTS** Defendant's Motion, as described herein.

    **I.    BACKGROUND**

Plaintiff brought this action against Defendant on July 30, 2012, alleging copyright infringement, contributory infringement, civil conspiracy, and negligence. (Dkt. 1.) Plaintiff alleges it is the exclusive holder of a copyrighted adult entertainment video. (Id.) Plaintiff claims Defendant, without Plaintiff's authorization, downloaded Plaintiff's video, reproduced and distributed the video to numerous third parties. (Id.)

On September 12, 2012, Defendant filed the instant motion to dismiss. (Dkt. 12.) In the motion, Defendant alleges there may be some impropriety with the way this matter is being operated by Plaintiff's counsel. Specifically, Defendant claims that an entity by the name of Prenda Law, Inc. controlled the filing of this lawsuit along with numerous other related lawsuits in Florida although it is not a firm with authorization to

practice law in Florida. (Dkt. 12, n. 6.) Defendant also alleges that until recently, Prenda Law, Inc. was a multijurisdictional partnership between Illinois Attorney Paul Duffy and Florida Attorney Joseph Perea. (Dkt. 12, n. 6.) According to Defendant, Prenda Law was originally located in Florida but later moved to Illinois after a bar complaint was filed and an investigation of Prenda Law ensued. (Dkt. 12, n. 3.) Defendant claims that currently, Prenda Law sits in Illinois but still operates in numerous states with "local counsel" serving as conduits in its numerous cases. (Dkt. 12, n.6.) Defendant also argues that Plaintiff willfully failed to disclose a related matter pending in the United States District Court, Southern District of Florida. (Dkt. 12 at 12.)

After reviewing the allegations in Defendant's motion to dismiss, the Court set a hearing in order to discuss these allegations and to speak with the attorneys involved in the case. (Dkt. 17.) The Court ordered Plaintiff's counsel, a representative of Plaintiff, and a principal of Prenda Law to appear in person at the hearing. (Id.) Immediately following the Court's Order setting the hearing, Plaintiff's counsel Matthew Wasinger moved to withdraw as counsel. (Dkt. 19.) Although the Court stated it would delay ruling on Mr. Wasinger's motion to withdraw until the hearing (Dkt. 21), Jonathan Torres filed a motion for leave to appear on the record as substituted counsel for Plaintiff as well as a notice of appearance. (Dkt. 20; Dkt. 22.) Thereafter, before the Court ruled on the motion for substitution, Mr. Torres also moved to withdraw as counsel for Plaintiff. (Dkt. 23.)

The hearing on this matter was held on November 27, 2012. Mr. Wasinger did not appear for the hearing as directed by the Court and despite the Court's clear Order that it would address his motion for leave to withdraw at the hearing. He subsequently

2

claimed he failed to appear because he mistakenly thought Mr. Torres was substituted as counsel. Mr. Torres requested and was granted leave to appear for the hearing by telephone from Orlando. (Dkt. 24; Dkt. 25.) A Mr. Mark Lutz also appeared as a "corporate representative" for Sunlust Pictures. However, following questioning of Mr. Lutz by the Court, he admitted he was not an officer or director of Sunlust Pictures; he had no authority to speak on behalf of Sunlust Pictures or bind it in any way; he did not know any of the officials of Sunlust Pictures, he did not know the company's business address; he did not even know who signs his checks. (Hear. Trans., pp. 14-18.) As he understood it, his sole duty was to appear in Court and to claim he was the company's corporate representative. (Id., p. 17.) He claimed he is paid about $1,000.00 a month for his services in this and other cases. (Id.)

Before the hearing, Paul Duffy sent a letter to the Court claiming he was the sole principal of Prenda Law and that the Court's directive that a principal of the firm appear was, therefore, directed at him. He advised that he could not attend the hearing because he was in Chicago, was obligated to attend other matters and recently had eye surgery. He also questioned how he would be of any assistance to the Court since he was in no way affiliated with this matter and did not represent anyone in the case. He never filed a motion for relief from the obligation to appear.

However both Mr. Torres and Mr. Wasinger stated that Prenda Law was in fact involved in this case, albeit through another individual, Brett Gibbs, who resides in California. (Dkt. 27; Hear. Trans., p. 6.) Mr. Torres and Mr. Wasinger both claimed they were contacted by Prenda Law to serve as "local counsel" in the case. (Id.)

3

## II.  DISCUSSION

The district court may dismiss a claim if the plaintiff fails to comply with a court order. Equity Lifestyle Props., Inc. v. Florida Mowing and Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009). A district court also has inherent power to dismiss a case for failure to prosecute. See Hyler v. Reynolds Metal Co., 434 f.2d 1064, 1065 (5th Cir. 1970) (district court did not abuse discretion where it dismissed case for counsel's failure to appear at a pre-trial conference). Here, both Plaintiff and Plaintiff's counsel violated this Court's Order when they failed to appear at the hearing set by this Court. The parties all received proper notice of the hearing. Although Mr. Wasinger claims he did not attend the hearing because he was under the impression that Mr. Torres substituted him as counsel, this Court's Order entered on November 13, 2012, unequivocally states that Mr. Wasinger's motion to withdraw as counsel would be addressed at the hearing and that Plaintiff's counsel was still required to attend the hearing. See (Dkt. 22.) Further, the Court finds that Plaintiff itself failed to comply with this Court's Order and attempted to deceive this Court when it sent Mr. Lutz, who had no knowledge of the company and had no authority to speak on behalf of the company, to pose as its "corporate representative." Finally, the Court finds that Prenda Law, the law firm both counsel stated retained them to serve as local counsel on behalf of Plaintiff, misrepresented its role in the case and relationship to the Plaintiff.

For these reasons, and for the reasons set forth at the hearing, it is hereby **ORDERED** as follows:

1. Defendant's Motion to Dismiss (Dkt. 12) is **GRANTED**;

2. This matter is hereby **DISMISSED**;

3. The Agreed Motion for an Extension of Time to Conduct Case Management Meeting (Dkt. 18) is **DENIED** as moot.

**DONE and ORDERED** in Tampa, Florida, on this 18th day of December 2012.

*/s/ Mary S. Scriven*
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Parties