**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

SUNLUST PICTURES LLC,

                Plaintiff,                        Case No. 8:12-CV-01685-MSS-MAP

    v.

TUAN NGUYEN,

                Defendant.

_____/

**<u>MEMORANDUM OF NON-PARTIES PRENDA LAW, INC., PAUL DUFFY, BRETT
GIBBS AND JOHN STEELE IN OPPOSITION TO
DEFENDANT TUAN NGUYEN'S OMNIBUS MOTION FOR SANCTIONS</u>**

# TABLE OF CONTENTS

**PAGE**

I.      Introduction...........................................................................................................1

II.     Background ...........................................................................................................1

III.    The motion for sanctions rests on an inaccurate understanding of the facts. ...............3

       A.      Facts regarding the involvement of Prenda Law in this matter. ........................3

       B.      Mr. Steele's lack of involvement in the litigation of this matter. ......................4

       C.      Facts regarding the use of Mr. Lutz as Sunlust's representative. ......................5

IV.     The Court lacks jurisdiction over the Non-Parties...........................................................6

V.      Even if the Court could consider the motion for sanctions, it would be due to be denied on the merits. ..................................................................................................8

       A.      Sanctions are not warranted under 28 U.S.C. Section 1927. ...........................8

              1.      Mr. Duffy's letter to the Court ...............................................................9

              2.      The filing of each document in this matter .........................................11

              3.      The delay of the case management conference and filing of motions to withdraw .........................................................................................12

              4.      Designating Mr. Lutz as Sunlust's representative ...............................13

       B.      Sanctions are not warranted under the Court's inherent authority. .................14

VI.     The motion for sanctions was filed in bad faith for an improper purpose...................17

VII.    The fees Defendant requests are unsubstantiated and excessive. ...............................20

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*ANZ Advanced Technologies, LLC v. Bush Hog, LLC*,
    2012 WL 715099 (S.D. Ala. 2012)................................................................15

*Bray & Gillespie Management, LLC v. Lexington Ins. Co.*,
    2009 WL 5606058 (M.D. Fla. 2009) ..........................................................15

*Chambers v. NASCO, Inc.*,
    501 U.S. 32 (1991)..............................................................................15, 16

*Feldman v. Davidson*,
    2009 WL 995473 (S.D. Fla. 2009) .............................................................15

*G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*,
    871 F.2d 648 (7th Cir. 1989) ....................................................................14

*Helmac Products Corp. v. Roth (Plastics) Corp.*,
    150 F.R.D. 563 (E.D.Mich.1993) ..............................................................15

*In re Himmel*,
    533 N.E.2d 790 (Ill. 1988) ........................................................................18

*In re Novak*,
    932 F.2d 1397 (11th Cir. 1991) .................................................................14

*In re VIII So. Mich. Assocs.*,
    175 B.R. 976 (Bkrtcy. N.D.Ill. 1994) ........................................................15

*Loranger v. Stierheim*,
    10 F.3d 776 (11th Cir. 1994) .....................................................................20

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
    545 U.S. 913 (2005)....................................................................................1

*McGuire v. Sigma Coatings, Inc.*,
    48 F.3d 902 (5th Cir. 1995) ....................................................................6, 7

*MacKay v. Crews,* 2009 WL 5062119
    (E.D.N.Y. Dec. 16, 2009) ..........................................................................17

*Peterson v. BMI Refractories*,
    124 F.3d 1386 (11th Cir. 1997) .................................................................11

*Roadway Express, Inc. v. Piper*,
    447 U.S. 752 (1980)...........................................................................................16

*Rodriguez v. Marble Care Int'l, Inc.*,
    863 F.Supp.2d 1168 (S.D. Fla. 2012) .................................................................8

*Ryland v. Shapiro*,
    708 F.2d 967 (5th Cir. 1983) .............................................................................16

*S.E.C. v. Smith*,
    798 F. Supp. 2d 412 (N.D.N.Y. 2011) ..............................................................16

*United States v. City of Detroit*,
    2010 WL 53326953 (E.D. Mich. Dec. 21, 2010) ..............................................15

*United Technologies Corp. v. Mazer*,
    556 F.3d 1260 (11th Cir. 2009) ...........................................................................7

## OTHER AUTHORITIES

28 U.S.C. § 1927 ................................................................................... *passim*

Fed. R. Civ. P. 4 .................................................................................................7

Fed. R. Civ. P. 5 .................................................................................................7

Fed. R. Civ. P. 11 ......................................................................................11, 18

Fed. R. Civ. P. 12 ...............................................................................................14

Fed. R. Civ. P. 16 ...............................................................................................14

M.D. Fla. Local R. 3.01(g)..................................................................................17

Fla. Stat. § 48.193 ...............................................................................................7

Fla. R. Prof. Conduct 4-3.4(h) .........................................................................13

Fla. R. Prof. Conduct 4-803(a)..........................................................................18

Black's Law Dictionary 1416 (9th ed. 2009) .....................................................14

## MEMORANDUM

### I.     Introduction

Defendant Tuan Nguyen's motion for sanctions against Non-Parties Prenda Law, Inc. ("Prenda Law"), Paul Duffy, Brett Gibbs and John Steele (collectively, the "Non-Parties"), Doc. 31, should be denied for at least five reasons: (1) it is based on an inaccurate and speculative understanding of the facts; (2) the Court is without jurisdiction to hear it; (3) even if the Court could properly hear the motion, it should be denied on the merits; (4) it was filed for an improper purpose; and (5) the fees requested are unsubstantiated and excessive.

### II.    Background

This is an action for copyright infringement and related claims against Defendant Tuan Nguyen. Doc. 1. As set forth in its complaint, Plaintiff Sunlust Pictures LLC ("Sunlust") alleges that Defendant used the BitTorrent file distribution protocol to unlawfully reproduce and redistribute its copyrighted work, "Sunny Leone – Goddess." *Id.* No suggestion has been made in this case that Defendant is innocent of Plaintiff's claims, that Plaintiff's action was frivolous, or that Plaintiff is not entitled to seek redress in the federal courts for damages arising from Internet piracy. Indeed, Internet piracy poses an existential threat to Plaintiff's business. See Ex. A ¶ 3; *see generally Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,* 545 U.S. 913, 928 (2005) (noting concern that "digital distribution of copyrighted material threatens copyright holders as never before").

Defendant Nguyen moved to dismiss Sunlust's complaint on multiple grounds, Doc. 12, to which Sunlust responded. Doc. 16. The Court set a hearing on Defendant's motion to dismiss and ordered, among others, "Plaintiff's Counsel, a representative of Plaintiff, [and] a principal of Prenda Law, Inc." to attend the hearing in person. Doc. 17. The Order did not

1

indicate that the Court contemplated an evidentiary hearing on the motion to dismiss. Nor did the Order state that Sunlust's representative was required to have knowledge regarding any specific topics or a particular scope of authority.

Sunlust's Complaint against Defendant had been filed by Florida attorney George A. Banas on July 30, 2012. Doc. 1. Shortly after filing the Complaint, Mr. Banas moved to withdraw and for substitution of Florida attorney Mathew T. Wasinger as counsel for Sunlust. Doc. 7. Mr. Wasinger responded to Defendant's motion to dismiss, but prior to the hearing on the motion, Mr. Wasinger also moved to withdraw and for substitution of Florida attorney Jonathan Torres as counsel for Sunlust. Doc. 20. Mr. Torres filed a notice of appearance on behalf of Sunlust. Doc. 22. The Court ordered that Mr. Wasinger's motion to withdraw would be heard at the motion to dismiss hearing. Doc. 21. Before that hearing took place, Mr. Torres also moved to withdraw as counsel for Sunlust.[1] Doc. 23.

The Order setting a hearing on Defendant's motion to dismiss was not served on Prenda Law. Ex. B ¶ 13. Nonetheless, when Mr. Duffy – Prenda Law's sole officer – became aware of it, he notified the Court that he would be unable to attend the hearing because recent surgery made it unsafe for him to fly. Doc. 28 at 10. Mr. Duffy also explained that he does not represent anyone in this matter and is not authorized to speak on any party's behalf. *Id.*

Defendant's motion to dismiss was heard on November 27, 2012. Doc. 28. Mr. Torres attended the hearing by telephone as counsel for Sunlust, and Mark Lutz attended in person as Sunlust's representative. At the outset of the hearing, the Court asked Mr. Torres how he came to represent Sunlust in this matter and what Prenda Law's involvement is in the case.

---

[1] The Non-Parties' understanding of the reasons Mr. Banas, Mr. Wasinger, and Mr. Torres moved to withdraw as counsel are set forth in Section V.A.3 below.

*Id.* at 5-7. The Court also asked Mr. Lutz about Prenda Law's representation of Sunlust and his qualifications to serve as the company's representative. *Id.* at 13-17. Finally, the Court asked questions of Mr. Steele, who was an observer in the public gallery. *Id.* at 18-19. The merits of Defendant's motion to dismiss were not considered. At the conclusion of the hearing, the Court dismissed Sunlust's Complaint against Defendant Nguyen as a sanction for failure to appear at the hearing, for failure to present a lawful agent, and for attempted fraud on the Court. *Id.* at 20. The Court further indicated that it would entertain a motion for sanctions and fees against Sunlust, against Mr. Wasinger for failing to appear at the hearing, and against Mr. Duffy for his lack of candor to the Court about his connection to this matter, based on Mr. Torres' testimony that Prenda Law contacted him about serving as counsel in this matter. *Id.* at 21. Defendant Nguyen has now moved for sanctions against Prenda Law, Mr. Duffy, Mr. Gibbs, and Mr. Steele under 28 U.S.C. Section 1927. Doc. 31.

## III.    The motion for sanctions rests on an inaccurate understanding of the facts.

Defendant's sanctions motion is filled with inaccurate and speculative factual assertions. The facts relevant to the Court's consideration of the sanctions motion are set forth in the declaration of Daniel Webber, a principal of Plaintiff Sunlust Pictures LLC ("Sunlust"), which is attached as Exhibit A, and the affidavits or declarations of Mr. Duffy, Mr. Gibbs, and Mr. Steele, which are attached as Exhibits B, C, and D, respectively. Review of these facts shows that Defendant's sanctions motion against the Non-Parties should be denied.

### A.    Facts regarding the involvement of Prenda Law in this matter.

Much of Defendant's motion for sanctions consists of speculation regarding the degree of involvement of Prenda Law in the litigation of this matter. The facts regarding the involvement of Prenda Law in this matter are set forth below.

Prenda Law is an intellectual property law firm that specializes in, among other matters, protecting copyrighted material against Internet piracy. Ex. B ¶ 5. Prenda Law represents Sunlust and other clients in copyright actions in a number of jurisdictions. *Id.* ¶¶ 6, 7. Where Sunlust's copyrighted material has been infringed on in a jurisdiction in which no attorney affiliated with Prenda Law is admitted, Prenda Law often finds counsel to represent Sunlust in that jurisdiction. *Id.* ¶ 8. Given its expertise in copyright litigation, Prenda Law typically assists counsel who represent Sunlust in copyright matters by preparing and assisting in the preparation of court papers. *Id.* Prenda Law did so in this case. Ex. C ¶¶ 8, 12, 20, 29.

Paul Duffy is the sole officer of Prenda Law. Ex. B ¶ 5. Although Mr. Duffy has represented Sunlust in copyright matters in Illinois, *id.* ¶ 11, he has had no involvement in the litigation of this case. *Id.* ¶¶ 10, 14.

Brett Gibbs is a California attorney who is of counsel to Prenda Law. Ex. C ¶ 5. He is not an employee of or partner in Prenda Law. *Id.* Mr. Gibbs assisted Sunlust in this matter by locating and assisting Sunlust to retain counsel in Florida. *Id.* ¶¶ 8-11, 18-20, 27-29.

### B. Mr. Steele's lack of involvement in the litigation of this matter.

Defendant's motion for sanctions also includes a great deal of conjecture about Mr. Steele's relationship to Prenda Law, Inc., and role in this case. Mr. Steele is an Illinois attorney who is of counsel to Prenda Law. Ex. D ¶ 4. He has no ownership interest in Prenda Law. *Id.* ¶5. While he has represented Sunlust in cases in states other than Florida, *id.* ¶ 22, he has not appeared in this case and has no involvement in this matter. *Id.* ¶ 6.

The motion for sanctions speculates that Mr. Duffy's letter to the Court was actually prepared by Mr. Steele, based on properties of the electronic document showing it was

prepared by a user identified as Mr. Steele's wife on a computer named for Mr. Steele's former law firm. Doc. 31 at 4. As Mr. Steele's declaration explains, however, Prenda Law occupies space that his former law firm used to occupy, and computers and other equipment belonging to his former law former were sold to Mr. Duffy when he opened Prenda Law.[2] Ex. D ¶ 8-11. Accordingly, the fact that the letter Mr. Duffy sent was drafted on the identified computer tends to show that in fact it was drafted by Mr. Duffy. Indeed, Mr. Duffy verifies in his affidavit that he drafted the letter he sent the Court. Ex. B ¶ 13.

The motion for sanctions contains further speculation that Mr. Steele continues to practice law in the building listed as Prenda Law's address. Doc. 31 at 5-6. While it is difficult to see how this issue could have any bearing on the motion for sanctions, any confusion in this regard is easily explained by the fact that Mr. Steele's firm was located in that building until earlier this year, and its successor firm remains there. Ex. D ¶ 8. Mr. Steele specifically attests that he has only been back to the building where Prenda Law's offices are a few times this year. *Id.* ¶13.

### C.     Facts regarding the use of Mr. Lutz as Sunlust's representative.

Finally, the motion for sanctions speculates regarding the decision to ask Mr. Lutz to attend as Sunlust's representative. Doc. 31 at 9-10. In fact, Mr. Lutz testified in this regard at the hearing. He explained that Sunny Leone, who is a principal of Sunlust, Ex. A ¶ 2, contacted him several months before to ask him to serve as a representative of Sunlust when

---

[2]Not only are Defendant's assertions in this regard factually inaccurate, but Defendant could easily have found them to be so. For example, Defendant states, "It is unlikely that Paul Duffy would own or use a computer associated with John Steele's wife, which would bear the name of John Steele's Illinois family law practice (a relatively new creation, post-Prenda Law and post-Steele Hansmeier)." Doc. 31 at 4. In fact, Mr. Steele's family law practice, Steele Law, LLC, was in business for years before Prenda Law or Steele Hansmeier were formed – all of which information is readily available on the websites of the Illinois and Minnesota Secretaries of State.

5

needed. Doc. 28 at 20. Mr. Webber, the only other principal of Sunlust, explains in his declaration that he and Ms. Leone were both in India filming a movie at the time of the November 27, 2012, hearing. Ex. A ¶ 5. While the Court's order did not state any particular requirements for Sunlust's representative, Mr. Webber states that Mr. Lutz was asked to appear on behalf of Sunlust because he has a great deal of knowledge regarding the underlying facts relevant to this case. *Id.* ¶ 7.

While the Non-Parties have attempted to address the fact matters relevant to the motion for sanctions, they do not wish to create the impression that they believe any assertions left unaddressed in this response to be accurate. To the contrary, they believe virtually every factual statement in the motion to be false. Because the motion for sanctions rests on false and speculative assertions, it should be denied.

## IV.   The Court lacks jurisdiction over the Non-Parties.

Defendant's motion for sanctions should be denied for the additional reason that the Court lacks jurisdiction over the Non-Parties. They have not been served with process or otherwise been brought within the Court's jurisdiction. Further, Defendant has not established that personal jurisdiction exists over Mr. Duffy or Mr. Gibbs.

Jurisdiction has not been established over the Non-Parties through service of process. In *McGuire v. Sigma Coatings, Inc.*, the Fifth Circuit addressed a district court's jurisdiction to sanction a non-party attorney who had not appeared in the matter before the court. The non-party in *McGuire* was in-house counsel for a corporation that was represented in the litigation by outside counsel. 48 F.3d 902, 903, 907 (5th Cir. 1995). Just as is true of the Non-Parties here, the in-house attorney in *McGuire* "had not been served with any document that would satisfy the requirement of formal process" and "was not a party to the case (or the

6

alter ego of a party), nor an attorney in it, nor a member of the district court's bar and thus was not otherwise subject to the district court's jurisdiction." *Id.* at 907. Accordingly, the district court "did not have jurisdiction to sanction" the attorney. *Id.* at 908. The fact that the non-party attorney had actual notice of the litigation did not cure the district court's lack of jurisdiction over him; "formal notice of contemplated action, or the waiver of notice by voluntary appearance, is part of the due process limitations on federal courts' jurisdiction." *Id.* at 907. Here, the Court has not acquired personal jurisdiction over the Non-Parties by service of process, and the Non-Parties have not waived and do not waive formal process.[3]

Further, Mr. Duffy and Mr. Gibbs object to this Court's exercise of personal jurisdiction over them. Even if they had been properly brought before the Court, the Court would lack personal jurisdiction over them due to their lack of contacts with the State of Florida. As set forth in their affidavits, these non-parties neither reside nor own property in Florida and do not practice law in Florida. Ex. B ¶¶ 2, 3, 4, 15; Ex. D ¶¶ 1-4. They accordingly fall outside Florida's long-arm jurisdiction statute. Fla. Stat. § 48.193. Moreover, it is the burden of the party seeking to invoke the Court's jurisdiction over another person to allege sufficient facts to make a prima facie case of personal jurisdiction over that person, and to produce evidence supporting jurisdiction if jurisdiction is challenged. *United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). The Defendant has

---

[3] The sanctions motion itself is procedurally defective in that it was not properly served. As set forth in the motion's certificate of service, it was served on the Non-Parties only by e-mail. Doc. 31 at 11. No provision of the Federal Rules allows for the service of a paper on non-parties via e-mail. *See generally* Fed. R. Civ. P. 4, 4.1(a), 5. Further, even where e-mail is a permissible means of service, it may be employed only if the recipient has consented in writing to service by email. The Non-Parties have not consented and do not consent to service via e-mail.

neither alleged nor proven facts establishing the Court's personal jurisdiction over Mr. Duffy or Mr. Gibbs.

**V.      Even if the Court could consider the motion for sanctions, it should be denied on the merits.**

Even if the Court could properly consider Defendant's motion for sanctions, the motion should be denied on the merits. Sanctions are not warranted under the only authority on which Defendant seeks them, 28 U.S.C. Section 1927. Nor are sanctions appropriate under the Court's inherent authority.

**A.      Sanctions are not warranted under 28 U.S.C. Section 1927.**

Defendant brings his motion for sanction exclusively under Section 1927. Doc. 31 at 1-2. Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

As an initial matter, Defendant cites no authority for the proposition that a non-party attorney who is not counsel of record in a matter may be subject to sanctions under Section 1927. Additionally, at least one Florida federal court has determined that law firms are not subject to sanctions under Section 1927 at all. *See Rodriguez v. Marble Care Int'l, Inc.*, 863 F.Supp.2d 1168, 1178 (S.D. Fla. 2012).

Further, Defendant states no credible basis on which to find any Non-Party unreasonably or vexatiously multiplied this litigation. Although it is not entirely clear from the motion for sanctions how Defendant alleges the Non-Parties multiplied the litigation, the motion appears to rely on the following conduct: (1) Mr. Duffy's November 18, 2012, letter

to the Court; (2) the filing of "every document . . . within this case;" (3) "the delay of the case management conference, numerous discussions on motions to withdraw, [and] having to review motions to withdraw;" and (4) designating Mr. Lutz as Sunlust's corporate representative for purposes of the motion to dismiss hearing. Doc. 31 at 3, 9-10. As is discussed in turn below, none of this alleged conduct warrants sanctions.

### 1.   Mr. Duffy's letter to the Court

As set forth in Mr. Duffy's affidavit, Exhibit B, Mr. Duffy's November 18, 2012, letter to the Court accurately stated that he was unable to attend the November 27, 2012, hearing for medical reasons.[4] Ex. B ¶ 13. The affidavit further verifies that the statement in Mr. Duffy's letter that he has had no involvement in this matter is accurate. *Id.* ¶ 14. While Mr. Duffy has occasionally represented Sunlust in matters in other jurisdictions, he had nothing to do with the filing or litigation of this case before he received a copy of the Court's Order setting a hearing on the Defendant's motion to dismiss. *Id.* ¶¶ 10-12, 14.

Defendant asserts, however, that Mr. Torres' testimony that Prenda Law contacted him regarding taking over as counsel in this matter establishes that Prenda Law was involved in this matter, and concludes that this means that Mr. Duffy was involved in this case. Doc. 31 at 2. As discussed above, Mr. Duffy has attested that he was not involved in the litigation of this matter. Ex. B ¶ ¶¶ 10-12, 14. Mr. Gibbs' affidavit further explains that he, as an attorney of counsel to Prenda Law, assisted Sunlust in retaining Florida counsel. Ex. D ¶¶ 8-11, 18-20, 27-29

---

[4] A declaration from Mr. Duffy's physician verifying his inability to travel will also be filed separately, along with a motion to seal the declaration because it contains confidential medical information.

The Court also indicated its concern at the hearing that it appeared from Mr. Torres's statements at the hearing that Mr. Torres was retained as local counsel for Prenda Law and that this was not disclosed in Mr. Duffy's letter. Doc. 28 at 21. Admittedly, Mr. Torres appeared confused at the hearing regarding his and Prenda Law's respective roles in this case. Mr. Torres first stated that Prenda Law is not the principal law firm in this case, *id.* at 4, then that it was the principal law firm. *Id.* at 6. He also stated that his understanding was that Prenda Law had been counsel on the case at one point, but that he was not sure whether they were any longer. *Id.* at 6. He then, when asked who was primarily responsible for the case, stated that his understanding was that he "was going to be primarily responsible and be local counsel for the case." *Id.* at 6-7.

Notwithstanding Mr. Torres' apparent confusion,[5] the truth about whether Prenda Law was ever counsel for Sunlust in this case can be ascertained by reference to the docket. Prenda Law has never filed an appearance in the case. No attorney who has appeared on behalf of Sunlust in this case has designated himself as "local counsel" to Prenda Law.

Prenda Law's relationship to this case is straightforward: an attorney who is of counsel to Prenda Law helped Sunlust find counsel. Ex. D ¶¶ 8-11, 18-20, 27-29. While Prenda Law represents Sunlust in actions in other jurisdictions, it does not represent Plaintiff in this case. Ex. B ¶ 11. In actions where Prenda Law works with a local counsel, the Prenda Law attorney files an appearance. *Id.* ¶¶ 9, 10. No such appearance was filed in this action.

Further, the hearing testimony demonstrates the accuracy of Mr. Duffy's statement that he has had no involvement in this case. Mr. Torres made clear that he has never had any

---

[5]The Non-Parties do not suggest that Mr. Torres' conflicting answers were given in bad faith; it appears he was genuinely confused about his role in this case.

contact with Mr. Duffy. Doc. 28 at 11. Likewise, Mr. Lutz testified that he has never spoken to Mr. Duffy about this matter. *Id.* at 17. Although Mr. Lutz knew that Prenda Law represents Sunlust in some matters, *id.* at 13, it was his understanding that Prenda Law did not represent Sunlust in this case and that Mr. Torres represented Sunlust here. *Id.* at 3, 13.

The premise that Mr. Duffy's letter demonstrated a lack of candor is thus incorrect as a factual matter. Further, the proposition that sanctions could be awarded under Section 1927 based on Mr. Duffy's letter is also without legal support. "In order for § 1927 to be applicable, there must be a causal connection between the objectionable conduct of counsel and multiplication of the proceedings." *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997). Accordingly, "objectionable conduct – even 'unreasonable and vexatious' conduct – is not sanctionable unless it results in proceedings that would not have been conducted otherwise." *Id.* Defendant has not identified any proceedings resulting from Mr. Duffy's letter that would not have otherwise taken place.

Finally, Mr. Duffy's letter provides no basis on which to impose sanctions against any other Non-Party, none of whom were involved in the preparation or sending of the letter.

### 2.    The filing of each document in this matter

Defendant offers no explanation for his suggestion, Doc. 31 at 3, that the filing of each document in this case unreasonably and vexatiously multiplied this litigation or was otherwise sanctionable under Section 1927. Nor does he offer any authority for the proposition that sanctions for the submission of a document to the court could be imposed against an attorney who is not counsel of record and did not file the document. The rule that governs an attorney's duties in connection with the submission of court papers, Federal Rule of Civil Procedure 11(b), expressly applies only to attorneys or unrepresented parties who

11

present a document to the court "by signing, filing, submitting, or later advocating it." The Non-Parties did not sign, file, submit, or advocate any document before this Court.

### 3.    The delay of the case management conference and filing of motions to withdraw

As discussed above, three Florida counsel appeared in this matter and shortly thereafter moved to withdraw. Sunlust sought an extension of the deadline to hold a case management conference in this matter because Sunlust's second attorney, Mr. Wasinger, had moved to withdraw, Doc. 18, and there can be little doubt that the case could have proceeded more expeditiously had Sunlust's counsel not repeatedly moved to withdraw.

The Non-Parties submit that the delay that has resulted from the attempted withdrawal of Sunlust's counsel is attributable to the conduct of counsel for the Defendant, Mr. Syfert. Mr. Syfert has previously filed unfounded bar complaints against Mr. Duffy and Mr. Steele,[6] as well as other attorneys affiliated with Prenda Law. Ex. B ¶ 16; Ex. D ¶¶ 14, 15. Mr. Banas, Mr. Wasinger, and Mr. Torres each expressed to Mr. Gibbs that the reason each one moved to withdraw from representing Sunlust was that Mr. Syfert contacted each of them and threatened to file bar complaints against them if they continued to represent Sunlust in this matter. Ex. C ¶¶ 15-17, 23-26, 31-36. Indeed, Mr. Torres testified at the November 27, 2012, hearing that his motion to withdraw was the direct result of communications from Defendant's counsel regarding bar complaints associated with this matter. Doc. 28 at 7, 9.

Defendant's counsel has thus repeatedly interfered with Sunlust's ability to retain counsel to litigate on its behalf by threatening them with the filing of bar complaints, a tactic

---

[6] Defendant's motion acknowledges the lack of evidence to support one of defense counsel's bar complaints against Mr. Steele, but blames the insufficiency of the evidence on Mr. "Steele's slippery and wily traits." Doc. 31 at 4.  The more plausible explanation, of course, is that his theory is simply false.

that appears to violate Florida's ethical rules. Ex. C ¶ 33; Fla. R. Professional Conduct 4-3.4(h) (prohibiting attorneys from presenting or threatening to "present disciplinary charges solely to obtain advantage in a civil matter"). Any delays here have resulted from defense counsel's litigation tactics, and are not a basis for imposing sanctions on anyone. There is certainly no basis to sanction the Non-Parties for such delays without a showing that had something to do with them.

### 4.    Designating Mr. Lutz as Sunlust's representative

Finally, the identification of Mr. Lutz at Sunlust's representative does not warrant sanctions. Defendant does not identify any manner in which offering Mr. Lutz as Sunlust's corporate representative delayed, prolonged, or multiplied the proceedings in this matter, making Section 1927 inapplicable.

Further, while the Court made it clear at the November 27, 2012, hearing that it did not consider Mr. Lutz to be an adequate representative of Sunlust, the decision to request that Mr. Lutz represent Sunlust at the hearing was made in good faith. Sunlust is a small operation, both of whose principals were in India filming a movie on the date of the hearing. Ex. A ¶¶ 2, 4. Because Mr. Lutz has extensive knowledge of the facts underlying this matter, it was believed that he was an appropriate person to serve as a representative for Sunlust at the hearing on the motion to dismiss. *Id.* ¶¶ 5-7. While it appears that the Court intended that Sunlust appear at the hearing through an officer or principal of the company, Doc. 28 at 20, the Court's order did not so specify. Doc. 17. Instead, it required that "a representative of Plaintiff" attend the hearing. Doc. 17. Undersigned counsel has not found in the caselaw a consensus regarding the meaning of the term "representative" such that a reader would necessarily assume that a "representative" required to attend a hearing on a motion to dismiss

must be a principal or officer of the company, or even an employee of the company. Black's Law Dictionary definition "representative" to mean "[o]ne who stands for or acts on behalf of another." Black's Law Dictionary 1416 (9th ed. 2009). That is what Mr. Lutz was asked to do here.

Finally, it is open to question whether it was within the Court's authority to order a representative of Plaintiff to appear at a motion to dismiss hearing. While the Seventh and Eleventh Circuits have held that district courts have the inherent authority to order a party to produce a corporate representative with full settlement authority at a pretrial conference pursuant to Federal Rule of Civil Procedure 16,[7] that holding is not without controversy.[8] It does not appear that this holding has been extended to hearings under Federal Rule of Civil Procedure 12, and because it is based on the case management purposes of Rule 16,[9] its reasoning does not appear to apply to such hearings. Moreover, here the Court did not order Sunlust to produce an individual authorized to discuss case management issues, or one with settlement authority, but merely a "representative." Given the lack of clarity regarding the Court's authority to do so, and Sunlust's good faith efforts to comply with the Court's order, the production of Mr. Lutz as Sunlust's representative does not warrant sanctions, and particularly does not warrant sanctions against any Non-Party.

**B.    Sanctions are not warranted under the Court's inherent authority.**

---

[7] See In re Novak, 932 F.2d 1397, 1407 (11th Cir. 1991); G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 650-53 (7th Cir. 1989).
[8] See Heileman, 871 F.2d at 657-58 (Posner, J., dissenting), 658-63 (Coffey, J., dissenting), 663-65 (Easterbrook, J., dissenting); 665-66 (Ripple, J., dissenting); 666-71 (Manion. J., dissenting).
[9] See Novak, 932 F.2d at 1403-07; Heileman, 871 F.2d at 650-53.

Defendant has not sought sanctions pursuant to the Court's inherent authority. Out of an abundance of caution, however, the Non-Parties address whether the Court may properly sanction them under its inherent authority.

There is conflicting authority regarding whether federal district courts may sanction non-parties pursuant to their inherent authority. *United States v. City of Detroit*, 2010 WL 53326953, *3 (E.D. Mich. 2010); *see e.g.*, *In re VIII So. Mich. Assocs.*, 175 B.R. 976, 982 (Bkrtcy. N.D.Ill. 1994) (court's inherent authority to impose sanctions "should be limited to parties and their counsel"). The Eleventh Circuit has not addressed this issue. *ANZ Advanced Technologies, LLC v. Bush Hog, LLC*, 2012 WL 715099, *9 (S.D. Ala. 2012).

Courts that have held sanctions may be imposed on non-parties under some circumstances have limited that authority to non-parties who "(1) have a substantial interest in the outcome of the litigation and (2) substantially participate in the proceedings in which he interfered." *ANZ Advanced Technologies, LLC*, 2012 WL 715099 at *9; *Feldman v. Davidson*, 2009 WL 995473, *2 (S.D. Fla. 2009); *Helmac Products Corp. v. Roth (Plastics) Corp.,* 150 F.R.D. 563, 568 (E.D.Mich.1993). Further, "[a] finding of bad faith conduct or of fraud is necessary for a court to invoke its inherent powers to impose sanctions." *In re VIII So. Mich. Assocs.*, 175 B.R. at 982 (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 50-51 (1991)); *see generally Bray & Gillespie Management, LLC v. Lexington Ins. Co.*, 2009 WL 5606058, *2 (M.D. Fla. 2009) ("Although the Court is afforded broad discretion in imposing sanctions, a sanction which impugns the character of counsel and imposes significant financial penalties and subjects counsel to potential liability to clients should be judiciously imposed on only clear showings of bad faith or violation of express orders of the Court.")

As discussed above, no conduct here warrants the imposition of sanctions. Even if there had been such conduct, however, and assuming for the purposes of argument that the Court has the authority generally to sanction non-parties under some circumstances, those circumstances are not present here. The maximum extent of the involvement of any of the Non-Parties in this litigation was finding counsel for an established client of Prenda Law and providing such counsel with draft pleadings and documents, none of which is improper, and none of which hindered or interfered with the proceedings. The involvement of Mr. Duffy was even more limited than that, Ex. B ¶¶10, 12, 14, and Mr. Steele's only involvement in this matter was to attend a public hearing as a spectator.[10] Ex. D ¶ 6, 7, 20, 21.

Further, the Supreme Court has cautioned that "because inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion." *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980). In imposing sanctions under its inherent authority, a court "must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 50 (1991). The required finding of "subjective bad faith" must be supported by "clear and convincing evidence." *S.E.C. v. Smith*, 798 F. Supp. 2d 412, 422 (N.D.N.Y. 2011). Here, there is no basis on which to make a finding of bad faith, much less clear and convincing evidence of bad faith. The efforts some of the Non-Parties made on Sunlust's behalf were for the purpose of assisting Sunlust in pursuing a valid copyright claim

---

[10]It does not appear that the Court contemplated that Mr. Steele would be the subject of a sanctions motion as a result of the Court's questions to him at the hearing. In order to preserve the issue for appeal if necessary, however, the Non-Parties respectfully object to the Court's *sua sponte* questioning of an observer in the public gallery. The notion that members of the public who attend a hearing might be subject to questioning by a court—and thus expose themselves to sanctions for their answers—runs entirely counter to the sacrosanct right of public access to the Courts. *See, e.g., Ryland v. Shapiro* 708 F.2d 967, 971 (5th Cir. 1983) (stating, "The right of access to the courts is basic to our system of government, and it is well established today that it is one of the fundamental rights protected by the Constitution.").

against an infringer in a jurisdiction in which Prenda Law does not practice. The Non-Parties did not believe (and do not now believe) those efforts to be improper. Even if the Court were to conclude otherwise, it should still take into account the Non-Parties' subjective good faith.

For these reasons, no sanctions are warranted under Section 1927 or the Court's inherent authority. Defendant's motion should be denied.

**VI.     The motion for sanctions was filed in bad faith for an improper purpose.**

Finally, the Court should take into account in evaluating Defendant's motion for sanctions that the motion appears to have been filed in bad faith[11] and for an improper purpose. *See MacKay v. Crews,* 2009 WL 5062119, *5 n.8 (E.D.N.Y. Dec. 16, 2009) (denying motion for sanctions based in part on movant's unclean hands). Following the November 27, 2012, hearing counsel for the Defendant sent the email that is attached as Exhibit E to Mr. Wasinger, Mr. Torres, Mr. Gibbs and Mr. Duffy. In the email, counsel for the Defendant offered to resolve this action and another case in exchange for a payment of $15,000, and threatened to seek sanctions against the Non-Parties and Mr. Wasinger if the offer was not accepted. Ex. E. Defendant's counsel acknowledged that he was aware he lacked a basis to seek fees against all of the Non-Parties:

> I will be requesting fees in the amount of approximately 10K for Nguyen, and filing a motion for sanctions against Wasinger, Gibbs, Duffy, Steele, and Prenda Law, Inc…. *We all know this game. While I might not be successful of [sic] pinning every one of you in, you and I know I will make things incredibly awkward.*

---

[11]In part due to its filing in bad faith, the sanctions motion also fails to comply with Local Rule 3.01(g). Rule 3.01(g) requires that, with limited exceptions not applicable here, a party filing a motion in a civil case "confer with the opposing party in a good faith effort to resolve the issues raised by the motion," and that the motion contain a certificate of conference. The motion for sanctions does not contain the required certificate of conference, and could not because the communications Defendant's counsel had with the Non-Parties regarding the contemplated motion were not made in good faith.

Ex. E (emphasis added). The filing of a motion for an improper purpose, including "to harass," is itself a basis for attorney sanctions. Fed. R. Civ. P. 11(b)(1). In the same email defense counsel offered that in exchange for "an upward departure" in the proposed amount of fees, he would keep the purported unethical conduct of the addressees "confidential." The full text of the relevant paragraph from defense counsel's e-mail is as follows:

> So, that's my price and it is not negotiable, in trade, you will get a full and final settlement of both these cases. We can put all these matters behind us. I would be open to negotiations of conditions, but not a negation of amount unless you would like *an upward departure in trade for confidentiality*. I gave you every opportunity to dismiss these cases and it was not out of weakness, it was out of kindness.

Ex. E (emphasis added). An offer to keep perceived attorney misconduct confidential in exchange for a monetary payment is also a serious ethical breach. *See* Fla. R. Prof. Conduct 4-803(a); *see also, e.g., In re Himmel*, 533 N.E.2d 790 (Ill. 1988) (disbarring attorney who failed to report attorney misconduct). After the Non-Parties chose not to respond to the proposal made by Defendant's counsel, Defendant filed the instant motion for sanctions.

Further, the Court may also wish to consider in evaluating the motion for sanctions the degree of personal animosity Defendant's counsel has exhibited toward attorneys who represent copyright plaintiffs in general, and the Non-Parties in particular. While ordinarily counsel's personal feelings or outside activities should have no place in matters before the Court, here the actions Defendant's counsel has taken to undermine on a large scale copyright plaintiffs' ability to sue infringers who have engaged in Internet piracy are so extreme as to bear on the credibility of his accusations against the Non-Parties.

In this regard, shortly after copyright litigation regarding the use of the BitTorrent file sharing protocol began on a large scale, Defendant's counsel created and began marketing over the Internet for sale to nonlawyers form motions to quash and motions to dismiss for lack of personal jurisdiction to be used by defendants in such lawsuits. A motion for sanctions against Mr. Syfert regarding this activity that was filed in *Voltage Pictures,, LLC v. Does 1-5,000*, Case No. 1:10-cv-00873-RMU (D.D.C.), is attached as Exhibit F. Ex. F at 6-8. In an email from Mr. Syfert that is attached to the sanctions motion, Mr. Syfert expresses in the most explicit terms possible his disdain for both the attorneys who represent copyright plaintiffs and the defendants they sue. Ex. F at Ex. 1. Not long after, Mr. Syfert appeared on a January 2011 videotaped netcast show, "This Week in the Law", which is available at http://www.youtube.com/watch?v=XXl-PE1SFB8. In the interview, found at16:06-16:52 of the video, Defendant's counsel acknowledged that his forms have never succeeded and advised that the only reason people should purchase them is to cause unnecessary work for copyright plaintiffs and their counsel to deter them from pursuing their claims.[12] Defendant's counsel's webpage now offers these forms for free download, a decision defense counsel states he made "due to the actions of the Plaintiff's attorneys, the so called 'Copyright Trolls', which now are representing the shameless industry of pornography, in an effort to coerce innocent people to pay settlements." http://www.grahamsyfert.com/.

Mr. Syfert's animosity toward the Non-Parties is evident from the vitriol contained in the sanctions motion. Further, as discussed, Mr. Syfert has repeatedly filed meritless bar complaints against Prenda Law and attorneys affiliated with it. Ex. B ¶¶ 16, 17; Ex. D ¶¶14,

---

[12]Defendant's counsel further, at 17-50-17:52 of the video interview, expresses the opinion that seeking settlements against those who have unlawfully downloaded pornography is "just not fair."

15. It was the threats of Defendant's counsel to continue this pattern that deterred three attorneys from representing Sunlust in this matter. Ex. C ¶¶ 15-17, 23-26, 31-36.

**VII.  The fees Defendant requests are unsubstantiated and excessive.**

Even if there were an appropriate factual and legal basis on which to award fees to Defendant – which there is not – the sanctions award requested here is unsubstantiated and excessive. Defendant's counsel claims to have spent 6.4 hours preparing the Motion and requests a corresponding award of $1,600.00. Doc. 31 at 11. Defendant fails to provide a declaration or other sworn evidence to substantiate his claim that 6.4 hours were expended in preparing the sanctions motion. Nor does Defendant provide any evidentiary support in connection with this motion for his requested hourly rate of $250 per hour. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (holding party seeking fees must produce satisfactory evidence that the fee sought is in line with prevailing market rates). Defendant also provides no breakdown of the tasks involved in preparing the motion, Doc. 31 at 11, some of which, such as "compiling exhibits," appear to be tasks that could be performed by an assistant at a significantly lower billing rate. Finally, Defendant's motion for sanctions appears to incorporate time spent on his amateur computer forensic efforts, *see, e.g.* Doc. 31 at 5 (describing Defendant's counsel's analysis of PDF documents), which as discussed above, led to conclusions that lack a factual basis. The Non-Parties should be under no obligation to reimburse Defendant for his attorney's unsuccessful amateur forensic efforts.

## CONCLUSION

For these reasons, Defendant's motion for sanctions should be denied.

Respectfully submitted,

/s/ James E. Felman
James E. Felman (FB# 775569)
Katherine E. Yanes (FB #159727)
KYNES, MARKMAN & FELMAN, P.A.
Post Office Box 3396
Tampa, Florida 33601
Telephone:      (813) 229-1118
Facsimile:      (813) 221-6750
jfelman@kmf-law.com
kyanes@kmf-law.com

*Counsel for Non-Parties Prenda Law, Inc., Paul Duffy, Brett Gibbs and John Steele*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 20, 2012, I electronically filed the foregoing with the Clerk of the Court which will send a notice of electronic filing to:

Graham W. Syfert
graham@syfert.com

Matthew Thomas Wasinger
mattw@wasingerlawoffice.com

/s/ James E. Felman
James E. Felman

21