**Graham W. Syfert, Esq.** <graham@syfert.com>　　　　　　　　　　　　Tue, Nov 27, 2012 at 6:03 PM
To: Matthew Wasinger <mattw@wasingerlawoffice.com>, Jonathan Torres <jonathantorresllc@gmail.com>, Brett Gibbs <blgibbs@wefightpiracy.com>, pduffy@wefightpiracy.com, pduffy@pduffygroup.com

> The judge essentially gave me five or six different ways to obtain fees in this matter. Sanctions under Rule 11, for violation of rules, for Wasinger's failure to appear, and the dismissal should operate as an adjudication on the merits, allowing me to recover copyright attorneys fees against your client Sunlust Pictures, LLC.
>
> In Nguyen, Wasinger is the only counsel of record. No other attorney is allowed to appear in this case without leave from the court.
>
> In Oppold, Torres is the only counsel of record. I do not expect Orlando to be a repeat of Nguyen, I would expect it to be three times worse for your client First Time Videos, even if a corporate representative was available.
>
> I include you Mr. Gibbs, because your name was coming up so often during the hearing as the responsible attorney, and I know you are an agent of Prenda Law.
>
> I include John Steele because, well, I believe he has the purse strings and I believe he has the most against me personally and he showed up at the hearing today.
>
> It comes to my attention that any or all of you might like to save your clients time and money, as well as your own as these sort of sanctions are personal in nature.
>
> I can settle out the matter of attorneys fees and sanctions for a lump sum payment of $15,000.00, roughly $5000.00 less than I expect to earn in fees and sanctions between the two cases. This payment would need to be received in my office by 2pm on December 7th.
>
> I will be requesting fees in the amount of approximately 10K for Nguyen, and filing a motion for sanctions against Wasinger, Gibbs, Duffy, Steele, and Prenda Law, Inc. The motion for sanctions against Steele will be for parading Mark Lutz up before the judge when he had no authority to speak on behalf of Sunlust. We will obtain a judgment of fees against Sunlust, and if they refuse to pay I will execute on the judgment and bill for that time. We all know this game. While I might not be successful of pinning every one of you in, you know I will make things incredibly awkward. Once judgment is obtained, I will stop at nothing to collect, will file liens and motions to intervene in all related federal cases to prevent collection, etc. I can be really creative once I have a judgment in place.
>
> One thing I have been toying with is garnishing the royalties she would earn on the sale of her pocket pal.
>   http://www.docjohnson.com/masturbators/pussy/vivid-girl-sunny-leone-ur3-pocket-pal.html
>
> I have people now begging me to give them permission to write about the hearing and Prenda Law, begging me to tell them what happened. Sunlust probably doesn't want this kind of publicity, and surely Prenda can't afford it now.
>
> This is a one time offer for settlement on the Oppold case. Currently If a dismissal is filed and the $15,000 payment is made by 2pm on December 7th, we will waive all claims to fees and costs in that suit.
>
> For all of you, this payment of $15,000 is your way out of both the Oppold and Nguyen cases. if you want specifics, we will do specifics.

I require an answer to whether we can make all of this go away by the 5pm Thursday the 29th. I will begin working on the multiple motions for sanctions at that time, and the fees will automatically increase as I work. I hope you all cooperate with me instead of fighting this. I think $15,000.00 and a dismissal of both cases is a good fair deal for you and your clients. And before you all say that this is too high, just remember that my drive time alone was worth $2000.00 today. That "tour-de-force" motion that I filed took me the better part of two weeks.

So, that's my price and it is not negotiable, in trade, you will get a full and final settlement of both these cases. We can put all these matters behind us. I would be open to negotiation of conditions, but not a negotiation of amount unless you would like an upward departure in trade for confidentiality. I gave you every opportunity to dismiss these cases and it was not out of weakness, it was out of kindness.

I am putting this offer forth out of kindness, and a willingness to call a truce on all grounds and matters. I will continue to make these sorts of offers, but monetarily they will only increase as we continue.

Again, I require an answer to whether we can make all of this go away by 5pm Thursday the 29th.

---

Graham W. Syfert
Florida/Georgia Attorney at Law

http://www.syfert.com/

Graham W. Syfert, Esq., P.A.
1529 Margaret Street, Ste 2
Jacksonville, FL 32204
Phone: (904) 383-7448
Fax: (904) 638-4726
graham@syfert.com

NOTICE: The information contained in this email message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this communication in error.