# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SUNLUST PICTURES LLC,

      Plaintiff,                           Case No. 8:12-CV-01685-MSS-MAP

v.

TUAN NGUYEN,

      Defendant.
_____/

## URGENT RENEWED MOTION FOR WITHDRAWAL AS COUNSEL FOR THE PLAINTIFF AND MOTION FOR AN EXTENSION OF TIME FOR PLAINTIFF TO RESPOND TO DEFENDANT'S MOTION FOR SANCTIONS AND ATTORNEY'S FEES AND COSTS

Matthew T. Wasinger, former counsel for Plaintiff, SUNLUST PICTURES LLC, again hereby *urgently* moves the Court pursuant to Rule 2.03, Local Rules, Middle District of Florida, for an order permitting him to withdraw as counsel of record for Plaintiff in this action, and grant an extension to Plaintiff of 30 days to respond to Defendant's Motion for Sanctions and Attorney's Fees and Costs.

As grounds for this Motion:

1.     I have been counsel for the Plaintiff since August 13, 2012. Now, I wish to renew my motion to withdraw as counsel for the Plaintiff that was originally filed on November 8, 2012, and renewed on December 5, 2012.

2.     This renewed Motion to Withdraw, as was the initial Motion, is made in good faith and the undersigned counsel has good cause to make this motion, as the undersigned has significant ethical concerns of the operation of Prenda Law that prevent the undersigned from

continuing to represent the SUNLUST PICTURES, LLC in good faith, and as a result require him to withdraw in accordance with Rule 4-1.16(a) of the Florida Rules of Professional Conduct.

    3.    Also, aside from the serious ethical concerns the undersigned has about the manner in which the Prenda Law firm has proceed in this case, because this case has been dismissed, and a Motion for Sanctions has been brought against the undersigned individually, and separately against the Plaintiff and Prenda Law representatives, the undersigned cannot in good faith continue to represent the Plaintiff with regard to any further issues in this claim as there is now a clear conflict of interest.

    4.    The undersigned has informed Prenda Law and Sunlust Pictures, LLC, multiple times of his termination of representation of Sunlust Pictures in this matter since the November 27, 2012 hearing.

    5.    This was first conveyed to Brett Gibbs via telephone on November 29, 2012. During that conversation, the undersigned requested to speak directly with the principals of Sunlust Pictures, LLC. Mr. Gibbs advised that Mr. Mark Lutz would set up a conference call the next day with the principals. However, given Mr. Lutz's testimony during the November 27, 2012 hearing, I advised Mr. Gibbs that I would not be speaking with Mr. Lutz as he is clearly not a principal or officer of Sunlust Pictures, and I again advised Mr. Gibbs that I would no longer be able to act as local counsel for Sunlust Pictures, nor would I be working in any capacity with Prenda Law. As such, I again advised Mr. Gibbs that Sunlust Pictures needed to retain new counsel. This was detailed in a follow up email was sent the same day, November 29, 2012, with letters of termination of representation attached to the email. Those same letters were enclosed in a cover letter on November 30, 2012 and sent via certified mail to Mr. Gibbs. Included in those November 30, 2012, letters was the time limitation for seeking to set aside the dismissal

order and/or to appeal that order, as well as a deadline of December 3, 2012 to find independent counsel to take over for the undersigned. This deadline was based on a November 29, 2012 email Mr. Gibbs sent to the undersigned specifically advising that Sunlust was "prepared to bring in independent counsel to alleviate you of any burden in this case."

6. December 3, 2012 passed without any contact from Mr. Gibbs, and on December 4, 2012 I called and left a message for Mr. Gibbs with his assistant/receptionist to contact me regarding this matter. A follow up email was sent the same day inquiring into the status of independent counsel and reiterating my concerns and inability to represent Sunlust Pictures.

7. After not hearing a response, the undersigned sent a follow up email on December 6, 2012, once again requesting an update on the independent counsel being brought in to take over for Sunlust Pictures; and included the Defendant's Motion for Attorney fees and advised of the local rule regarding a time frame for responses to Motion. This email also specifically requested "a valid name, address, email, and telephone number of a registered agent and/or principal of Sunlust." The December 6, 2012 email was followed up with another phone call to Mr. Gibbs' office at which time another message was left with Mr. Gibbs' assistant.

8. After not receiving any response from Mr. Gibbs, on December 7, 2012, the undersigned sent, via overnight mail, a letter to David Adelman, the registered agent of Sunlust Pictures, that the undersigned found doing a internet search of Sunlust Pictures. The December 7, 2012 letter advised Mr. Adelman of my termination of representation of Sunlust and my local counsel/of-counsel arrangement with Prenda Law. This letter also enclosed all of the documents that had been filed since the undersigned had been substituted in as counsel to ensure the Plaintiff was fully aware of the need for new counsel to be obtained. All the foregoing emails and letters are attached hereto and accompanied herein as Exhibit A.

9. Despite the foregoing, the undersigned never received any response from anyone at Prenda Law, or Sunlust Pictures, LLC, until Mr. Gibbs left a voicemail on my office phone at 6:24 p.m. on December 19, 2012, yesterday, advising that a representative (he did not advise who) would be emailing me a Response of some kind that the next day, December 20, 2012, as that was the initial deadline to file a Response to the Motions filed by the Defendant. Moreover, Mr. Gibbs noted if the pleading was not filed by the undersigned the Plaintiff would explore all options, including a possible suit against the undersigned.

10. On December 20, 2012, the undersigned spoke via telephone with Mr. Gibbs who advised once again, that a representative would be emailing the Response/Joinder, and to make sure I filed it before the end of the day. Despite asking multiple times who drafted the document and who would be sending the document, Mr. Gibbs refused to provide any answers.

11. It was not until 3:10 p.m. Eastern time, that the undersigned received the pleading, "Plaintiff Sunlust Pictures, LLC's Response to Defendant Tuan Nguyen's Motion for Award of Attorney's Fees and Costs." The document was sent via PDF with the undersigned's electronic signature already affixed to the pleading, which the undersigned *never* authorized. The pleading was sent via email by Mr. Mark Lutz, with his signature block noting he was a Corporate Representative of Sunlust Pictures, LLC.

12. The undersigned sent an email to Mr. Lutz advising that based on his testimony before the Court on November 27, 2012, the only person to discuss this pleading with was Mr. Webber, principal for Sunlust Pictures. However, Mr. Lutz responded that Mr. Webber was out of the country, and asked Mr. Lutz to handle these matters for him. Included in Mr. Lutz's response email was a slightly modified version of the pleading with the undersigned's electronic

signature once again affixed without authorization. The Plaintiff's pleading and the emails from Mr. Lutz are attached hereto and accompanied herein as Exhibit B.

13. The undersigned cannot, within the ethical duties of an officer of this court, file the Plaintiff's pleading and/or attest to its contents, or the contents filed by the Non-Parties of Prenda Law in Response to the Defendant's Motion for Sanctions and Attorney's Fees and Costs.

14. Until 2:00 P.M. today, the undersigned has had no contact from the Prenda Law firm, despite multiple letters, emails and calls, with Prenda Law. (Exhibit A.) Further, the undersigned has been unable to speak directly with the principals of Sunlust Pictures, despite multiple requests to do so. (Id.) As such, I cannot adequately represent my client when I cannot speak with them directly.

15. Given the foregoing, and the Order entered by this Honorable Court on December 19, 2012 (Dkt. 37.), the undersigned cannot, and does not, want any association with any persons or companies that has in, the Court's words, "attempted to deceive this Court" or "misrepresent its role in the case." (Id.)

16. The undersigned once again apologizes to this Court for its inadvertent failure to appear at the November 27, 2012 hearing. The undersigned would never intentionally ignore or disobey a Court Order.

17. However, given the fact that this Honorable Court has yet to rule on the undersigned's Renewed Motion to Withdraw (Dkt. 33 and 34.), the undersigned is in an impossible situation. Either file a pleading prepared by Prenda Law that the Court may ultimately find is misleading, or not file the pleading and face possible liability for not continuing to represent Sunlust Pictures.

18.     As such, the undersigned, once again, respectfully and urgently requests this Court allow the undersigned withdraw from this case as the undersigned cannot ethically represent the Plaintiff.

19.     Further, the undersigned requests this Court grant the Plaintiff an extension of 30 days to respond to the Motion for Sanctions and Attorney's Fees and Costs in order to find new counsel in this case.

20.     Pursuant to Local Rule 2.03, Plaintiff and opposing counsel have had the requisite notice of Counsel's intention to withdraw prior to the filing of this motion dating back to October of 2012.

21.     This renewed Urgent Motion is made in good faith and not for the purposes of delay.

<u>CERTIFICATE OF GOOD FAITH<br>COMPLIANCE WITH LOCAL RULE 3.01(G)</u>

The undersigned conferred with Opposing Counsel pursuant to Local Rule 3.01(g), and he had no objections to the undersigned counsel's Motion to Withdraw.

<u>CONCLUSION</u>

For the reasons set forth in this motion, Counsel respectfully request that the Court enter an Order allowing the undersigned to withdraw as counsel for the Plaintiff, and grant the Plaintiff an Extension to respond to the Defendant's Motion for Sanctions and Attorney's Fees and Costs of 30 days in order to find new counsel.

Respectfully submitted December 20, 2012,

By:   /s/ Matthew T. Wasinger
      Matthew T. Wasinger (Bar # 57873)
      WASINGER LAW OFFICE, PLLC
      605 East Robinson Street, Suite 730
      Orlando, FL 32801

Phone: 407-850-8406
Email: mattw@wasingerlawoffice.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 20, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system; and via regular mail to:

Sunlust Pictures, LLC
c/o David Adelman, Registered Agent
7336 Santa Monica Blvd, Suite 31
West Hollywood, CA 90046

/s/ Matthew T. Wasinger
Matthew T. Wasinger