**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SUNLUST PICTURES LLC,

       Plaintiff,                            Case No. 8:12-CV-01685-MSS-MAP

      v.

TUAN NGUYEN,

       Defendant.
_____/

**MEMORANDUM OF NON-PARTY JOHN STEELE IN OPPOSITION TO DEFENDANT TUAN NGUYEN'S SECOND MOTION FOR SANCTIONS**

Defendant Tuan Nguyen's motion for sanctions and an order to show cause against Non-Party John Steele ("Mr. Steele"), Doc. 46, should be denied. While titled a motion for sanctions, in actuality Defendant Tuan Nguyen's new filing is in part an unauthorized reply to the Non-Parties' response to his prior sanctions motion. Moreover, the motion seeks sanctions against Mr. Steele based on speculation, with no foundation in law or fact. As explained in the following Memorandum, this motion, like Defendant Nguyen's prior sanctions motion, fails to establish any basis for sanctions against Mr. Steele.

**MEMORANDUM**

**I.    Background**

The present motion is Defendant Nguyen's third attempt to have sanctions imposed against Mr. Steele in a matter that Mr. Steele is neither a party to nor attorney of record in. Defendant Nguyen first sought sanctions against Mr. Steele and other non-parties to this matter (the "Non-Parties") pursuant to 28 U.S.C. Section 1927, on the theory that the Non-

Parties had unreasonably multiplied this litigation. Doc. 31. Defendant Nguyen also sought to have Mr. Steele and the other Non-Parties held jointly and severally liable for the award of attorney's fees he sought against the Plaintiff in this matter, Sunlust Pictures LLC ("Sunlust"). Doc. 35. The Non-Parties, including Mr. Steele, responded to both motions. Doc. 40, Doc. 42. Although Middle District of Florida Local Rule 3.01(c) prohibits the filing of a reply brief without leave of court – which Defendant Nguyen has neither sought nor received – much of Defendant Nguyen's new motion for sanctions against Mr. Steele responds to matters raised in the Non-Parties response to his prior sanctions motion and the exhibits to that response.

The background of this matter, numerous facts relevant to the Court's evaluation of Defendant's new sanctions motion, and a discussion of relevant legal principles are set forth in the Non-Parties' prior responses. In order to avoid burdening the court record with duplicative filings, rather than repeat the matters contained in the prior responses, Mr. Steele adopts and incorporates by reference those responses and will cite to the responses and the corresponding exhibits where possible.

## II.     The Court lacks jurisdiction over Mr. Steele.

As discussed in the Non-Parties' response to the Defendant Nguyen's prior sanctions motion, the Court lacks jurisdiction to award sanctions against Mr. Steele, as a non-party attorney who has not appeared in this matter. Doc. 40 at 6-7. Like Defendant's prior motions, the current motion states no basis for the Court's jurisdiction over Mr. Steele. There is none.

### III. Sanctions are not warranted under 28 U.S.C. Section 1927 or the Court's inherent authority.

Defendant seeks sanctions under Section 1927 and the Court's inherent authority. Doc. 46 at 1. Neither provides a basis for an award of sanctions here.

#### A. Sanctions are not warranted under Section 1927.

The Non-Parties' response to Defendant Nguyen's prior motion for sanctions explained that sanctions may not properly be imposed against Mr. Steele under Section 1927. Doc. 40 at 8. Section 1927 provides for *counsel*'s liability for excessive costs when the proceedings in a matter were multiplied unreasonably and vexatiously. Because Mr. Steele is not counsel in this action, he is not subject to Section 1927's reach. *See id.* Moreover, it bears noting in connection with the third meritless motion for sanctions filed in this matter that is not Mr. Steele's conduct that has unreasonably and vexatiously multiplied this litigation.

#### B. Sanctions are not warranted under the Court's inherent authority.

As discussed in the Non-Parties' prior response, it is open to question whether federal district courts may sanction non-parties pursuant to their inherent authority. *See* Doc. 40 at 15. Those courts that have held such sanctions are permissible have limited them to non-parties who have a substantial interest in the outcome of litigation and have substantially participated in the proceedings. *See id.* Because neither requirement is met here as to Mr. Steele, *see* Doc. 40 Ex. D, the Court need proceed no further to deny Defendant's sanctions motion in its entirety.

Further, Defendant offers little more than his own counsel's speculation as a basis for his request that the Court sanction Mr. Steele. The motion contends that Mr. Steele should

3

be sanctioned based on: (1) Mr. Weber's declaration and amended affidavit; and (2) Mr. Steele's affidavit. Each purported basis for sanctions will be discussed in turn.

### 1. Mr. Weber's affidavit.

The Non-Parties' response to Defendant Nguyen's first sanctions motion included affidavits or declarations from an officer of Sunlust, Mr. Daniel Weber, as well as each of the individual Non-Parties. Doc. 40 Ex. A-D. Following the filing of the response, it came to the attention of the Non-Parties' counsel that Mr. Weber's name had inadvertently been misspelled in his declaration, and that the declaration contained an inaccurate statement regarding Mr. Weber's geographic location on the date of the November 27, 2012, hearing in this matter. It further came to the attention of the Non-Parties' counsel that the declaration of Non-Party Mr. Gibbs did not contain the language required by 28 U.S.C. Section 1976. Accordingly, the Non-Parties withdrew the exhibits in question and filed amended exhibits. Doc. 44.

Notwithstanding that Mr. Weber corrected his declaration after being notified of the errors it contained, Defendant Nguyen contends that Mr. Weber's initial declaration was an attempted fraud on the court. As the Notice of Filing and the amended affidavit of Mr. Weber explain, however, Mr. Weber's name was misspelled inadvertently, and his original travel schedule to India did conflict with the November 27, 2012, hearing, but was changed because his dog had emergency surgery. Doc. 44 at 1 & Ex. A ¶ 5.

Defendant Nguyen nonetheless engages in a great deal of speculation regarding the drafting of Mr. Weber's declaration, its execution, the manner of its transmission, and location from which it was transmitted. Doc. 46 at 2-8. He offers further speculation

regarding Mr. Weber's explanation in his amended affidavit that his trip to India was delayed as a result of his dog's surgery. *Id.* at 8-9. Conjecture will not suffice as a basis for the imposition of sanctions, however. As discussed in the Non-Parties' prior response, sanctions may be imposed only upon a showing by clear and convincing evidence of misconduct undertaken in bad faith. *See* Doc. 40 at 16. No such showing has been made here.

Further, while Defendant's assertions regarding Mr. Weber's declaration and affidavit lack any foundation in fact, even if each of Defendant's assertions rang true – which they do not – there would still be no legal basis for imposing sanctions against Mr. Steele based on Mr. Weber's statements. Mr. Steele did not sign or file Mr. Weber's declaration or affidavit. Defendant has not identified and cannot identify a legal basis for holding Mr. Steele responsible for Mr. Weber's statements.

### 2.     Mr. Steele's affidavit

Defendant further asserts that sanctions should be imposed on Mr. Steele based on Mr. Steele's own affidavit. Doc. 46 at 11-16. Specifically, Defendant asserts the Mr. Steele misrepresented facts regarding the sale of the Steele Law firm, the disposition of bar complaints Defendant's counsel filed against him, and his actions during the November 27th hearing. Defendant further asserts that Mr. Steele's status as recipient of certain e-mails evidences a lack of candor with the Court. Doc. 46 at 11-17. None of these assertions is accurate and none provides a basis for sanctions.

First, Mr. Steele's affidavit explained that he sold his former law firm, Steele Law, to another attorney, in a sale that closed on April 1, 2012. Doc. 40 Ex. D ¶ 8. Defendant contends that Mr. Steele's law firm was not sold to another firm, but merged with that firm,

5

and that the merger was effective March 1, 2012, instead of April 1, 2012. Doc. 46 at 11. Even if Defendant were correct in this regard – and he is not – this alleged discrepancy would be extremely minor and is irrelevant here. With regard to Mr. Steele's use of Prenda Law's address in a court filing in another case after the date his firm was sold, Mr. Steele acknowledged in his affidavit that he is of counsel to Prenda Law. Doc. 40 Ex. D ¶ 4. There is no inconsistency between Mr. Steele's affidavit and his filing of a court document on behalf of Prenda Law, using Prenda Law's address.

Second, Defendant asserts that Mr. Steele misrepresented the disposition of bar complaints Defendant's counsel filed. Doc. 46 at 12-13. It is not apparent from Defendant's motion what misrepresentation he believes was made. Mr. Steele asserted that the Florida Bar threw out the bar complaints Mr. Syfert filed against him and others associated with Prenda Law. Doc. 40 Ex. D ¶¶ 14, 15. While Defendant's counsel may disagree with the Florida Bar's decision to dismiss the bar complaints he filed with no findings of any wrongdoing, he has to concede that this is in fact what happened. Doc. 46 at 12-13.

Third, Defendant argues that Mr. Steele misrepresented facts regarding his actions during the November 27, 2012 hearing. Doc. 46 at 14. This argument is based on more conjecture, as well as a recitation by Defendant's counsel of his recollection of events at the hearing – which is likewise not evidence. *See Jinan Yipin Corp., Ltd. v. United States*, 800 F. Supp. 2d 1226, 1263 n. 48 (Ct. Int'l Trade 2011) ("The distinction between statements of counsel and evidence is well-established.") (collecting cases). Mr. Steele has submitted sworn testimony regarding his actions during the hearing and stands by his statements.

Defendant's conjecture and the unsworn assertions of his counsel provide no basis for imposing sanctions.

Finally, Defendant asserts that Mr. Steele's inclusion on certain e-mails shows that his statement that he was not involved in the litigation of this matter is inaccurate.  Doc. 46 at 15.  Given the history between Defendant's counsel and Mr. Steele and other attorneys associated with Prenda Law, however, as described in Mr. Steele's affidavit, Doc. 40 Ex. D ¶¶ 14, 15, 19, it is not particularly surprising that a Prenda Law attorney would copy Mr. Steele on an email regarding a proposed bar complaint against Mr. Syfert.  While Mr. Steele has no involvement in this case, he does not deny having an unpleasant history with Mr. Syfert.  Indeed, the reasons a Prenda Law attorney might think Mr. Steele would be interested in the anticipated filing of a bar complaint against Mr. Syfert are well-illustrated by the personal nature of the accusations against Mr. Steele in Defendant's multiple sanctions motions here.

In sum, Mr. Steele's affidavit provides no basis for sanctions against him.

### IV.   Conclusion

For these reasons, Defendant's motion should be denied.

Respectfully submitted,

*/s/ James E. Felman*
James E. Felman (FB# 775569)
Katherine E. Yanes (FB #159727)
KYNES, MARKMAN & FELMAN, P.A.
Post Office Box 3396
Tampa, Florida 33601
Telephone:     (813) 229-1118
Facsimile:      (813) 221-6750
jfelman@kmf-law.com
kyanes@kmf-law.com

*Counsel for Non-Parties Prenda Law, Inc., Paul Duffy, Brett Gibbs and John Steele*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 14, 2013, I electronically filed the foregoing with the Clerk of the Court which will send a notice of electronic filing to:

Graham W. Syfert
graham@syfert.com

Matthew Thomas Wasinger
mattw@wasingerlawoffice.com

*s/ James E. Felman*
James E. Felman

8