UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

| | |
|---|---|
| SUNLUST PICTURES, LLC, )<br>)<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>TUAN NGUYEN, )<br>)<br>)<br>Defendants, ) | Civil Action No.<br>8:12-CV-1685-MSS-MAP<br><br>*April 11th, 2013* |

## NOTICE OF AGREEMENTS ON MOTIONS FOR SANCTIONS

Defendant, Tuan Nguyen, by and through undersigned counsel, withdraws their request for sanctions against two parties, Matthew Wasinger, and Brett Gibbs, and states:

<u>Withdrawal of Motion for Sanctions against Mr. Wasinger</u>

Defendant has filed a motion for sanctions against Attorney Wasinger in this action pending at Dkt. 30. Current Plaintiff's counsel of record Wasinger, Esq., has filed an Urgent Renewed Motion to Withdraw, without objection of Defendant's counsel. *See* Dkt. 43. The procedural posture of the case is as follows: The court has not allowed Mr. Wasinger to withdraw from this action. *Id.* Plaintiff Sunlust Pictures, LLC has not retained counsel as was promised to Mr. Wasinger by Prenda Law, Inc. *Id.* The time has elapsed for Sunlust Pictures, LLC to file a response to Plaintiff's motion for attorney's fees. *Id.* Defendant's agreement to extend the time for Sunlust Pictures, LLC, has also expired. *Id.* (filed on 12/20/12 asking for 30 days, and noting Defendant's consent to that

extension of time to file a response to Defendant's motion for award of fees against Sunlust). Upon information and belief, Mr. Wasinger is still urgently wanting to withdraw from the case, and still has not been able to contact his clients.

Mr. Wasinger has, through his urgent renewed motion, to the best of his ability and without violating the confines of attorney-client privilege, informed Defendant's counsel of all relevant facts which may assist the Defendant in forming a clear picture of what occurred in this case. Based upon the filings in this matter, and the oral representations of the Plaintiff's counsel of record, Defendant's counsel withdraws the motion for sanctions against Mr. Wasinger upon the agreement that $500.00 will be paid within a reasonable time. It is the belief of the Defendant that Mr. Wasinger was duped by Prenda Law and is a victim of their actions, who acted solely upon their direction.[1] Mr. Wasinger was contacted and hired through Brett Gibbs, however, the use of Brett Gibbs was an effort to conceal and eliminate the identity of John Steele and the other actors within Prenda Law who were directing this case.

The Defendant and undersigned counsel believe that any unethical or questionable litigation practices on his part (other than missing the hearing) have been a result of inducement by the management team of Prenda Law who have deprived him of communication with his client, and have in turn deprived Sunlust of a proper defense. Defendant believes that $500.00 is a reasonable sum for Mr. Wasinger's expected limited role and capacity and requests that the court consider the Motion for Sanctions against Matthew Wasinger withdrawn.

---

[1] Mr. Wasinger stated, in a reply drafted by Prenda Law, that he was not duped, but now would readily admit that he does not trust anyone with Prenda Law.

<u>Withdrawal of That Portion of Motion for Sanctions Requesting an Award</u>

<u>Against Mr. Gibbs</u>

Mr. Gibbs, in *Ingenuity 13, LLC v. John Doe*, Case No.: 2:12– CV– 8333-ODW – JC (Dkt. 58) (hereinafter "the Ingenuity 13 case" filed an affidavit which is slightly in opposition to his earlier statements which essentially stated, at least by way of induction, that he was in charge of the litigation of Prenda Law and client contact in litigation held only within the State of California and not in this case. *See generally* Dkt. 44.2.   In this affidavit, Mr. Gibbs points to "Prenda Law" generally, as the litigation managers and decision makers of the instant Sunlust case, but does not name any parties. *See generally id.*

Defendant reached out to Brett Gibbs, through current counsel for Mr. Gibbs, and was directed to speak with Andrew Waxler, with Waxler Carner and Brodsky, LLP, who is appearing on behalf of Brett Gibbs in the Ingenuity 13 case in California.   Specifically, the Defendant contacted Mr. Gibbs looking for n answer as to who directed the litigation in the this Sunlust case, and who made the decision to place Mark Lutz in the courtroom as a corporate representative of the Plaintiff.   The defendant wanted a more definitive statement from Mr. Gibbs that would shed light on the management decisions in this matter, and who was depriving Mr. Wasinger of the ability to communicate with his client.

Mr. Gibbs offered the attached declaration (attached as Exhibit "A"), against the interests of both John Steele and Paul Hansmeier, the original partners of Steele|Hansmeier, PLLC.  John Steele and Paul Hansmeier retained their management position over the acts of Prenda Law, Inc. after the sale of Steele|Hansmeier.  *Compare*

Dkt. #31, Exhibit "D" (John Steele Affidavit of No UPL), and Exhibit "C" to this filing (Brett Gibbs discussing the seamless management transition from Steele|Hansmeier to Prenda Law because no management changed).

Mr. Gibbs has testified that John Steele and Paul Hansmeier directed his actions, even after Steele|Hansmeier, PLLC was sold to Prenda Law and all operations turned over to Paul Duffy and Joseph Perea. *See attached* Exhibit "B", Transcript from *Ingenuity 13 v. John Doe*, Case No.: 2:12– CV– 8333-ODW – JC (CD Cal.), March 11th, 2013, filed in *AF Holdings v. Patel*, 2:12-CV-00262-WCO (ND Ga.) (pg. 98, Gibbs admits that he has been duped by John Steele and Paul Hansmeier "in a way") (pg. 108-9, Gibbs explains how his e-mail address was put on the original complaint in the instant Sunlust case) (pg. 109-10, Gibbs explains that John Steele had access to his e-mail and possibly John Steele.)

Admittedly, there are slight differences between the role that Mr. Gibbs stated that he played in Dkt. 44.2 in the instant Sunlust case and Dkt. 52 in the Ingenuity case. *See attached* Exhibit "C" for both documents for ease of comparison. The Defendant accepts the words of Brett Gibbs as truthful, with all seeming contradictions aside. The contradictions within the statements of Gibbs are indications of an eventual truth coming to light- not a fundamental deception. He has decided to expose the actors that he was referring to in his previous affidavit, and show that the managment of the litigation in this case was handled by both John Steele and Paul Hansmeier. *See attached* Exhibit "B" Transcript from *Ingenuity 13 v. John Doe*, Case No.: 2:12-CV-8333-ODW-JC (CD Cal.) March 11th, 2013, (pg. 74, Gibbs discusses his "of counsel" role to John Steele and Paul

Hansmeier, that he had weekly meetings where John Steele and Paul Hansmeier would call him.")

Upon the belief that the newly specific statements of Mr. Gibbs are the truth, Defendant believes that the relevant case law shows good cause to withdraw that portion seeking sanctions against Mr. Gibbs, who was acting as merely as go-between for the managers and litigation decision makers of Illinois attorney John Steele and Minnesota attorney Paul Hansmeier.  Brett Gibbs, has departed from Prenda Law, Inc. in both spirit and association, or "of counsel" relationship.

The Defendant, upon good faith belief that Brett Gibbs performed only certain secretarial functions in this litigation and did not make the decision to offer Mark Lutz as the corporate representative at the hearing, withdraws that portion of requested relief of sanctions imposed against Brett Gibbs in Defendant's Omnibus Motion for Sanctions (Dkt. #31) and that any sanction worthy activity of Brett Gibbs should be properly directed at Illinois John Steele and Minnesota attorney Paul Hansmeier as his Prenda Law managers in this action.

*Inherent Power of the Court*

As it is beyond the Defendant's control, Defendant has made no promises to either party that sanctions will not be imposed judicially for their actions in the event that the court finds that they should be sanctioned based upon the facts of the case.  The purpose of this filing is to make the court aware of the Defendant's satisfaction in the resolution of two pending matters before this court.  Specifically, all sanctions previously requested- sanctions against Prenda Law, Inc., Paul Duffy, and John Steele are not intended to be waived by this notice.

Dated this April 11th, 2013.

        Respectfully submitted,
        Graham W. Syfert, Esq.,P.A.

        By: s/ Graham W. Syfert
           Graham W. Syfert (39104)
           FL/GA Attorney at Law
           1529 Margaret St, Unit 2
           Jacksonville, FL 32204
           Phone: (904) 383-7448
           Fax: (904) 638-4726
           graham@syfert.com

    I HEREBY CERTIFY, that a true and correct copy of the foregoing was sent by e-mail to attorney for the Plaintiffs, Matthew Wasinger, mattw@wasingerlawoffice.com, and to attorney for the Non-parties Prenda Law, Brett Gibbs, Paul Duffy and John Steele, kyanes@kmf-law.com, this 11th of April, 2013.

        By: s/ Graham W. Syfert
           Graham W. Syfert (39104)