# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### TAMPA DIVISION

| | |
|---|---|
| SUNLUST PICTURES, LLC, ) | |
| ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 8:12-CV-1685-MSS-MAP |
| v. ) | |
| ) | *Wednesday, May 01, 2013* |
| TUAN NGUYEN, ) | |
| ) | |
| ) | |
| Defendants, ) | |

## DEFENDANT TUAN NGUYEN'S OMNIBUS MOTION FOR SANCTIONS, THIRD MOTION FOR SANCTIONS AGAINST JOHN STEELE, FIRST MOTION FOR SANCTIONS AGAINST PAUL HANSMEIER, AND SECOND MOTION FOR SANCTIONS AGAINST PAUL DUFFY

Defendant, Tuan Nguyen, by and through undersigned counsel, moves for additional monetary sanctions for the preparation of this document against John Steele, Paul Hansmeier, and Paul Duffy pursuant to 28 USC § 1927, Rule 11, and the courts inherent power to issue sanctions, and states in support thereof that jurisdiction is proper because of the actions impact within the State of Florida and these proceedings before this Court and states further that:

### THIRD MOTION FOR SANCTIONS AGAINST JOHN STEELE

*First motion for sanctions pending at Dkt. 31, Second at Dkt. 46.*

### John Steele's Florida Residence

1. Attorney John Steele has previously stated in his affidavit of December 21, 2012 that he resides in Las Vegas, Nevada.  Dkt. 40-5, pp. 1.

2.  Sometime in the two month gap between the filing of that Affidavit and March 8th, 2013, John Steele's residence again became the State of Florida.  *See attached* Exhibit "A" (filed in *AF Holdings v. Does,*  2:12-CV-08333-ODW-JC (C.D. Cal.)

3.  On February 24th, John Steele took advantage of his Florida citizenship and filed a complaint against an individual by the name of Alan Cooper and attorney Paul Godfread, alleging defamation regarding various and sundry internet comments which were made regarding Prenda Law.  This lawsuit was supposedly about damages to his business and reputation, despite the fact that he is essentially retired to the State of Florida.  *See attached* Exhibit "B" complaint from Miami-Dade Circuit Court, *John L. Steele v. Alan Cooper, Paul Godfread, et. al.*, 13-CA-6880 (removed to Federal Court 1:13-CV-20744-JAL)(later dismissed).   John Steele has now appeared *pro se* before this court requesting sanctions against defendant and Defendant's attorney.  Dkt. 51.

## Perjury

*"I have no involvement with case 8:12-cv-1685-T-35MAP."*

4.  Attorney John Steele has previously swore to this court that he had "no involvement" with the instant case.  Dkt. 40-5,  pp. 6.

5.  John Steele's statement directly conflicts with the Affidavit of Brett Gibbs, stating that he was directed in his actions by both John Steele and Paul Hansmeier.  Dkt. 49-1.

6.  John Steele has committed perjury by his sworn statement that he had no involvement with this case.

7.  Counsel for the Defendant has filed two bar complaints against John Steele, the first for opening up a Steele|Hansmeier, PLLC branch office in Miami which resulted

in Dkt. #31, pp. 16-18, Exhibit D (John Steele's Florida affidavit of no UPL) and the sham sale of Steele|Hansmeier to Prenda Law.

8.  The second bar complaint against John Steele (for impersonating Florida attorney Robert Balzebre who is a business partner of his in an entity called Sierra Investment Partners LLC)  was met with a response through counsel on January 26, 2012, explaining that John Steele's presence at Prenda Law was solely in the capacity as a client.  *See attached* Exhibit "C" (letter from David Raben to Florida Bar, also stating that Prenda Law in Florida is comprised of attorney Joseph Perea and paralegal Mark Lutz).

9.  On January 29th (but dated January 20th, 2012), after the sale of Steele|Hansmeier, PLLC to Prenda Law a court status report was filed in the Western District of Kentucky where contact information on Prenda Law letterhead was given for Paul Duffy, John Steele, and Paul Hansmeier as the managers of an attorney named Raphael Whitford.  *See attached* Exhibit "D" (filed in 3:11-CV-00491-JGH W.D. Ky.).

Both Paul Duffy and John Steele's listed numbers are identical and have a Miami, Florida area code while Mr. Hansmeier's number is located in Minneapolis - St. Paul, Minnesota.  There is no Illinois address at all on this document.

10.  Even without being asked, John Steele, has consistently and fervently denied any involvement with any practice of law within the State of Florida or his persistence and presence within this state while he was/is practicing law.  *See* Dkt. 28, p. 12 (in response to the court's inquiry "Who are you?" John Steele states that he's an attorney not involved in this case),  p. 19, ln. 6-8 (in response to the Courts inquiry of where Sunny Leone is located, John Steele stated that he no longer actively practices law), p. 19, ln. 15-21 (when asked if he has a bar license within the State of Florida, John Steele wants

"to make very clear to this Court that [he is] not purporting in any way to be a licensed attorney in the State of Florida.") [sic]  His volunteering and embellishment of information in response to questions is odd, seemed to have been done for his own purposes, and it is clear that what was on his mind at the time of the hearing was his fear of being caught committing unlicensed practice of law within Florida.

11.   John Steele's role as manager in this case, as well as many other cases throughout the country, was: to negotiate settlements (and/or oversee Mark Lutz, or other agents, making settlements), to make the decision to sue, to hire local counsels, to secure and contact clients, to make the decision to dismiss defendants, and to draft dismissals and non-technical motions and form pleadings for filing by local counsels in the many and various states.  Mr. Steele was essentially in charge of the office front-end-communications with the public regarding settlements (with Mark Lutz as paralegal), and rarely drafting documents which required original customized legal substance.

12.   John Steele has multiplied these proceedings- and his perjury, lies, and half-truths have lead to the necessity of further investigation and the filing of this motion.

## Current Position and Statements of Attorneys in this Case

13.   Attorneys Matthew Wasinger and Jonathan Torres state that they were hired by Brett Gibbs of Prenda Law in this matter.  Dkt. 28, p. 5, ln. 23 (Torres stating "I was contacted by Brett Gibbs to be local counsel to appear on behalf of Prenda Law."), *see generally* Dkt. 43 (Wasinger stating that he was reporting to Prenda Law and Brett Gibbs).

14.   After initial obfuscation of the management of Prenda Law, Brett Gibbs has now come forward and stated that he was reporting to Prenda Law's "senior members"

John Steele and Paul Hansmeier.  Brett Gibbs has not denied his role as educator or secretary for the Florida cases and has stated that he has no recollection of ever talking to Paul Duffy regarding this case until after the November 8th order requiring "a principal of Prenda Law" to attend.

15.  Paul Duffy, the purported principal of Prenda Law, has stated to the court that he did not have any knowledge concerning any documents filed with this court, and had no knowledge of any contents of any document.  Dkt. 40-3, p. 2, number 12.

16.  Paul Duffy's statement to the court that he did not know about any of the litigation is reinforced by the Affidavit of Brett Gibbs.  Dkt. 49-1.

17.  In attempts to thwart any sanctions, John Steele and Paul Hansmeier may point to George Banas (the original filing attorney, *see e.g.* Dkt. 1), Joseph Perea (Paul Duffy's ex-partner in Prenda Law), or Brett Gibbs.  However, any admission of knowledge or to claim superior knowledge in who created the documents, who decided to file, and who decided when to settle and when to dismiss cases, would just go further to implicate that those actions were taken at their direction.

### Similar Positioning of Other Cases Nationwide

*(Duffy, Steele, Hansmeier, plead Fifth Amendment to Questions Regarding Prenda Law Litigation Management)*

18.  Prenda Law attorneys Paul Duffy, John Steele, and Paul Hansmeier, all recently appeared at a hearing and plead the fifth amendment to questions about ownership interest of AF Holdings.  They also elected to take the fifth regarding the creation of a very questionable assignment agreement bearing the signature of Alan

Cooper as the purported owner of AF Holdings.  *See generally AF Holdings v. Does,* 2:12-CV-08333-ODW-JC, (C.D. Cal.), Dkt. 93 (transcript of proceedings held 3/11/13).

19.  Because counsel for the Defendant has now reviewed the contents over 600 litigation documents drafted by Prenda Law throughout the country, he feels comfortable with the assertion that other clients wholly aligned with Prenda Law are the entities: VPR Inc., d/b/a VPR Internationale (AKA "Viper"), Ingenuity 13, LLC, Livewire Holdings, LW Systems, AF Holdings, and the Trust named "Salt Marsh" (which is supposedly separate and distinct from anyone within Saltmarsh family that has social ties to Steele's family).  *Contra attached* Exhibit "C" (letter from David Raben to Florida Bar, stating that John Steele's presence at Prenda Law is solely as a large client of Prenda).

20.  In California, and now all over the country, Prenda Law has been unable to produce a true human behind AF Holdings, other than Alan Cooper (who denies any involvement), and Mark Lutz (after they had a scramble to explain AF Holdings), and more recently in Georgia, a Trust named Salt Marsh which seems to have the ability to sign documents in its own name.  *See AF Holdings v. Patel,* 2:12-cv-00262, Dkt. 20-2 (N.D. Ga.) (Faulty affidavit of Mark Lutz (lacking date) replying to a motion for sanctions against Prenda Law and John Steele and Paul Hansmeier), *AF Holdings v. Navasca*, 3:12-CV-02396, Dkt. 76, p.8  (N.D. Cal) ("Salt Marsh" the Trust somehow signed an ADR certification using the name "Salt Marsh" for the signature as owner of AF Holdings).  *Compare* Dkt. 51 (stating that Lutz is the owner of AF Holdings and Ingenuity 13 despite the fact that John Steele, Paul Hansmeier, and Paul Duffy recently took the 5th amendment with relation to these exact same issues in *AF Holdings v. Does* 2:12-CV-08333).

21.  The marked difference between the scenarios of AF Holdings nationwide and Sunlust in this case is that Sunlust appears to be a genuine entity, while AF Holdings appear to be an arm of whatever firm Prenda Law is operating under- most recently the Duffy Law Group.

22.  In the years 2010- 2013, the legal practitioners of John Steele and Paul Hansmeier have operated a bittorrent investigation company (6881 forensics) and conducted litigation and collection under the names of Steele Law Firm, Steele|Hansmeier, PLLC, Media Copyright Group, MGCIP, Prenda Law, Inc., Livewire Holdings, Inc., Joseph Perea, P.A., Alpha Law Firm (Minnesota), and Anti-Piracy Law Group, and the Duffy Law Group.

## Steele's Pro Se Motion for Sanctions against the Defendant

23.  Defendant moves for additional sanctions against John Steele for his filing of a motion for sanctions against Defendant Tuan Nguyen and attorney Graham W. Syfert. Dkt. 51.

### Retainer Agreements Present a New Fraud on the Court

24.  This filing contains retainer agreements which were supposedly made when the Prenda Law letterhead contained two addresses.  At all times prior to and up until at least February 29th, 2012, from its creation, the Prenda law letterhead contained both the address of 161 N. Clark and the address of 1111 Lincoln Rd. Suite 400, Miami Beach FL 33139. *Id.*

25.  In Dkt. 51, Mr. Steele uses this previous Prenda law address as his business address for service, 1111 Lincoln Rd, Miami.

26.   The bar complaint filed against Paul Duffy in Florida by the undersigned, concerned a letter sent out on Prenda Law letterhead.  A true and correct copy of the letter sent by Defendant's counsel to the Florida bar is attached as Exhibit "E" (signed by an Illinois attorney, Paul Duffy, and sent out from Florida by Joseph Perea).

27.   This demand letter was supposedly authored by Prenda Law approximately 15 days after the retainer agreement attached to John Steele's *pro se* motion.  *Compare* *E*xhibit "E" (attached dated December 2nd, 2011 with both Illinois and Florida addresses and phone numbers) Exhibit "D" attached, (absent any mention of Illinois address) and Dkt. 51, pg. 5 (dated November 15th, 2011 with only an Illinois address and no Florida references).

28.   A letterhead absent the Miami office information was not in use by Prenda Law on 9/15/2011.  One of the core reasons for the creation of Prenda Law was the maintenance and support of John Steele who was then living and is now living within the State of Florida.  All letters from the date of Prenda creation, until Joseph Perea leaving the firm, contained both the Illinois and Florida addresses of the Prenda Law offices.

29.   The letters of representation regarding an unrelated case and an unrelated Plaintiff are a further fraud upon this court perpetrated by John Steele and were fraudulently created for the purposes of litigation as they were created after September 15th, 2011.

### *Affidavit of Mark Lutz a New Fraud on the Court*

30.   In Dkt. 51, John Steele presents the affidavit of Mark Lutz, which discusses Ingenuity 13 and AF Holdings as well as the instant case.

31. The affidavit of Mark Lutz at Dkt. 51 was created by John Steele for presentation to this court in an effort to avoid sanctions.

32. As an attorney skilled in such matters and with incredible cunning, John Steele purposefully omitted the required county of the execution of the affidavit to avoid charges of perjury against Mark Lutz by presenting a faulty affidavit that fails to meet the requirements of section 117.05(4)(a), Florida Statutes.

33. John Steele purposefully urged Mark Lutz to lie in the affidavit to spin a story that does not hold up based on previous testimony already gathered under oath in this case. *Compare* Dkt 51, pg. 19 ("I know the owner of Sunlust Pictures, Daniel Webber, and have spoken to him and his wife, Sunny Leone, multiple times in the past." (again misspelling the name of "Daniel Weber")); Dkt. 28, pg. 15 (in response to "Who owns Sunlust?" Mark Lutz states "I don't know.")

34. John Steele further hopes/hoped to dovetail this affidavit into an explanation for the ownership of AF Holdings and Ingenuity 13. He does this in an effort to influence cases nationwide in an effort to perpetrate a fraud upon this court and other courts around the country with similar positioning. *Compare* Dkt. 28, pg. 17 (Court: "Do you know Mr. Duffy?" Lutz: "Not personally, no." Court: "Is he your lawyer?" Lutz: "He is not my attorney.") Dkt. 28, pg. 13 (directly after mentioning Mr. Gibbs, the court asks Mr. Lutz "Who is your lawyer" Mr. Lutz responds and states "Prenda Law is one of them . . .") Dkt. 51, pg. 22 (Lutz signs retainer agreement with Paul Duffy, who assigns Brett Gibbs) Dkt. 51, pg. 19 ("I became a client of Prenda Law on or around November 2011 when I signed a retainer agreement between my new adult companies that I had been building.

The retainer agreement made it clear that Mr. Gibbs would be handling all of my cases nationwide.")

35.  By presenting the Affidavit of Mark Lutz, John Steele has further multiplied these proceedings and attempted to suborn perjury.

<u>Time Spent on this Motion</u>

36.  The misrepresentations before the court and written perjury of John Steele in relation to this case have inexorably multiplied the proceedings.  Counsel for Defendant has expended 24.2 hours reviewing the publically available dockets relating to Steele|Hansmeier, PLLC and Prenda Law, eventually finding Exhibit "D" as evidence that John Steele was in a management position with Prenda Law despite his claims to the contrary.   Counsel for Defendant expended 8.6 hours of time in drafting this motion and obtaining the Affidavit of Brett Gibbs (Dkt. 49-2) and such drafting would not have been necessary if this information- so contradictory to the statements of Mr. Steele- was simply made readily available when problems arose in this case.

WHEREFORE the Defendant requests that the Court issue additional sanctions against John Steele in the amount of $8200.00.

**FIRST MOTION FOR SANCTIONS AGAINST PAUL HANSMEIER**

37.  The affidavit of Brett Gibbs states that Steele and Hansmeier were both directing his actions in this case and overseeing this instant litigation.  Dkt. 49-2.

38.  Defendant moves the court for an additional award of sanctions against attorney Paul Hansmeier, for his actions in directing this litigation, based upon the representations of Brett Gibbs.

39.  Paul Hansmeier's role as manager in this case, as well as many other cases throughout the country, was:  to provide template documents for use by Prenda law counsels, to draft any motion, memorandum, or pleading requiring extensive research or citation, to produce documents necessary to the litigation, to make the decision to sue, to hire local counsels, to make the decision to dismiss defendants, to speak with his brother peter regarding IP addresses gathered, to prepare documents for filing by local counsels in the many and various states, and to communicate with John Steele and Mark Lutz regarding dismissals of Defendants after settlement.   Mr. Hansmeier was essentially in charge of the office back-end, drafting documents that required substance.

40.  Mr. Hansmeier's inclusion in this motion for sanctions is based on the attached Exhibit "D" (Kentucky case status listing Prenda attorneys),  Dkt. 49-2 of the instant case (Affidavit of Brett Gibbs stating that he reported to both Steele and Hansmeier in this case), and Dkt. 40-4, p. 8 (where Gibbs e-mailed Torres re: Potential bar complaints against Syfert and blind carbon copied both Paul Hansmeier and John Steele).

41.  Based upon the statements of Mr. Gibbs in his testimony before the California court it stands to reason that the Steele|Hansmeier business structure has consistently remained and remains intact, operating under whatever banner, law firm, corporate entity, or trust, that is not yet besmirched.  *See generally* Dkt. 49-2.

<u>Metadata of Prenda Law Documents</u>

42.  Previously the Defendant has raised the issue of Metadata before conceding the point that the metadata present on the file is not necessarily indicative of user

identification.   Dkt 31, p. 4; Dkt. 46 (admitting that it is possible and likely that "Kerry

Eckenrode's" computer was sold to Paul Duffy).

    43.  It is with the utmost irony that most of the spreadsheets containing IP

addresses of potential Defendants in these matters nationwide initially came from a

computer user with the name of Sir Frances Drake- long deceased.

    Sir Frances Drake is best known due to our Anglo-Saxon historical perspective as

an explorer.  However, while flying under the banner of England, Drake committed

atrocities against the Spanish in the Spanish Americas.  *The North American review*, Vol

48, p. 133 (ed. Jared Sparks, et. al. Jan 1839).  He was considered an explorer by the

English, and considered a pirate by the Spanish.  *Id.*  However one commentator noted

regarding Sir Francis Drake:

> "Piracy is too tender a name for those brutalities.  Drake referred his
> own acts to the *inducement* of personal revenge, though the *object*
> was mere avarice.  Whether Drake had any cause for personal
> resentment, is easy to judge by the  facts."  *Id.* p. 134 (emphasis not
> added) (*compare* Dkt. 16, pg. 3 of the instant case).

    Although both Steele and Hansmeier have hired local counsels to handle Prenda

law cases, they have always generally directed the actions of those counsels, provided

them with the information necessary to file the complaint, and served as a buffer so that

clients need not be contacted or bothered by their multiple local counsels.  In essence, the

trust of the client (where there happened to be a legitimate client) was put into the hands

of both Steele and Hansmeier.  In bringing this case, both Steele and Hansmeier did so to

the inducement of personal revenge, even though the object was mere avarice.

    44.  The response to Defendant's motion to dismiss used the same "SH" document

author and because this is a "back-end" document containing legal substance which much

be customized to fit a particular motion, this document was likely created by Paul Hansmeier.  Dkt. 16 (stating that Defendant was making "a multitude of baseless, irrelevant and personal attacks upon Plaintiff and Plaintiff's counsel" and "Defendant's Motion is an affront to the dignity of the Court and of the legal system generally" and "Plaintiff's Counsel Was Not "Duped" Into Pursuing These Cases" and countless other statements that have multiplied these proceedings), *contra* Dkt. 43 and the facts established by the entire record in this matter.

WHEREFORE the Defendant requests that the Court issue additional sanctions against Paul Hansmeier, requesting that he shall bear all the same liability as John Steele for the full amount of any award of attorneys' fees against Sunlust, for joint and several liability for all monetary sanctions awarded against John Steele for his role as co-manager in making decisions with Steele, and an award for his drafting of documents associated with this suit and conspiring with John Steele to bring the instant action.

## SECOND MOTION FOR SANCTIONS AGAINST PAUL DUFFY

*First motion for sanctions pending at Dkt. 31.*

45. Regardless of lack of knowledge of the proceedings, Paul Duffy acted as the principal lawyer of the Prenda Law firm and therefore should share liability for the actions of the attorneys that he was allegedly supervising under the Prenda Law umbrella- including Mr. Steele, Mr. Hansmeier and Mr. Gibbs.  Paul Duffy has acted in concert to delay and otherwise stymie this courts understanding of the issues, in this case and around the country.

46.  Paul Duffy let John Steele and Paul Hansmeier use his name and his corporation to continue their operations in Florida undeterred after the bar complaint filed

by the undersigned counsel on or about September 15th, 2011 that resulted in Dkt. #31, pp. 16-18.

47. Prior to Prenda Law's existence, but after the September 15th complaint against Steele, Paul Duffy was filing cases for Steele|Hansmeier client Hard Drive Productions, in the District of Columbia under the name of the Duffy Law Group. *Hard Drive Productions, Inc. v. Does 1-1,495*, 1:11-CV-01741-JDB-JMF (D. D.C.), Dkt. 1, filed September 27th, 2011.

48. While John Steele was confronted with the bar complaint for the opening of a Steele|Hansmeier Miami branch, John Steele and Paul Hansmeier and Paul Duffy conspired to create Prenda Law, where the management structure would be identical to Steele|Hansmeier in every way. *See* 2:12-CV-08333-ODW-JC, Dkt. 58, pg. 3, pp. 5. (C.D. Cal)(Brett Gibbs describes the transition from Steele|Hansmeier to Prenda Law with John Steele and Paul Hansmeier still making management decision).

49. Paul Duffy has unreasonably multiplied proceedings through his affidavit (filed at Dkt. 40-3) by failing to simply state with candor who was responsible for the activities in this case.

50. Paul Duffy worked in concert with John Steele and Paul Hansmeier to commit all of the acts complained of in every motion for sanctions and was a willing accomplice to both John Steele and Paul Hansmeier in multiple frauds upon this court.

WHEREFORE the Defendant requests that the Court issue additional sanctions against Paul Duffy in the amount of $8200.00, requesting that he shall bear joint and several liability with John Steele for the full amount of any award of attorneys' fees

against Sunlust, for all monetary sanctions awarded against John Steele, and for his role

as manager of the decision making of Steele and Hansmeier.


Wednesday, May 01, 2013.


Respectfully submitted,
Graham W. Syfert, Esq.,P.A.


By: s/ Graham W. Syfert
    Graham W. Syfert (39104)
    FL/GA Attorney at Law
    1529 Margaret St, Unit 2
    Jacksonville, FL 32204
    Phone: (904) 383-7448
    Fax: (904) 638-4726
    graham@syfert.com

       I HEREBY CERTIFY, that a true and correct copy of the foregoing was sent by e-mail this day, to attorneys for the non-parties, kyanes@kmf-law.com, and by e-mail to Paul Hansmeier, prhansmeier@wefightpiracy.org, prhansmeier@6881forensics.com, prhansmeier@thefirm.mn, Minneapolis MN this Wednesday, May 01, 2013.


By: s/ Graham W. Syfert
    Graham W. Syfert (39104)


       I HEREBY CERTIFY, that pursuant to local Rule 3.01(g) that the moving party has conferred with local counsel about the sanctions motion against John Steele, and Paul Duffy.  Hansmeier, being a non-party and unrepresented, and his phone number being disconnected and his firm website being gone, was not consulted due to impossibility.


By: s/ Graham W. Syfert
    Graham W. Syfert (39104)