# EXHIBIT E



December 2, 2011

**VIA U.S. MAIL**

Re: AF Holdings LLC v. John Does 1-162
1:11-cv-23036-FAM,

Dear            :

Prenda Law Inc. has been retained by AF Holdings LLC to pursue legal action against people who illegally downloaded their copyrighted content (i.e., "digital pirates"). Digital piracy is a very serious problem for adult content producers, such as our client, who depend on revenues to sustain their businesses and pay their employees.

On ___ June 2011 (UTC), our agents observed the IP address with which you are associated illegally downloading and sharing with others via the BitTorrent protocol the following copyrighted file(s):

**Sexual Obsession**

The ISP you were connected to:

Your IP Address you were assigned during your illegal activity:

We have received a subpoena return from your ISP confirming that you are indeed the person that was associated with the IP address that was performing the illegal downloading of our client's content listed above on the exact date(s) listed above.

On August 23, 2011 we filed a lawsuit in United States Federal Court in the Southern District of Florida against several anonymous digital pirates (AF Holdings LLC v. John Does 1-162). Under the Federal Rules of Civil Procedure, our lawsuit against you personally will not commence until we serve you with a Complaint, which we are

Fax: 312.893.5677
Fax: 305.748.2103
161 N Clark St., Suite 3200, Chicago, IL 60601
1111 Lincoln Rd., Suite 400, Miami Beach, FL 33139
Tel: 312.880.9160
Tel: 305.748.2102

www.wefightpiracy.com

prepared to do if our settlement efforts fail. While it is too late to undo the illegal file sharing associated with your IP address, we have prepared an offer to enable our client to recover damages for the harm caused by the illegal downloading and to allow both parties to avoid the expense of a lawsuit.

Under the Copyright Law of the United States, copyright owners may recover up to $150,000 in statutory damages (in cases where statutory damages are applicable, which may or may not be the case here) per infringing file plus attorney's fees in cases, whereas here, infringement was willful. In it least one case where the Copyright Law has been applied to digital piracy and statutory damages were applicable, juries have awarded over $20,000 per pirated file. During the RIAA's well-publicized campaign against digital music piracy, over 30,000 people nationwide settled their cases for amounts ranging from an average of $3,000 to $12,000. More recently, on December 22, 2010, a case in which a defendant was accused of illegally downloading six works via BitTorrent, a settlement was reached for $250,000.

In light of these factors, we believe that providing you with an opportunity to avoid litigation by working out a settlement with us, versus the costs of attorneys' fees and the uncertainty associated with jury verdicts, is very reasonable and in good faith.

In exchange for a comprehensive release of all legal claims in this matter, which will enable you to avoid becoming a named Defendant in our lawsuit, our firm is authorized to accept the sum of **$3,400.00** as full settlement for the claims. This offer will expire on _____. If you reject our settlement offers, we expect to serve you with a Complaint and commence litigation.

To reiterate: if you act promptly you will avoid being named as a Defendant in the lawsuit. You may pay the settlement amount by:

Mailing a check or money order payable to "Prenda Law Inc. Trust Account" to:

**Prenda Law Inc.
1111 Lincoln Rd., Suite 400
Miami Beach, Florida 33139**;

Completing and mailing/faxing the enclosed payment authorization to:

**Prenda Law Inc.
1111 Lincoln Rd., Suite 400
Miami Beach, Florida 33139
Facsimile: (305) 748-2103**.

Be sure to reference your case number and your "Ref#" on your method of payment. Regardless of your payment method, once we have processed the settlement, we will mail you your signed Release as confirmation that your payment has been processed and that you have been released from the lawsuit.

Please consider this letter to constitute formal notice that until and unless we are able to settle our client's claim against you, we demand that you not delete any files from your computer or any other

*Legal Correspondence – Settlement Purposes Only – Not Admissible Under FRE 408*

computers under your control or in your possession. If forced to proceed against you in a lawsuit, we will have a computer forensic expert inspect these computers in an effort to locate the subject content and to determine if you have deleted any content. If in the course of litigation the forensic computer evidence suggests that you deleted media files, our client will amend its complaint to add a "spoliation of evidence" claim against you. Be advised that if we prevail on this additional claim, the court could award monetary sanctions, evidentiary sanctions and reasonable attorneys' fees. If you are unfamiliar with the nature of this claim in this context, please consult an attorney.

<u>We strongly encourage you to consult with an attorney to review your rights in connection with this matter</u>. Although we have endeavored to provide you with accurate information, our interests are directly adverse to yours and you should not rely on the information provided in this letter for assessing your position in this case. Only an attorney who represents you can be relied upon for a comprehensive analysis of our client's claim against you.

Enclosed, please find a Frequently Asked Questions sheet, a payment authorization form and a sample of the Release that you will receive. We look forward to resolving our client's claim against you in an amicable fashion, through settlement.

Sincerely,

*[signature]*

Paul A. Duffy
Attorney and Counselor at Law

Enclosures