UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUNLUST PICTURES LLC,

      Plaintiff,              Case No. 8:12-CV-01685-MSS-MAP

     v.

TUAN NGUYEN,

      Defendant.

_____/

## MEMORANDUM OF NON-PARTY PAUL HANSMEIER IN OPPOSITION TO DEFENDANT TUAN NGUYEN'S OMNIBUS MOTION FOR SANCTIONS, THIRD MOTION FOR SANCTIONS AGAINST JOHN STEELE, FIRST MOTION FOR SANCTIONS AGAINST PAUL HANSMEIER, AND SECOND MOTION FOR SANCTIONS AGAINST PAUL DUFFY

Paul Hansmeier ("Respondent") hereby respectfully submits this opposition to Defendant Tuan Nguyen's Omnibus Motion for Sanctions, Third Motion for Sanctions Against John Steele, First Motion for Sanctions Against Paul Hansmeier, and Second Motion for Sanctions Against Paul Duffy. Doc. 52. The Court should deny Defendant's motion as to Respondent because the Court lacks personal jurisdiction over him and because Defendant's motion has not identified a valid legal basis for sanctions to issue.

### BACKGROUND

The relevant background in this case has been summarized in the various responses filed by the Non-Parties. *See* Docs. 40, 42 and 47. In sum, Defendant appears to have significantly overstepped the Court's invitation for a narrowly-defined scope of sanctions motions. Doc. 28 at 20-21 (inviting motions for a failure to appear, a failure to present an adequate corporate representative and for a lack of candor). To date, Defendant has filed *fifteen* motions for sanctions, Docs. 30 (against Wassinger), 31 (against Prenda Law, Inc., Duffy, Gibbs and Steele),

1

35 (against Sunlust, Prenda, Duffy, Gibbs and Steele), 46 (against Steele), 49 (against Steele) and 52 (against Respondent, Steele and Duffy).

**ARGUMENT**

Defendant's motion lacks citation to a single reported decision and is based entirely on unsubstantiated assertions. The motion does not discuss the legal standards applicable to motions for sanctions under Federal Rule of Civil Procedure 11, 28 U.S.C. Section 1927 or the Court's inherent power. In sum, Defendant seeks to hold Respondent jointly and severally liable for tens of thousands of dollars in monetary penalties, but fails to explain how such a result is warranted, much less possible, under the law.

## I.   The Court Lacks Personal Jurisdiction Over Respondent

The first reason why Defendant's motion for sanctions should be denied is because the court lacks jurisdiction over Respondent. Jurisdiction has not been established over Respondent through service of process. In *McGuire v. Sigma Coatings, Inc.*, the Fifth Circuit addressed a district court's jurisdiction to sanction a non-party attorney who had not appeared in the matter before the court. The non-party in *McGuire* was in-house counsel for a corporation that was represented in the litigation by outside counsel. 48 F.3d 902, 903, 907 (5th Cir. 1995). Just as is true of the Respondent here, the respondent in *McGuire* "had not been served with any document that would satisfy the requirement of formal process" and "was not a party to the case (or the alter ego of a party), nor an attorney in it, nor a member of the district court's bar and thus was not otherwise subject to the district court's jurisdiction." *Id.* at 907.

Accordingly, the district court "did not have jurisdiction to sanction" the attorney. *Id.* at 908. The fact that the non-party attorney had actual notice of the litigation did not cure the district court's lack of jurisdiction over him; "formal notice of contemplated action, or the waiver

2

of notice by voluntary appearance, is part of the due process limitations on federal courts' jurisdiction." *Id.* at 907. Here, the Court has not acquired personal jurisdiction over the Respondent by service of process, and the Respondent have not waived and does not waive formal process.[1]

Further, Respondent objects to this Court's exercise of personal jurisdiction over him. Even if he had been properly brought before the Court, the Court would lack personal jurisdiction over him due to his lack of contacts with the State of Florida. Respondent neither resides nor owns property in Florida and does not practice law in Florida. He accordingly falls outside Florida's long-arm jurisdictional statute. Fla. Stat. § 48.193. Moreover, it is the burden of the party seeking to invoke the Court's jurisdiction over another person to allege sufficient facts to make a prima facie case of personal jurisdiction over that person, and to produce evidence supporting jurisdiction if jurisdiction is challenged. *United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). The Defendant has neither alleged nor proven facts establishing the Court's jurisdiction over Respondent.

---

[1] The sanctions motion itself is procedurally defective in that it was not properly served. As set forth in the motion's certificate of service, it was served on Respondent only by e-mail. Doc 52 at 15. No provision of the Federal Rules allows for the service of a paper on a nonparty via e-mail. *See generally* Fed. R. Civ. P. 4, 4.1(a), 5. Further, even where e-mail is a permissible means of service, it may be employed only if the recipient has consented in writing to service by e-mail. Respondent has not consented and does not consent to service via e-mail. Finally, the sanctions motion was filed in violation of Local Rule 3.01, which requires Defendant to confer with the opposing party in a good faith effort to resolve the issues raised by the motion. While Defendant has falsely claimed that Respondent was unavailable for a conference before filing his motion, this false representation (even if true) does not excuse his failure. Local Rule 3.01(g). A motion for attorney's fees filed by Defendant's counsel was previously denied on these very grounds.

## II.    Even if the Court Could Consider the Motion for Sanctions, it Should be Denied on the Merits.

Even if the Court could properly consider Defendant's motion for sanctions against Respondent, the motion should be denied on the merits. Sanctions are not appropriate under Federal Rule of Civil Procedure 11, 28 U.S.C. Section 1927 or the Court's inherent powers.

### A.    Sanctions are not warranted under Federal Rule of Civil Procedure 11

Defendant brings his motion for sanctions in part under Federal Rule of Civil Procedure 11. Doc. 51 at 1. Defendant's Rule 11 motion suffers from several fatal procedural defects: First, a Rule 11 motion must be made separately from any other motions. Fed. R. Civ. P. 11(c)(2). Here, Defendant's motion was combined with motions for sanctions against Respondent under 28 U.S.C. Section 1927 and the Court's inherent power as well as motions for sanctions against John Steele and Paul Duffy. *See* Doc. 51 at 1. Second, a motion for sanctions under Rule 11 must be served 21 days before its filing with the Court. Fed. R. Civ. P. 11(c)(2); *see also Saldibar v. Delray One, Inc.*, No. 07-80608, 2008 WL 3540518, at *2 (S.D. Fla. Aug. 12, 2008) (holding that a party may have to serve opposing counsel with a sanctions motion in the middle of a jury trial in order to comply with the safe harbor even though doing so would be inconvenient). This was not done here—in fact, Defendant's motion has not yet even been served. Finally, a Rule 11 motion must describe specific conduct that allegedly violates Rule 11(b). Defendant's motion does not attempt to link any of Respondent's alleged conduct with any aspect of Rule 11(b). Each one of these procedural shortcomings serves as an independent basis on which to deny Defendant's Rule 11 motion.

Further, Defendant states no credible basis on which to find that Respondent violated Rule 11. The only specific allegations misconduct Defendant makes against Respondent are as follows: "Defendant requests that the Court issue additional sanctions against Paul Hansmeier ...

for his role as co-manager in making decisions with Steele, and an award for his drafting of documents associated with this suit and conspiring with John Steele to bring the instant action." Doc. 51 at 13. Leaving aside the fact that Defendant has failed to provide any evidence to demonstrate that Respondent drafted the documents in this case or conspired with John Steele to bring this action (not even Gibbs' new declaration makes these claims), and leaving aside the fact that the record completely rebuts Gibbs' new declaration, even if taken as true these acts would not constitute a Rule 11 violation.

Rule 11 is violated if a paper is filed for an improper purpose or if a paper is frivolous. Fed. R. Civ. P. 11(b). There is no evidence in the record to show that the action was brought for an improper purpose or that it was frivolous. As the complaint in this matter makes clear, Plaintiff is a small business that is being devastated by digital piracy. *See also* Doc. 44-1 at 3. There is nothing improper with bringing a lawsuit to protect intellectual property rights. Further, Defendant has made no showing that this action is frivolous. Respondent is unable to identify any document in the record where Defendant even denies infringing Plaintiff's copyrighted work.

Finally, it seems clear that Defendant's motion itself violates Rule 11. First, the motion for sanctions was apparently brought for an improper purpose. Defendant has been filing motions in this case to satisfy his attorney's personal grudge against Steele and others. Further, as set forth in this subsection, Defendant failed to satisfy Rule 11's mandatory procedural requirements and failed to set forth proper factual grounds for his motion.

### B.    Sanctions are not warranted under 28 U.S.C. Section 1927

Defendant brings his motion for sanctions in part under 28 U.S.C. Section 1927. Doc. 51 at 1. Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

As an initial matter, Defendant fails to cite to any authority for the proposition that a non-party attorney who is not counsel of record in a matter may be subject to sanctions under Section 1927.

Further, Defendant states no credible basis on which to find that Respondent unreasonably or vexatiously multiplied this litigation. "In order for § 1927 to be applicable, there must be a causal connection between the objectionable conduct of counsel and multiplication of the proceedings." *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997). Accordingly, "objectionable conduct – even 'unreasonable and vexatious' conduct – is not sanctionable unless it results in proceedings that would not have been conducted otherwise." *Id.* Defendant has not identified any proceedings resulting from the conduct identified in his motion that would not otherwise have taken place. The only party who has multiplied these proceedings is Defendant, who has filed fifteen sanctions motions—far more than the Court's invitation for three.

**C.      Sanctions are not warranted under the Court's inherent authority**

There is conflicting authority regarding whether federal district courts may sanction non-parties pursuant to their inherent authority. *United States v. City of Detroit*, 2010 WL 53326953, *3 (E.D. Mich. 2010); *see e.g., In re VIII So. Mich. Assocs.*, 175 B.R. 976, 982 (Bkrtcy. N.D. Ill. 1994) (court's inherent authority to impose sanctions "should be limited to parties and their counsel"). The Eleventh Circuit has not addressed this issue. *ANZ Advanced Technolgies, LLC v. Bush Hog, LLC*, 2012 WL 715099, *9 (S.D. Ala. 2012).

6

Courts that have held that sanctions may be imposed on non-parties have limited such impositions to non-parties who "(1) have a substantial interest in the outcome of the litigation and (2) substantially participate in the proceedings in which he interfered." *ANZ Advanced Technologies, LLC,* 2012 WL 715099 at *9; *Feldman v. Davidson*, 2009 WL 995473, *2 (S.D. Fla. 2009); *Helmac Products Corp. v. Roth (Plastics) Corp.*, 150 F.R.D. 563, 568 (E.D.Mich.1993). Further, "[a] finding of bad faith conduct or of fraud is necessary for a court to invoke its inherent powers to impose sanctions." *In re VIII So. Mich. Assocs.*, 175 B.R. at 982 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50-51 (1991)).

As discussed above, no conduct here warrants the imposition of sanctions. Even if there had been such conduct, however, and assuming for the purposes of argument that the Court has the authority generally to sanction non-parties under some circumstances, those circumstances are not present here. The maximum alleged extent of Respondent's involvement was managing the conduct of Brett Gibbs. The Court did not invite a motion for sanctions regarding Brett Gibbs' conduct. Further, Defendant has withdrawn his motion for sanctions against Gibbs. Defendant does not appear to continue to believe that Brett Gibbs engaged in sanctionable conduct. Thus, Defendant has no good faith basis to pursue sanctions against Respondent.

**III.    The Gibbs' Declaration Should be Disregarded**

Defendant's sole factual basis for connecting Respondent to this matter (and thus his motion for sanctions) is the April 11, 2013, Gibbs declaration. The Court should disregard the Gibbs declaration because it is inconsistent with the record and because it was it was procured through an undisclosed offer of settlement.

### A.    The Gibbs declaration is inconsistent with the record

The Gibbs declaration is inconsistent with the prior record. Nowhere in the prior record was Respondent mentioned by any participant to the proceedings. Only after Defendant made an undisclosed offer of settlement in exchange for the new declaration was Respondent's participation alleged.

The declaration is inconsistent with the testimony of attorney Jonathan Torres at the November 27, 2012 hearing. *Compare* Doc. 28 at 5 ("I was contacted by Brett Gibbs to be local counsel to appear on behalf of Prenda Law") *with* Doc. 49-1 at 2 ("I believe it was Mr. Steele that was responsible for locating the various Florida counsel to handle the litigation in Florida on behalf of Prenda Law.").

It is also inconsistent with the comments of John Steele at the hearing. *Compare* Doc. 28 at 12 ("I'm not an attorney with any law firm right now, but I have worked with Mr. Duffy in the past and I am certainly familiar with this litigation just because I've been involved in many different cases like this in the past. THE COURT: But not this case? MR. STEELE. Correct.") *with* Doc. 49-1 (claiming that Mr. Steele was heavily involved in the instant matter).

It is also inconsistent with the response to motion for sanctions filed by attorney Matthew Wassinger. *Compare* Doc. 33 at 5 ("The undersigned relied in good faith on the representations made by Prenda Law and Brett Gibbs… . On October 3, 2012, I sent an e-mail to Mr. Gibbs advising him of my intention to withdraw… ."); *with* Doc. 49-1 at 2 (describing Messrs. Steele and Hansmeier as handling Florida counsel on behalf of Sunlust).

It is also inconsistent with the affidavit of John Steele, which Gibbs joined in his response to Defendant's first motion for sanctions. *Compare* Doc. 40-5 (disclaiming involvement in the instant case) *with* Doc. 49-1 (claiming that Mr. Steele was heavily involved in the case).

It is also inconsistent with the affidavit of Sunlust principal Daniel Webber. *Compare* Doc. 44-1 (Prenda Law, Inc., who directly represents us in copyright infringement cases in other states, helped us find an attorney in the Middle District to file this case) *with* Doc. 49-1 at 2 (claiming that Prenda Law directly hired attorneys in Florida).

It is also inconsistent with Gibbs' response to Defendant's motion for sanctions. *Compare* Doc. 40 at 4 ("Mr. Gibbs assisted Sunlust in this matter by locating and assisting Sunlust to retain counsel in Florida.") *with* Doc. 49-1 at 2 ("I believe it was Mr. Steele that was responsible for locating the various Florida counsel to handle the litigation in Florida on behalf of Prenda Law.").

Most significantly, it is inconsistent with Gibbs' prior declaration. *Compare* Doc. 40-4 at 2-37 (describing his extensive communications with attorneys Banas, Wasinger and Torres, describing his roles as an "advisor and educator" to Prenda Law's clients, as the person who helps Prenda's clients "retain counsel to bring lawsuits in other states" and the person who "occasionally help[s] lead counsel prepare documents including motions and responses to facilitate lawsuits representing their clients.) *with* Doc. 49-1 (describing Messrs. Steele and Hansmeier as the individuals who performed all of these tasks).

Defendant acknowledged the inconsistencies between Gibbs' original and new testimony. *See* Doc. 49 at 4 ("The Defendant accepts the words of Brett Gibbs as truthful, with all seeming contradictions aside. The contradictions within the statements of Gibbs are indications of an eventual truth coming to light - not a fundamental deception.").

**B.    The declaration is the product of an undisclosed settlement**

Syfert approached Gibbs on April 2, 2013, with an offer of settlement. Specifically, Syfert told Gibbs, "I want [you] to sign an affidavit stating that it was 'Person X, at Prenda Law

[sic] directed by [sic] activities in the Sunlust v. Nguyen cases [sic] filed in Florida." Syfert further stated, "If [you] sign an affidavit stating who specifically at Prenda Law directed [your] actions in the Sunlust Florida cases [sic], I will withdraw the motion for sanctions against [you] and ask for no money to be awarded." Syfert made obvious whom he wanted "Person X" to be, "I will use it all ... to show that John Steele lied about his involvement in this case, and that he directed Brett Gibbs's actions." Syfert's message to Gibbs was clear: point to Steele and Respondent and he would release Gibbs from this matter. In fact, Syfert explained in his draft motion for sanctions against Respondent that he had spent 4.6 hours "obtaining and reviewing and negotiating the content of the Affidavit of Brett Gibbs and such document and negotiations would not have been necessary if ....." Suffice it to say, negotiated testimony should carry far less weight than arms-length testimony.

**IV.   Defendant's Fee Request is Unsubstantiated and Excessive**

In order to preserve judicial economy and avoid redundant argument Respondent joins the response of the Non-Parties, Doc. 42, to Defendant's motion for attorney's fees. Doc. 33. In addition, Respondent respectfully notes that Defendant has established no fact and has identified no legal basis for holding Respondent jointly and severally liable for the alleged acts of others in this matter.

[signature page follows]

## CONCLUSION

For the reasons described herein, Defendant's motion for sanctions against Respondent should be denied.

Respectfully Submitted,

Paul Hansmeier
*pro se*
c/o Alpha Law Firm LLC
80 S. 8th St. Ste 900
Minneapolis, MN 55402
612-234-5744
prhansmeier@thefirm.mn

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of May, 2013, I filed the foregoing with the Clerk of Court, who will electronically file the foregoing and send a notification of such filing to all parties registered with the Court's ECF/CM system.

Paul Hansmeier