FILED

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

13 MAY 17 AM 9: 15

MIDDLE ... ... ... ... FLORIDA
TAMPA, FLORIDA

SUNLUST PICTURES LLC,

      Plaintiff,

      v.

TUAN NGUYEN,

      Defendant.

_____/

Case No. 8:12-CV-01685-MSS-MAP

**PLAINTIFF SUNLUST PICTURES, LLC'S OPPOSITION TO DEFENDANT TUAN
NGUYEN'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS**

Defendant Tuan Nguyen moved for an award of attorney's fees and costs against Plaintiff
Sunlust Pictures LLC. Doc. 35. Defendant's motion should be denied for at least three reasons:
(1) the motion is procedurally defective; (2) even if the Court could properly hear the motion, it
should be denied on the merits; and (3) the costs and fees requested are unsubstantiated and
excessive. The Court should deny Defendant's motion for the reasons set forth below.

**I.   THE MOTION FOR ATTORNEY'S FEES AND COSTS IS PROCEDURALLY
     DEFECTIVE**

Defendant's motion should be denied because it fails to comply with Middle District of
Florida Local Rule 3.01(g). Local Rule 3.01(g) requires a moving party to confer with counsel
for the opposing party in a good faith effort to resolve the issues raised by the motion and to file
a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2)
stating whether counsel agree on the resolution of the motion. Defendant did not file the required
certification. *See generally* Doc. 35. Another motion for attorneys' fees filed by Defendant's
counsel in this District was denied for its failure to comply with Local Rule 3.01(g). *See* Order,
*First Time Videos, LLC v. Paul Oppold*, No. 6:12-cv-01493 (M.D. Fla. Dec. 10, 2012), Doc 32.

1

## II. EVEN IF THE COURT COULD CONSIDER THE MOTION FOR COSTS AND FEES, IT SHOULD BE DENIED ON THE MERITS

Even if the Court could properly consider Defendant's motion for costs and fees, the motion should be denied on the merits. Defendant fails to establish that the extreme sanction of dismissal is warranted under the circumstances. Further, an award of costs and fees is not warranted under Federal Rules of Civil Procedure 11 or 54, 28 U.S.C. Sections 1920 or 1927, or the Court's inherent authority. Finally, Defendant is not eligible for an award of costs and fees under the Copyright Act.

### A. Defendant Fails to Establish that the Sanction of Dismissal Is Warranted Under the Circumstances

Because the motion for attorney's fees and costs is premised on the Court's dismissal of Sunlust's complaint, the question of whether the sanction of dismissal was warranted under the circumstances is a threshold issue with respect to Defendant's motion for costs and fees. "The severe sanction of dismissal – with prejudice or the equivalent thereof – should be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff." *McKelvey v. AT&T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (internal citations omitted). Defendant's motion does not address these issues. Sunlust address them below.

### 1. Defendant fails to establish that Mr. Lutz was not an adequate representative of Sunlust.

Sunlust's case was dismissed as a sanction for failing to tender an adequate representative. *See* Doc. 37. While the Court made it clear at the November 27, 2012, hearing that it did not consider Mr. Lutz to be an adequate representative of Sunlust, the decision to request that Mr. Lutz represent Sunlust at the hearing was made in good faith. Sunlust is a small operation, both of whose principals unavailable on the date of the hearing. Doc. 44-1, ¶¶ 2, 4, 5. Because Mr. Lutz has extensive knowledge of the facts underlying this matter, it was believed

that he was an appropriate person to serve as a representative for Sunlust at the hearing on the motion to dismiss. *Id.* ¶¶ 5-7. While it appears that the Court intended that Sunlust appear at the hearing through an officer or principal of the company, Doc. 28 at 20, the Court's order did not so specify. Doc. 17. Instead, it required that "a representative of Plaintiff" attend the hearing. *Id.* Undersigned counsel has not found in the case law a consensus regarding the meaning of the term "representative" such that a reader would necessarily assume that a "representative" required to attend a hearing on a motion to dismiss must be a principal or officer of the company, or even an employee of the company. Black's Law Dictionary definition "representative" to mean "[o]ne who stands for or acts on behalf of another." Black's Law Dictionary 1416 (9th ed. 2009).[1] That is what Mr. Lutz was asked to do here.

While the Court found in its dismissal order that Mr. Lutz, "had no knowledge of the company and had no authority to speak on behalf of the company," Doc. 37 at 4, Mr. Lutz testified that he had authority to speak on behalf of the company and did, in fact, possess this authority. Doc. 28 at 20; Doc. 44-1 ¶ 6.[2] Further, Mr. Lutz had extensive knowledge of the issues raised in Defendant's motion to dismiss.[3] Doc. 40 Ex. A ¶ 7. Defendant fails to show otherwise.

---

[1] In the context of corporate depositions, an organization may designate, "officers, directors, or managing agents, or . . . other persons who consent to testify on its behalf." Fed. R. Civ. P. 30(b)(6). The designated individual need not be able to bind the company to any legal contracts. Nor does the designated representative have to have knowledge outside the scope of the noticed topics. *See Great Am. Ins. Co. v. Vegas Constr. Co., Inc.*, 251 F.R.D. 534, 539 (D. Nev. 2008). In sum, a company has a duty to make a good faith, conscientious effort to designate appropriate persons and prepare them to testify fully and non-evasively about the noticed subjects. *Great Am.*, 251 F.R.D. at 540. Mr. Lutz was authorized and able to testify as to the matters raised in Defendant's motion to dismiss. Doc. 40 Ex. A ¶¶ 6-7.

[2] The only other testimony at the November 27, 2012, hearing regarding Mr. Lutz's authority was Mr. Lutz's testimony that he was not "authorized to bind the company to any legal contracts." Doc. 28 at 15. This issue is separate and distinct from the issue of Mr. Lutz's authority to testify on Sunlust's behalf.

[3] Mr. Lutz's lack of knowledge regarding the identities of Sunlust's president, vice president or secretary is explainable by the fact that Sunlust is closely-held limited liability company with two principals, Doc. 40 ¶ 2.

Defendant's motion for costs and fees should be denied because he failed to demonstrate that Mr. Lutz was not an adequate representative of Sunlust.

### 2. Defendant fails to establish that lesser sanctions would not suffice.

Defendant fails to establish that lesser sanctions would not suffice. "Dismissal represents the most severe sanction available to a federal court, and therefore should only be exercised where there is a showing of bad faith and where lesser sanctions will not suffice." *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 1999). Even if Mr. Lutz was not an adequate representative, lesser sanctions would have been adequate. For example, Defendant might have moved for his costs and fees associated with attending the hearing. *See, e.g., G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1998) (affirming sanction of the costs and attorneys' fees incurred in attending a hearing where the opposing party failed to appear). Defendant made no showing that Sunlust acted in bad faith or that lesser sanctions would not suffice. Further, Defendant made no showing of the persistent pattern of misconduct that is a prerequisite to the sanction of dismissal.

Defendant's motion for costs and fees should be denied because he failed to demonstrate that the sanction of dismissal was appropriate under the circumstances.

### 3. Defendant fails to establish that the November 27, 2012, hearing should have taken place in the absence of Sunlust's counsel.

The sanction of dismissal was premised on the events that took place, and the testimony that was given, at the November 27, 2012 hearing. *See* Doc. 37. Sunlust's counsel mistakenly failed to attend the hearing. Doc. 27. As a result, Sunlust had no opportunity to present an affirmative case for the qualifications of its representative, to raise objections to the Court's questioning of its representative and others, or to object to the unsworn factual assertions made by Defendant's counsel.

Defendant fails to establish that it was appropriate for this hearing to proceed in the absence of Sunlust's counsel. A civil litigant has a constitutional right, deriving from due process, to the assistance of retained counsel in a civil case. *See, e.g., Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1117 (5th Cir. 1980) ("[T]he right to retain counsel in civil litigation is implicit in the concept of fifth amendment due process."); *see also Powell v. State of Ala.*, 287 U.S. 45, 68-69 (1932) (holding that a court should not deny an individual "the right to the aid of counsel when desired and provided by the party asserting the right."). In the absence of Plaintiff's counsel, the hearing should have been terminated to protect Plaintiff's right to be represented by its counsel. At that stage the Court might have issued a show cause order regarding an appropriate sanction for counsel's failure to appear.

Defendant's motion for costs and fees should be denied because Defendant failed to show that going forward with the motion to dismiss hearing in the absence of Sunlust's counsel comported with Sunlust's constitutional due process rights.

### B. Defendant Fails to Establish that an Award of Costs and Fees Is Warranted Under Federal Rules of Civil Procedure 11 or 54, Under 28 U.S.C. Sections 1920 or 1927 or the Court's Inherent Authority

Defendant purports to bring his motion under several different statutes and rules, but limits arguments to the Copyright Act. *See generally* Doc. 35. Out of an abundance of caution Sunlust addresses the grounds identified – but not argued – in Defendant's motion.

### 1. Federal Rule of Civil Procedure 11.

An award of costs and fees is not appropriate under Federal Rule of Civil Procedure 11 for several reasons. First, none of the prerequisites to Rule 11 have been satisfied: Defendant's motion was not brought separately from other motions, Defendant did not comply with Rule 11's safe-harbor provisions, and the motion does not identify a Rule 11(b) basis for sanctions.

Further, Rule 11 applies only to attorneys and unrepresented parties who present a document to the court by signing, filing, submitting, or advocating it. Rule 11(b). Sunlust did not present a pleading or paper to the Court in this action within the meaning of Rule 11(b).

## 2. Federal Rule of Civil Procedure 54.

Federal Rule of Civil Procedure 54 merely states the procedure for recovering costs and attorney's fees. *See* Federal Rule of Civil Procedure 54. The Rule does not provide an independent basis for recovering attorney's fees. *Id.*

## 3. 28 U.S.C. Sections 1920 and 1927.

The first of the statutes Defendant cites, 28 U.S.C. Section 1920, delineates recoverable costs. It does not provide a basis for recovering attorney's fees. Further, Defendant fails to establish that his costs are recoverable under the statute. The second statute cited, 28 U.S.C. Section 1927, pertains to counsel's liability for excessive costs. Sunlust did not serve as counsel in this action.

## 4. The Court's inherent authority.

Defendant does not identify a basis for to Court to exercise its inherent authority to award costs and fees. Nor does such a basis exist. The Court has already imposed the "most severe sanction available to a federal court..." *Flury*, 427 F.3d at 944. It follows that the Court has reached the outer limits of its inherent authority with respect to imposing sanctions.

## C. Defendant Is Not Eligible for an Award of Costs and Fees Under the Copyright Act

Defendant is not eligible for an award of costs and fees under the Copyright Act. Under the Copyright Act, a court may award a prevailing party its reasonable attorney's fees only if the "imposition of fees will further the interests of the Copyright Act." *Mitek Holdings, Inc. v. Arce Engineering, Co., Inc.*, 198 F.3d 840, 842 (11th Cir. 1999); *see also Fogerty v. Fantasy, Inc.*, 510

U.S. 517, 526-28 (1994) (discussing the propriety of attorney's fees under the Copyright Act in light of the Act's policy goals). The Copyright Act aims "to stimulate artistic creativity for the public's ultimate good." *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 156 (1975). "It is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible." *Fogerty*, 510 U.S. at 527. "To that end, defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." *Id.* The policies of the Copyright act are furthered if a successful claim or defense increases public exposure to a creative work. *See id.*

The instant action has not furthered – much less implicated – the interests of the Copyright Act. The substance of every motion filed by Defendant involved allegations regarding Prenda Law, Inc., its attorneys, and Mr. Steele, not the merits of Sunlust's copyright claims. Alleged procedural misconduct has no relevance to the Copyright Act – a point that Defendant concedes.[4] *See* Doc. 35 at 3 ("Due to the dismissal for fraud on the court at a very early stage, *no factual determinations were made regarding the Plaintiff's actual claim of copyright infringement*) (emphasis added).

Because no factual determinations on Sunlust's copyright claims were made, the policy goals of the Copyright Act have not been furthered in this action. Defendant offers no basis to conclude that Sunlust's copyright infringement claim against Defendant Nguyen was anything but meritorious. The Supreme Court has recognized the peril posed by digital piracy. *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 928 (2005) (citing the concern "that digital distribution of copyrighted material threatens copyright holders as never before.').

---

[4] Indeed, the Court already addressed Sunlust's alleged misconduct by dismissing Sunlust's complaint as a sanction.

The enforcement efforts of companies like Sunlust further the goals of the Copyright Act by reversing the "disdain for copyright protection [brought about by mass-digital piracy]." *Metro-Goldwyn-Mayer Studios, Inc.*, 545 U.S. at 929. Defendant fails to cite to any case that would support an award of fees under the circumstances here. Defendant's motion for costs and fees should be denied.

### III. Defendant's Fee Request is Unsubstantiated and Excessive

Even if Defendant was entitled to an award of costs and fees, he would still be required to submit a claim that is substantiated and reasonable. Defendant's fee request here is unsubstantiated and excessive. First, Defendant fails to overcome the strong presumption against enhancement of the lodestar amount. Second, Defendant fails to exclude from his fee request numerous hours that are excessive, redundant, or otherwise unnecessary. Third, Defendant's fee request should be reduced because he has obtained limited success.

### A. Defendant fails to overcome the strong presumption against enhancement of the lodestar amount

Defendant asserts that a 40% lodestar enhancement is justified. Doc 35 at 10-15. Defendant's argument fails because Defendant failed to establish any of the factors the United States Supreme Court set forth in *Perdue v. Kenny A. ex rel Winn*, 130 S. Ct. 1662 (2010).[5] "There is a strong presumption that the lodestar figure is reasonable." *Id.* at 1673. This presumption may be overcome in certain circumstances, but these "circumstances are indeed rare and exceptional and require specific evidence." *Id.* at 1674 (citing *Blum v. Stenson*, 465 U.S.

---

[5] Defendant's lodestar enhancement request is analyzed under the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974), which consist of twelve factors that provide very little actual guidance to district courts. *Perdue*, 130 S. Ct. at 1671. "An alternative, the lodestar approach, was pioneered by the Third Circuit in *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (1973)." The lodestar approach achieved dominance in the federal courts in 2002 and "since that time" has "become the guiding light of ... fee shifting jurisprudence." *Perdue*, 130 S. Ct. at 1673. Defendant's use of the *Johnson* factors is inapposite.

886, 897 (1984)). An enhancement of the lodestar is appropriate when a moving party presents specific proof that: (1) the lodestar calculation does not adequately measure the attorney's true market value; (2) an attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted; or (3) an attorney's performance involves exceptional delay in the payment of fees. *Id.* at 1674-1675.

As to the first factor, Defendant admits that "this particular case required no excessive legal skill." Doc. 35 at 11. Defendant further acknowledges that "the experience, reputation and ability of the attorneys ... is essentially figured into the lodestar amount by the hourly rate of $250/hour." *Id.* at 13. Defendant thus concedes that no upward enhancement is appropriate under the first *Perdue* factor. As to the latter two factors, Defendant makes no attempt to demonstrate an extraordinary outlay of expenses, exceptionally protracted litigation, or an exceptional delay in the payment of fees. In sum, Defendant's showings do not come close to overcoming the "strong presumption that the lodestar figure is reasonable." *Perdue*, 130 S. Ct. at 1673.

### B. Defendant failed to exclude from his fee request numerous hours that are excessive, redundant, or otherwise unnecessary

Defendant "should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Defendant failed to exclude from his fee request numerous hours that are excessive, redundant, or otherwise unnecessary. This warrants substantial reductions to his request. Doc. 35 at 16-18. For example, Defendant's counsel billed two hours for issuing a form letter of representation, billed at his full rate for transportation and various clerical tasks, and double-billed certain tasks. *Id.* Further, Defendant's counsel billed 1.9 hours for the entry, "Review of the film Goddess, notes on sunny leone"—essentially seeking to be reimbursed for watching

Plaintiff's copyrighted work. *Id.* at 16. Finally, Defendant's counsel billed for many tasks that were associated with his efforts to gain a litigation advantage through threats of bar complaints. *Id.* at 16-18. These costs should be excluded from Defendant's request for fees because they were not reasonably expended. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) ("the district court also should exclude from this initial fee calculation hours that were not reasonably expended."). As set forth in Exhibit A to the Non-Parties' response to Defendant's motion, a downward adjustment to the lodestar by 16.8 hours is warranted. Doc. 42-1.

Further, any hours the attorneys would not bill to their client may not be charged to their adversary. *Hensley*, 461 U.S. at 434; *see also Copeland v. Marshall*, 641 F. 2d 880, 891 (D.C. Cir. 1980) ("Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."). Defendant's attorney claims to have attained $10,194.90 in legal fees and costs, but provides no evidence that Defendant was actually billed for this amount. In this area of practice attorneys regularly charge a flat fee for representation. An award in excess of a flat fee amount would constitute an improper windfall for his participation in this matter. It is Defendant's burden to demonstrate the propriety of a fee request, including by demonstrating client invoicing, not Sunlust's.

**C. Defendant's fee request should be reduced because he has obtained limited success**

After determining the correct amount of hours actually expended by Defendant's counsel, the Court can reduce the hours claimed by the number of hours "spent litigating claims on which the party did not succeed and that were 'distinct in all respects from' claims on which the party did succeed." *Institutionalized Juveniles v. Sec. of Pub. Wel.*, 758 F.2d 897, 919 (3rd Cir. 1985). If the result was excellent, then the court should compensate for all hours reasonably

expended. *Popham v. City of Kennesaw,* 820 F.2d 1570, 1578 (11th Cir. 1987). If the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive. *Hensley,* 461 U.S. at 436-37. In doing so, the court may attempt to identify specific hours spent in unsuccessful claims or it may simply reduce the award by some proportion. *Id.* A reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole. *Norman v,* 836 F.2d at 1302.

Defendant's success in this case is highly limited. First, the Court did not dismiss the case pursuant to the arguments raised in Defendant's motion to dismiss, but instead did so because "Plaintiff and Plaintiff's counsel violated this Court's Order when they failed to appear at the hearing set by this Court." Doc. 37 at 4 (citing *Equity Lifestyle Props., Inc. v. Florida Mowing and Landscape Serv., Inc.,* 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."). Indeed, Defendant explains that the Court's dismissal was not in regards to the merits of Plaintiff's claims. Doc. 35 at 3 ("Due to the dismissal for fraud on the court at a very early stage, no factual determinations were made regarding the Plaintiff's actual claim of copyright infringement."). Defendant did not succeed on any his claims and is, therefore, not entitled to be compensated for bringing them. *Institutionalized Juveniles,* 758 F.2d at 919.

## CONCLUSION

For these reasons, Defendant's motion for sanctions should be denied.

Date: May 17, 2013

Respectfully submitted,

By: _____

Frederick W. Heath Esquire
The Law Offices of Frederick W. Heath
4302 Henderson Blvd, Suite 200
Tampa, FL 33629
Phone: 813-253-3634
E-mail: chipperheath@hotmail.com
Florida Bar No.: 0194395

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2013, I hand delivered the foregoing with the Clerk of the Court. All counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document via email.

_____
Frederick W. Heath